UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

NOV 3 0 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ PD _____Deputy

N.S., by and through his )
parents, J.S. and R.S., )
                        )
    Plaintiffs          )
                        )
vs.                     )
                        )
ANCHORAGE SCHOOL DISTRICT, )
                        )
    Defendant           )   Case No. A05-0177 CV (JKS)
_____)

## NOTICE OF MOTION AND MOTION TO EXTEND DISCOVERY DEADLINE

COMES NOW, the Plaintiffs, in the above captioned matter, and consistent with D.Ak. LR 7.1 and the Scheduling and Planning Order of September 22, 2005, gives notice of filing a Motion for Extension of the Discovery Deadline and hereby requests that the Court extend the deadline for discovery in this matter and submits the following in support of their motion:

1. Plaintiffs received the Court's Scheduling and Planning Order on September 27, 2005.

2. The Scheduling and Planning Order indicates that expert witness disclosures must be made ninety (90) days before the close of discovery.

3. The close of discovery is December 15, 2005.

4. Ninety days before the close of discovery would have been September 16, 2005, 11 days before the Schedule and Planning Order was issued.

5. Because the deadline for disclosure of experts would have been 11 days before the issuance of the Scheduling and Planning Order it was

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

13

impossible for Plaintiffs to make disclosures in accordance with the Scheduling and Planning Order.

6. Plaintiffs have contacted the Defendant to request agreement for an extension of the discovery deadline. See Ex. A of Affidavit of Sonja Kerr.

7. Defendants have declined to agree to an extension of the discovery deadline. See Ex. B of Affidavit of Sonja Kerr.

WHEREFORE, Plaintiffs respectfully request a discovery conference with the Court to extend the discovery deadline or an order extending the discovery deadline at least one month (January 15, 2006).

Dated this 30th day of November, 2005.

Sonja D. Kerr, 0409051
Disability Law Center

Certificate of Service

I hereby certify that on the 30th day of November 2005, a true and correct copy of this document was served by fax and mail on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002          Fax 907-565-1000
1-800-478-1234

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S.,<br><br>    Plaintiffs<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>    Defendant | Case No. A05-0177 CV (JKS) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXTEND THE DISCOVERY DEADLINE

The Plaintiffs in this matter seek an extension of the discovery deadline pursuant to D.Ak. LR. 7.1 and the Scheduling and Planning Order issued by this Court on September 22, 2005.

### FACTS

Plaintiffs received the Scheduling and Planning Order on September 27, 2005. Pursuant to the Scheduling and Planning Order, discovery is to close on December 15, 2005. Also the disclosure of expert witnesses is to be made ninety days before the close of discovery. Ninety days before December 15, 2005 would have been September 16, 2005, eleven days before the Plaintiffs' received the Court's Scheduling and Planning Order.

Plaintiffs contacted the Defendant on November 16, 2005 to request an agreement to extend the discovery deadline. See Ex. A of Affidavit of Sonja Kerr. On November 18, 2005, Defendant responded that it would not agree to an extension of the December 15, 2005 discovery deadline. See Ex. B of Affidavit of Sonja Kerr.

Plaintiffs' Memorandum in Support of    Page 1 of 3
Motion to Extend Discovery Deadline
Case No. A05-0177 CV (JKS)

## ARGUMENT

The Ninth Circuit has held that discovery deadlines may be extended. See *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). The Court in *Wong* addressing a motion for extension of the discovery deadline held, "Deadlines must not be enforced mindlessly, of course. Sometimes there may be good reason to permit an identification of additional witnesses after the established deadline. The pretrial order at issue here took that into account and itself established the standard for seeking relief from the order." *Id*.

In the current instance, this Court also addressed the issue of continuing discovery in its Scheduling and Planning Order stating "If expert witnesses or other fact discovery is not completed by the dates specified above, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished."

Currently, discovery in this matter has not been completed and Plaintiffs do not anticipate that discovery can be completed by the discovery deadline of December 15, 2005. Here, Plaintiffs conferred with the Defendant and requested an agreement to extend the discovery deadline. See Ex. A of Affidavit of Sonja Kerr. The Defendant declined to agree to an extension of the discovery deadline. See Ex. B of Affidavit of Sonja Kerr. Therefore, Plaintiffs unfortunately must seek to extend the discovery deadline through its Motion to Extend the Discovery Deadline.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

## CONCLUSION

For the reasons set forth above, Plaintiffs request that a discovery conference be held with the Court or that the discovery deadline be extended until January 15, 2006.

Dated: November 30, 2005              Respectfully submitted,

*Sonja D. K*
Sonja D. Kerr, 0409051
Disability Law Center of Alaska

**Certificate of Service**
I hereby certify that on the 30th day of November 2005, a true and correct copy of this document was served by fax and mail on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

*M. Allison*
Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S., <br><br> Plaintiffs <br><br> vs. <br><br> ANCHORAGE SCHOOL DISTRICT, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. A05-0177 CV (JKS) |

## AFFIDAVIT

Comes now, Sonja D. Kerr and being first duly sworn, deposes and states as follows:

1. I received the Scheduling and Planning Order in this matter on September 27, 2005.

2. According to the timeline set forth in the Scheduling and Planning Order the deadline for disclosure of experts would have been 11 days before the issuance of the Scheduling and Planning Order, therefore making it impossible for Plaintiffs to make disclosures in accordance with the Scheduling and Planning Order.

3. I contacted counsel for Defendant, Brad Owens, on November 16, 2005 regarding an extension of the discovery deadline. A true and correct copy of that correspondence is attached to this Affidavit as Ex. A.

4. On November 18, 2005, I received a letter from Mr. Owens indicating that he would not agree to extend the discovery deadline. A true and correct copy of the correspondence received from Mr. Owens is attached to this Affidavit as Ex. B.

Further, affiant saith not.

Dated this 30th day of November, 2005.

Sonja D. Kerr

Subscribed and swore before me
on this ___ day of November, 2005.



**ANCHORAGE**
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

November 16, 2005

Brad Owens
Jermaine, Dunnagan and Owens
3000 "A" Street, Suite 300
Anchorage, AK 99503

RE:  *N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)

Dear Brad:

Please find enclosed supplemental disclosures in this matter.

I received your email concerning our response to discovery and find it substantially without any merit.

With respect to taking any depositions, I do not see the possibility of same occurring by the end of November, 2005, given your schedule and mine. Please advise if you wish to stipulate to any continuance for purposes of completion of discovery. I expect that if I receive your responses to our discovery by December 11, 2005, we should be able to turn our expert responses around within two months of same.

Very truly yours,

*Sonja D. Kerr*
Sonja D. Kerr
Supervising Attorney
C:    Simmons

MEMBER·OF·THE
NATIONAL
ASSOCIATION·OF
PROTECTION·&
ADVOCACY
SYSTEMS



EXHIBIT A
Page 1 of 1

**JDO**

**Jermain Dunnagan & Owens, P.C.**
LAW OFFICES

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097
TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

WILLIAM K. JERMAIN        DIANE F. VALLENTINE      ERIC J. BROWN
CHARLES A. DUNNAGAN       W. MICHAEL STEPHENSON    SARAH J. JOSEPHSON
BRADLEY D. OWENS          ANDRENA L. STONE         RAYMOND E. GOAD, JR.
RANDALL G. SIMPSON        EUGENIA G. SLEEPER       MICHELLE L. BOUTIN
HOWARD S. TRICKEY         MARK P. MELCHERT         CHERYL MANDALA
GARY C. SLEEPER                                    CAROLINE P. WANAMAKER
SAUL R. FRIEDMAN

SERVING ALASKANS SINCE 1976  

November 18, 2005

Sonja Kerr
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503

RECEIVED
NOV 18 2005

Re:   N.S. v. Anchorage School District
      Case No. A05-0177 CV (JKS)

Dear Sonja:

I have received and reviewed your letter dated November 16, 2005, in the above case. Here are my thoughts and response:

First, you have provided a document entitled "Rule 26 Disclosures Supplement No. 1." I cannot find in my file any initial Rule 26 Disclosures from you. Please provide a copy of the initial disclosures you delivered to me in this case.

Second, I am sorry that your response to my request for clarification and supplemental responses from you was so curt and perfunctory. I expect that I will have to file a motion to compel under these circumstances.

Third, in light of the time and our schedules, please advise me when we can set the depositions I have requested. There are dates available during November 30-December 2 as well as during the week of December 12-15. At this point, any of those days are available for me.

Fourth, I do not foresee any problems completing discovery by the December 15 deadline, nor any need to extend discovery beyond that date, provided we can schedule the depositions as requested above. I will have my responses to your discovery requests to you before December 15.

EXHIBIT _B_
Page _1_ of _2_

Sonja Kerr
November 18, 2005
Page 2


    Finally, concerning your separate request-demand that I stipulate to your hourly rate of $225 as reasonable, I decline to do so. While I believe that an appropriate reasonable rate for your work in these matters is between $150-$200, I will not concede that the rate of $225 an hour is reasonable in this matter. Of course, recognizing that Judge Singleton has accepted that hourly rate for the work you performed in the *Noon* case, I do not expect that your hourly rate will be the area of primary dispute in this case. I think that we both recognize the primary areas of dispute concern the reasonableness and number of the hours and the extent to which your client prevailed.

    In an effort to see if we can resolve this matter, I have enclosed an offer of judgment under Rule 68. I will look forward to receiving a response from you about the depos and the offer.

                                                  Very truly yours,
                                                  Jermain, Dunnagan & Owens, P.C.

                                                  Bradley D. Owens

BDO:jf-w
Enc.
cc:    J. Sjolander

3227.1141 - #111211

EXHIBIT *B*
Page 2 of 2