FILED
DEC 07 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

N.S., by and through his parents )
J.S. and R.S., )
)
      Plaintiffs )    Case No. A05-0177 CV (JKS)
)
vs. )
)    Plaintiffs' Response to Defendants'
Anchorage School District, )    Motion to Compel a Privilege Log
)
      Defendants. )

---

## INTRODUCTION

    N.S. is a minor child who has autism and related learning problems. His parents

filed two complaints with the Alaska State Department of Education and Early

Development contending he had been denied a free appropriate public education. After

the ASD did not implement Corrective Actions issued by DEED, and at the suggestion

of DEED, J.S. and R.S. sought an IDEA due process hearing. The hearing officer

agreed with the family, and awarded substantially all the relief sought by J.S. and R.S.

During the hearing process, the family was represented by the Disability Law Center.

Pursuant to the IDEA, a prevailing family in a due process hearing is entitled to recover

its full attorney fees. The School District has refused to pay such fees, necessitating this

lawsuit.

    The Disability Law Center of Alaska is a non-profit organization whose mission

is to protect the rights of persons with disabilities as Alaska's mandated "protection and

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Case No. A05-0177 CV (JKS)    Page 1 of 10
Plaintiffs' Response to Defendants'
Motion to Compel a Privilege Log



advocacy" office pursuant to federal law. Part of DLC's mission is to assist students with disabilities to obtain the free appropriate public education to which they are entitled under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, *et seq*. At times, this requires DLC to represent these children and their parents in formal administrative hearings known as "due process hearings" before special hearing officers appointed by the Department of Education and Early Development ("DEED"). As a nonprofit organization, DLC does not charge its clients, children with disabilities or their parents, but is entitled to recoup attorneys fees and costs pursuant to the IDEA and its authorizing regulations. DLC does request its clients sign representation agreements which outline in general terms the nature of services to be provided or contemplated, strategies to be employed and other confidential information. The instant case is one in which DLC represented N.S. in an administrative hearing and prevailed. The DLC incurred attorney fees of $12,024.90, which the Defendant, Anchorage School District ("ASD") has refused to pay. Complaint, Par. 18-21; Answer, Par. 9.

The issue of the instant motion is whether Plaintiffs' counsel must provide to ASD a privilege log regarding: 1) the representation agreement between N.S.'s parents and the Disability Law Center ("DLC"), and 2) all representation agreements between the parents of other students that DLC has represented and the DLC ("non-party clients") whose cases have resolved through settlement since June of 2003, including cases arising in districts other than ASD. N.S. and DLC maintain that a privilege log was unnecessary given the context of the present dispute and their initial discovery

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

answers. The initial discovery answers even included "blank" sample copies of the DLC typical representation agreement in this type of case in an effort to satisfy the discovery request. N.S. and DLC also contend that Defendant is not entitled to the actual representation agreements as they are not relevant to the fees dispute since DLC is a non-profit, and the disclosure of same would violate attorney-client privilege, including that privilege as to non-party clients.[1]  Moreover, N.S. and DLC contend that the Motion to Compel a privilege log is moot because such a log has been provided, although it was unnecessary. A brief factual history of the dispute will be helpful to the Court's resolution of this motion.

## FACTS

ASD served First Discovery Requests on September 26, 2005. In this discovery request, ASD demanded a vast amount of material that is largely irrelevant to this fee dispute.[2]  Nonetheless, N.S. timely and carefully responded to the discovery requests within the appropriate timeframe[3]. In the discovery responses, Plaintiff's counsel found it necessary to assert the attorney-client privilege and irrelevancy of the discovery

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

[1]    Defendants also demanded confidential settlement agreements or mediation agreements or hearing officer orders of settlement between other students and various school districts that resolved their educational programs and resulted in modest fee payments to DLC but have not included that issue in their motion to compel.

[2]    Among other demands, ASD asked for "any and all documents that describe any agreement or understanding between DLC and other parents for legal assistance or representation concerning IDEA matters in the two years prior to this suit" (Request No. 7) and "any and all documents showing any complaints that plaintiffs' counsel, Sonja Kerr, has filed in other jurisdictions during the five year period prior to moving to Alaska." (Request No. 25)

[3] Parties agreed to extend until November 4, 2005 responses to the September 26, 2005 requests.

Case No. A05-0177 CV (JKS)                                              Page 3 of 10
Plaintiffs' Response to Defendants'
Motion to Compel a Privilege Log

requests, but did answer each of the requests.

To further assist, Plaintiffs even provided ASD with copies of "blank" or standard representation agreement form that DLC used in this matter. A copy of the Plaintiff's Discovery Responses is attached for the Court's convenience herein as **Ex. 1.** Within the responses, the "blank" representation agreement is found in response to Request No. 1, and internal **Ex. A.**

In response, Defendant's counsel sent an oblique email contending that plaintiffs had filed to file a "privilege log" as to requests 1, 2, 4, 5, 6, 7, 9, 18 and 23. Even a cursory review of the responses to the requests shows that the document about which N.S. and DLC claimed the privilege were the representation agreement between the parents of N.S. and DLC, and in the case of requests number 7, 9, 18, understandings or representation agreements between DLC and non-party clients. With respect to items 2, 3, 5, and 6, DLC explained that DLC clients are not sent bills as DLC does not charge its clients since it is a nonprofit organization. Based on having already explained within the initial responses the difficulty, Plaintiff's counsel promptly responded to the informal email communication indicating that she believed the email was substantially without merit.

On November 18, 2005, Defendant's counsel sent a letter of follow-up. Plaintiff's counsel was out of state at the time on a preplanned vacation from November 18, 2005 until November 28, 2005. Defendant's counsel was well aware of this.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Despite being on vacation, and without access to the file, Plaintiff's counsel responded as best she could to the Defendant's continued insistence about a privilege log by letter of November 22, 2005. **Ex. 2.** Counsel specifically stated:

> "Since you know I am out of town, I expect you will do me the courtesy of waiting until I return to talk regarding any other matters, including any certification pursuant to Local Rule."

Counsel also suggested that Defendant's take another look at the necessity of the instant motion. Defendant's counsel, instead, filed the instant motion to compel with the Court and improperly asserted the DLC had simply refused to file the Certificate of Good Faith.

Defendant's counsel's actions regarding this motion are consistent with its approach on other discovery matters. Defendant's counsel initially refused to agree to a simple extension of the discovery deadline, which would have afforded counsel the opportunity to further discuss these type of matters.[3] Defendant's counsel served notices of depositions of principals in this matter, including counsel herein, again, while Plaintiff's counsel was out of town.

In an effort to solve this situation, Plaintiffs' forwarded two Supplemental Responses to Defendant's First Discovery. **Ex. 3 and 4**. The Plaintiffs' Second Supplemental Response to the Discovery again makes clear that the document(s) at issue are the representation agreement(s), or non-existent documents obviating any need

Case No. A05-0177 CV (JKS)                                              Page 5 of 10
Plaintiffs' Response to Defendants'
Motion to Compel a Privilege Log

for a privilege log *per se.* However, in an effort to satisfy Defendant's concern, Plaintiffs' Second Supplementation contains a privilege log as to the representation agreement for N.S. as well as for the non-party clients. **Ex. 4**.

Plaintiffs invited Defendant's to withdraw the motion to compel after receiving the Second Supplemental responses. **Ex. 5** Plaintiffs also suggested that the parties stipulate to an "in camera" review of the representation agreement for N.S. as a solution if the Defendants still sought production of that representation agreement.  **Ex. 5**.

Defendant has declined to withdraw the motion and apparently also refused the "in camera" solution as to the representation agreement for N.S.

## ARGUMENT

### I.    The Motion to Compel a "Privilege Log" was Unwarranted.

The instant motion requests the Court order the Plaintiffs to provide a privilege log with information sufficient to describe the basis for invoking the attorney-client privilege. See, Defendant's Proposed Order. The Motion to Compel was unwarranted as Plaintiff's initial response to the discovery clearly explained that the document(s) at issue was the representation agreement. Representation agreement(s) are protected, especially where, as here, the Defendant's discovery requests painted with a very broad brush the information sought. *United States v. Horn,* 976 F. 2d 1314, 1317 (9th Cir. 1992); *In re Grand Jury Witness (Salas)*, 695 F. 2d 359, 362 (9th Cir. 1992). The

---

3       Defendants have now stipulated to the discovery timeline extension. See, Non-Opposition to Discovery Deadline, filed December 5, 2005.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

application of the privilege arises here not as to the identity of the payor the fee or the fee arrangements but as to privileged communication which is part of the representation agreement. *In re Osterhoudt*, 722 F.2d 591, 593-594 (9th Cir. 1983). DLC is a non-profit organization whose clients do not pay fees, but DLC's representation agreements center on the expectations of the nature of the services to be provided by DLC, the strategies to be employed, and other confidential information.

The ASD cited to two out of state cases in their motion. Neither are applicable. *Horton v. U.S.*, 204 F.R.D. 670, 673 (D.C. Colo. 2002) discussed the necessity of a privilege log in the context of a third party beneficiary of the attorneys' services in an employment dispute. There is no such third party beneficiary situation here. In *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, (D.C. Ind. 1991), also cited by the Defendant, the Court addressed an issue of disclosure of reports developed by an attorney who was acting as a claims adjuster during the course of the situation. Neither case is on point as to an attorneys' fees situation. The purpose of this litigation is limited solely to a fees petition and thus, the cases simply do not apply.

## II.     The Motion to Compel is Now Moot.

An action is moot where there is no live issue before the Court. See *Di Giorgio v. Lee*, 134 F. 3d 971 (9th Cir. 1998). ASD's proposed order to the Court as well as its memorandum make clear that ASD's motion was to require Plaintiff's to provide ASD with a "privilege log" to afford defendants with "sufficient information to adequately describe the basis ...for every document or material for which it has been invoked." Def.

**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234      Fax 907-565-1000

Memo, pg. 3. Plaintiffs' Initial Responses to the discovery make such a log unnecessary because in the responses Plaintiffs alerted Defendants to the "document or material" which is the representation agreement(s). Plaintiffs even provided a sample of DLC representation agreements to assist Defendant's counsel. While a "privilege log" *per se* was thus unnecessary, to satisfy ASD, Plaintiffs have created same and provided this to the Defendant on December 5th, and 6th, 2005. Ex. 4. Thus, at this juncture, ASD's Motion to Compel is moot.

**III.     The Motion is Limited to the Privilege Log Issue and Disclosure of the Representation Agreement(s) is Not Before the Court.**

Defendants may argue that their Motion to Compel is broader than just demanding the privilege log, and suggest that the Motion requires the Court to order Plaintiffs to disclose the representation agreement(s). This is not clear from the Motion itself but in the interest of judicial economy, and to protect the rights of N.S. and others, Plaintiffs feel compelled to respond to that potential argument. Such disclosure is clearly unwarranted under existing law based upon attorney-client privilege and is so broad as to be completely inappropriate.

As to the present plaintiffs, a reasonable compromise solution as to the N.S. representation agreement(s) is that the Court may conduct an "in camera" review of the representation agreement(s) at issue as to N.S. *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir. 1982).

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234          Fax 907-565-1000

More problematic are the representation agreements of the non-party clients. This information is neither relevant nor likely to lead to relevant information. It may affect the rights of numerous individuals who are not even aware of this lawsuit. At least one of the families has moved out of state. Some of the families do not reside in the Anchorage School District. DLC cannot risk disclosure of such documents as to do so could have an adverse impact on the non-party clients or even other potential clients if such families feel that the attorney-client privilege is not inviolate at DLC. The Court should determine that such representation agreement(s) are not germane to the present dispute at all and deny Defendant's request for any further information about same.

## CONCLUSION

The Court must DENY the Defendant's Motion to Compel a privilege log as moot and deny Defendant access to the non-party clients representation agreements but the Court may conduct an "in camera" review of the representation agreement between the parents of N.S. and DLC.

Respectfully submitted this 7th day of December, 2005.

Sonja D. Kerr, #0409051
Disability Law Center of AK

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

Certificate of Service

I hereby certify that on the _____ day
of August 2005, a true and correct
copy of this document was served by
courier on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

_____
Patti Freeman

**DISABILITY LAW CENTER OF ALASKA**
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234      Fax 907-565-1000

Case No. A05-0177 CV (JKS)                                Page 10 of 10
Plaintiffs' Response to Defendants'
Motion to Compel a Privilege Log