FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 PM 4: 02

Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
(907) 563-8844
(907) 563-7322 (facsimile)
Counsel for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents,<br>J.S. and R.S.,<br><br>    Plaintiff,<br><br>v.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>    Defendant. | Case No. A05-0177 CV (JKS) |

### NOTICE OF FILING SUPPLEMENTAL INFORMATION
### REGARDING MOTION TO COMPEL DISCOVERY

Comes now defendant Anchorage School District, by and through its attorneys Jermain, Dunnagan & Owens, P.C., and gives notice of filing supplemental information pertaining to the Motion to Compel Discovery. Attached hereto as Exhibit 1 is a letter from Disability Law Center of Alaska dated December 13, 2005, and Exhibit 2, which is a letter dated December 15, 2005, from the undersigned in response to the December 13 letter. These letters further discuss the contentions of the parties pertaining to this motion and are offered for consideration by the court.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

19

Dated in Anchorage Alaska this 15th day of December, 2005.

                Jermain, Dunnagan & Owens, P.C.

By: Bradley D. Owens
Alaska Bar #7610122

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December 2005 a copy of the foregoing document was sent by facsimile and first-class mail to the following person:

Sonya D. Kerr
Disability Law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

3227.1141 - #112208

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**Notice of Filing Supp. Information Re: Mtn to Compel Discovery**
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 2







**DISABILITY LAW CENTER OF ALASKA**

**ANCHORAGE**
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

December 13, 2005

DEC 1 4 2005

Ray Goad
Brad Owens
Jermain, Dunnagan and Owens
3000 "A" Street, Suite 300
Anchorage, AK 99503

Via Fax and Mail

RE:   N.S. v. ASD

Dear Ray and Brad:

I've received your Reply to Plaintiffs' Response to Motion to Compel Discovery. I am bringing to your attention certain misleading statements that I request you voluntarily correct for the Court.

On page 2 of your Reply, you state that DLC did not submit to the court for "in camera" review any of the documents that they assert are included." In a cover letter to you and in our response to the motion, we offered "in camera" review. It would be inappropriate for us to forward any such documents to the Court without any order from the Court for same. In addition, forwarding such documents to you would, in fact, defeat the purpose of "in camera" review.

On page 4 of your Reply, you state that DLC improperly invoked the privilege because no documents exist. At Response No. 2, we invoked privilege to the extent necessary, and then stated: "Plaintiff has no knowledge of any other such documents and never received any such documents, other than the representation agreement already discussed in Request No. 1." Thus, we did advise you in our initial response to discovery that no such documents existed other than the representation agreement.

On page 5 of your Reply, you state that DLC improperly invoked privilege because no documents exist. At Response No. 4, we invoked privilege to the extent necessary (as to the term "other materials" in your request), and then stated that Plaintiffs had received copies of letter to counsel regarding fees and costs and that it is "not the practice of DLC to bill clients" and that Plaintiff has no knowledge of any other such documents and never received such documents other than the final billing and statements as referenced above." Thus, again, we did advise you in our initial response to discovery that no such documents existed other than the representation agreement.



MEMBER·OF·THE
NATIONAL
ASSOCIATION·OF
PROTECTION·&
ADVOCACY
SYSTEMS

On page 5 of your Reply, you reference the same arguments for Requests No. 5, and 6.

On page 6 of your Reply, you assert that the fee or representation agreements with other parents both prior to and since the arrival of new counsel are relevant to determine whether any change in representation as occurred and if so, what and why. I do not understand this statement. DLC acknowledges that DLC has changed its rates within the past 18 months and after I joined DLC. Defendant, however, never asked that question, in its discovery requests. Request No. 7 related to documents.

EXHIBIT  /
Page   1   of  2

The only documents in existence would be representation agreements, which do have matters that fall within the privilege. An option for resolution might be that you forward an interrogatory asking the question about our rates and we would be happy to provide you what information we have on that.

On page 7 of your Reply, you assert that DLC failed to provide information about our demands to local education agencies to pay fees. In our Response No. 9, we provided case numbers of these demands, but simply indicated that most of them were in the context of settlement and were therefore, confidential. We also provided you redacted information as to the demands. Thus, your statement that we did not provide any specific explanation of what materials existed is not accurate.

On page 7 of your Reply, you assert that DLC has failed to provide information to the court to determine if a privilege applies within the context of approval for filing for fees. In our Response No. 18, we stated that the representation agreements serve as approval. We provided you a blank copy of that representation agreement in our November 4, 2005 discovery response, which states, in relevant part, " By signing this agreement, Client also authorizes DLC of Alaska to apply for a fee award on Client's behalf."  See, Ex. A, pg. 5. Thus, your statement that we failed to provide information is not true.

On page 8 of your Reply, you assert that DLC did not tell you that Plaintiffs receive no bills or invoices due to the nature of our nonprofit organization. This is untrue. In our original responses to discovery we repeatedly disclosed this. In Response No. 23, we stated: "Plaintiffs did not receive a bill but did review the final billing...Counsel's response is that DLC did not bill nor has DLC demanded any specific costs for the following: paralegal time, copying, faxing, courier." In addition in our Response No. 4 we stated: "..it is not the practice of DLC to bill clients;" in Response No. 5 we stated, " ...due to the nonprofit P and A office nature of DLC, J.S. has no knowledge of any such documents as none were sent to DLC;" in Response No. 6, we stated, "...due to the unique nature of DLC as nonprofit P and A, no such documents exist...;" in Response No. 12, we stated, "Counsel advises that DLC does not charge parents attorneys fees or costs...;" in Response No. 13, we stated, "DLC does not send bills to parents of children entitled to IDEA services."; in Response No. 16; we stated, "...Plaintiff never received a bill...;" in Response No. 17, we stated, "Counsel advises that bills are not sent to parents but parents are aware that a fees petition may follow a hearing.. Plaintiff never received a bill." Thus, your statement to the Court that you were not aware that DLC did not send bills to parents until receiving our supplemental disclosures is simply false.

We suggest you correct these matters by an amended pleading with the Court. If you fail to do so, we will examine our options.

Thank you for your attention to this matter.

Very truly yours,

Sonja D. Kerr
Supervising Attorney
C:    Simmons

EXHIBIT 1
Page 2 of 2



**Jermain Dunnagan & Owens, P.C.**
LAW OFFICES

| | | |
|---|---|---|
| WILLIAM K. JERMAIN | DIANE F. VALLENTINE | ERIC J. BROWN |
| CHARLES A. DUNNAGAN | W. MICHAEL STEPHENSON | SARAH J. JOSEPHSON |
| BRADLEY D. OWENS | ANDRENA L. STONE | MATTHEW SINGER |
| RANDALL G. SIMPSON | EUGENIA G. SLEEPER | RAYMOND E. GOAD, JR. |
| HOWARD S. TRICKEY | MARK P. MELCHERT | MICHELLE L. BOUTIN |
| GARY C. SLEEPER | | CHERYL MANDALA |
| SAUL R. FRIEDMAN | | CAROLINE P. WANAMAKER |

3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503-4097

TELEPHONE (907) 563-8844
FAX (907) 563-7322
E-MAIL info@jdolaw.com

SERVING ALASKANS SINCE 1976

December 15, 2005

Sonja D. Kerr
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage AK 99503

    Re:    <u>N.S. v. ASD</u>

Dear Sonja:

    I received your letter dated December 13 concerning our Reply to your Response to the Motion to Compel Discovery. I want to first respond to your charges and then advise you what I intend to do.

    First, I believe you misread or misunderstood my reply as to the *in camera* review of the documents for which you claim privilege. I believe that the cases require submission <u>to the court</u> for this review of any documents that are in dispute. I do not believe this requires an order from the court, nor did I request or do I believe that you are required to provide copies to me of those documents submitted to the court, as you assert.

    The crux of this dispute has to do with whether you have provided an adequately detailed description of what you claim is privileged and the precise reasons for your claim of privilege as to each document. While you now have at least identified the various documents, you still have not provided any adequate statement of the reasons why each document is covered by some privilege. Part of addressing that is by submission to the court of all documents for which you claim privilege for an *in camera* review.

    Second, as to your complaints that you did provide information in your original responses that there were no documents other than the representation agreement for which you claimed privilege, that is something for the court to determine. We have submitted both the discovery requests and your responses as exhibits and the court is able to review the responses independently of our contentions.

    Third, your claim that various settlement matters are "confidential" does not necessarily preclude discovery of those matters, particularly where they are relevant to amounts claimed or identified by DLC as attorney's fees. Even if they were confidential in the sense of disclosure of personally identifiable information, it would be a simple task to redact such information from such documents so that they could be disclosed. While you did provide redacted copies of



EXHIBIT 2
Page 1 of 2

Sonja D. Kerr
December 15, 2005
Page 2

settlement agreements in two matters, one was from a U.S. District Court settlement that is public information and not privileged at all; the other is from a settlement with ASD. However, our request asks for all documents made by DLC requesting or demanding attorney's fees or costs in any IDEA matters—certainly, I am aware of several matters involving other school districts where that has occurred but that was not disclosed or provided.

As I understand your second concern about page 7 of the Reply, you believe that your original discovery response to Request No. 18 was adequate. I disagree and that is why the matter is before the court. Moreover, my reply correctly states my opinion that you did not provide sufficient information to allow me to assess whether any privilege applies to what has been withheld. We will leave it to the court to resolve this disagreement.

In order to allow the court to fully understand each of our positions in this motion, I intend to file a Notice of Filing Supplemental Information that will include your letter of December 13 and this response letter. In that manner, the court will have all the information that you contend it should have about your responses and my reply, as well as my response to your concerns.

Very truly yours,

JERMAIN, DUNNAGAN & OWENS, P.C.

Bradley D. Owens

BDO:jf-w

cc:   J. Sjolander

3227.1141 - 112222


EXHIBIT 2
Page 2 of 2