

FILED

DEC 16 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S.,<br><br>Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>Defendant. | Case No. A05-0177 CV (JKS)<br><br>O R D E R |

J.S. and R.S.,[1] the parents of N.S., a disabled child, filed this action on his behalf under the Individuals with Disabilites Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.*, against the Anchorage School District ("ASD"). Plaintiff seeks an award of attorney fees. The fees sought are solely for fees incurred at the administrative level. ASD did not appeal the adverse decision of the hearing officer. Plaintiff relies upon 20 U.S.C. § 1415(i)(3)(A).

ASD moves to compel discovery. Docket No. 11. The Motion is opposed, and ASD has replied. Docket Nos. 16 (opp'n); 18 (reply). The Motion is therefore ripe for decision. The parties have sufficiently briefed the matter; oral argument would not be helpful. *See* D. Ak LR 7.2. Before addressing the specific discovery dispute, a few comments are in order by way of background.

In order to award fees, a court must first determine if the plaintiff was the prevailing party. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001). If the plaintiff is the prevailing party, then fees will initially be determined on the basis

---

[1] In this Order, the Plaintiff and his parents will be identified by their initials to protect their privacy.

1

of the lodestar, which requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983). Once the lodestar is determined, the award may be adjusted upward or downward based upon consideration of the particular case. *Id.* at 434-436.[2] One important consideration is the extent of a plaintiff's success. Where it is contended that the plaintiff was only partially successful and the defendant seeks a reduction in fees on that basis, the court must identify the extent of plaintiff's success and failure. In making this identification, the court must distinguish between related and unrelated claims. A plaintiff should not recover for time spent on unrelated claims. On the other hand, where the successful and unsuccessful claims are related, the court must focus on the significance of the overall relief obtained by the plaintiff in relation to the total hours reasonably expended on the litigation. *Id.* at 435, and especially note 11.

In *Hensley,* the Court noted that the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) may be considered in deciding whether to increase or decrease the lodestar figure, but cautioned that the lodestar itself subsumes many of these factors. *Hensley,* 461 U.S. at 435, n.9, *and see Blum v. Stenson*, 465 U.S. 886, 898-902 (1984) (discussing what a plaintiff must prove in order to obtain an enhanced fee award). In determining what hourly fees are reasonable, a court looks primarily to market rates for comparable services in the district in which it sits. While the actual fees charged may be considered, they are not controlling, particularly where legal services are provided by a non-profit corporation or by an attorney working fully or partially pro bono. *See e.g., Blum,* 465 U.S. at 895-96 (fees are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel). In *Blum,* the Court noted the difficulty of determining the "market rate" because lawyers are not fungible, and a fair "rate" takes into account the experience, skill, and

---

[2] A court may, as indicated in the text of this decision, reduce a lodestar amount to reflect the extent of a plaintiff's success. It may also increase or allow an "upward adjustment," where appropriate. *Blum,* 465 U.S. at 896-902. In this case, Plaintiff does not seek an upward adjustment so the rate, or rates, ultimately approved will be market rates.

ORDER

reputation of the lawyer seeking compensation. Recognizing that it could not provide a formula for resolving fee disputes, the court offered the following guidance:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to– for convenience–as the prevailing market rate.

*Id.* at 896 n.11.

In this case, Plaintiff seeks fees for its lead attorney and is not separately seeking to recover paralegal and other ancillary fees. Its lead attorney is Ms. Sonja D. Kerr, Esq., whose affidavit indicates that she has over 17 years experience litigating under the IDEA and related statutes. The requested fee is $225 per hour, which is presented as the prevailing market rate. Plaintiff identifies the number of hours at 57. 57 hours at $225 per hour totals $12,024.90.

The Supreme Court has cautioned trial courts not to allow fee disputes to become a second major litigation. The court noted;

> Parties to civil rights litigation in particular should make a conscientious effort, where a fee award is to be made, to resolve any differences. A district court is expressly empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness. The court, with its intimate knowledge of the litigation, has a responsibility to encourage agreement.

*Id.* at 901 n.19 (quoting *Hensley*, 461 U.S. at 437).

ASD sought copies of all representation agreements between the Disability Law Center and its clients for the past two years, to the extent that they discussed attorney fees. Plaintiff provided form documents, but declined to produce the actual agreements contending that they contained information protected by the attorney client privilege. ASD responds that in such a case Plaintiff was required to produce a detailed privilege log, which it failed to do. Plaintiff argues that the form representation agreement does provide all of the fee information contained in the individual representation agreements. Plaintiff continues that the Disability Law Center never charges a client

ORDER

a fee, and the Center's agreements simply discuss circumstances where a fee award may be made against another party. Finally, while Plaintiff does not stress this point, it is not asking for an enhanced fee, it is asking for a lodestar fee, which is based upon the market, not the particular practices of the Disability Law Center. If the individual representation agreements were relevant or could lead to relevant evidence, then perhaps a more detailed privilege log might be advisable. Plaintiff argues that the only difference between the form contract it provided and the individual contracts are that the latter include personal information about the individual client and the individual client's case and the former, of necessity, do not. Plaintiff questions whether the personal information has any relevance to this case and argues that the Court does not need to view the individual agreements *in camera* to make this determination. The Court agrees.

Since Plaintiff is not asking for an enhanced fee, a determination in this case will require application of the lodestar. The Court does not see how information about the contracts the Center enters into with its clients would be relevant to fee determinations under the lodestar. Rates will be determined by the marketplace. The number of hours, given the records kept by Plaintiff, should be easily reviewed. Because fees in this case are for work before the agency and not before the Court, the Court does not have the extensive experience with the case that it would have had the merits been litigated. The Court is certainly willing to appoint Ms. Linda Cerro, Esq., the hearing officer, as a special master to review the fee requests, if that is what the parties desire. Absent such a stipulation to refer the matter to Ms. Cerro, the Court would expect the parties to survey those lawyers who provide comparable services in cases providing for fee shifting and determine the rates they charge their paying clients and, in addition, survey fee awards in state and federal court to see what the prevailing rates are for attorneys with the education, experience, and reputation of Plaintiff's counsel. *See Noyes v. Grossmont Union High Sch. Dist.*, 331 F.Supp.2d 1233, 1248-1251 (S.D. Cal. 2004) (discussing market value of fees for special education attorneys in San Diego County).

The Court will determine a reasonable number of hours based upon the hourly records kept by Plaintiff's counsel, measured against the nature of the issues presented to the agency and the

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0177.001.wpd     4

results achieved, evaluated in light of any specific objections ASD might have to items on the records.

The Court is hesitant to allow extensive discovery about what counsel did and did not do, for fear that the sideshow will swallow up the circus. In short, the Court hopes the parties will take the Supreme Court's advice and agree upon a just resolution of this matter. Barring that, the Court hopes that the parties will be prepared to file cross-motions for summary judgment shortly.

Naturally, if a fee is awarded Plaintiff for work before the administrative agency, it will have prevailed at this level as well, and will be entitled to an award of fees incurred in this Court. *See e.g., Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1991). Plaintiff may file a motion under Fed. R. Civ. P. 54(d) and D. Ak. LR 54.3 properly documenting this request, at the appropriate time.

**IT IS THEREFORE ORDERED:**

The Motion to Compel Discovery at **Docket No. 11** is **DENIED**.

Dated at Anchorage, Alaska, this _16_ day of December 2005.

JAMES K. SINGLETON, JR.<br>
United States District Judge

A05-0177--CV (JKS)   OSM 12-16-05

B. OWENS (JERMAIN)
T. DOSIK
S. KERR

ORDER