Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
(907) 563-8844
(907) 563-7322 (facsimile)
Counsel for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents,<br>J.S. and R.S.,<br><br>     Plaintiff,<br><br>v.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>     Defendant. | Case No. A05-0177 CV (JKS) |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET OF
INTERROGATORIES AND FIRST REQUEST FOR ADMISSIONS**

Comes now defendant Anchorage School District, by and through its attorneys Jermain, Dunnagan & Owens, P.C., pursuant to Rules 26(b)(1), 33 and 36 FRCP and submits the following responses to plaintiff's discovery requests in this matter.

General Objection: Defendant renews and incorporates herein the General Objection raised and asserted in its responses to Plaintiff's First Discovery Requests.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state each and every fact relied upon to support the statement in Defendant's Answer, Affirmative Defense No. 1, which states that "Plaintiffs were only partially successful."

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Exhibit 7
Page 1 of 8

**RESPONSE**: The Decision and Order by the Hearing Officer in this matter identifies seven issues for determination. The Hearing Officer ruled favorably for the parents on three of the issues and favorably for ASD on three issues.

**INTERROGATORY NO. 2**: Please state each and every fact relied upon to support the statement in Defendant's Answer, Affirmative Defense No. 2, which states that "Plaintiffs included issues and engaged in a strategy that unreasonably protracted the final resolution of the matter."

**RESPONSE**: The due process hearing request filed in this matter included claims against ASD and the Alaska DEED. The relief requested in this matter involving the state involved relief that ASD had no authority or power to provide. The inclusion of the state as a party in this matter unnecessarily expanded both the issues and evidence as well as the final resolution.

**INTERROGATORY NO. 3**: Please state each and every fact relied upon to support the statement in Defendant's Answer, Affirmative Defense No. 3, which states, "The hours in plaintiffs' request include hours that are unnecessarily duplicative."

**RESPONSE**: The time records show that on September 9, 2004, both "skerr" and "tholt" attended a meeting with the client "to discuss legal options and remedies." Both persons attended this meeting and recorded the same time of 1.33 hours for the same services. In addition, 4 hours of time are recorded for "preparation of pleadings, prehearing brief" and "legal research," while an additional 15.83 hours are recorded for "preparation of pleadings, research and drafting of posthearing brief."

**INTERROGATORY NO. 4**: Please state each and every fact relied upon to support the statement in Defendant's Answer, Affirmative Defense No. 4, which states that "The time spent

**Defendant's Responses to Second Interrogatories and First Requests for Admission**
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 2

Exhibit 7
Page 2 of 8

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

and legal services furnished were excessive considering the nature of the matter and issues raised."

**RESPONSE**: This matter involved review of the implementation of two Corrective Action Orders. As indicated above, the parents included the Alaska DEED as a party and requested relief against the state. However, the state was dismissed from the matter on motion. Nonetheless, the 7 hours of work recorded for that motion involving the state are included in the hours for which the parents claims fees and costs against ASD in this matter. In addition, 4 hours of time are recorded for "preparation of pleadings, prehearing brief" and "legal research," while an additional 15.83 hours are recorded for "preparation of pleadings, research and drafting of posthearing brief." Lastly, 2.5 hours are recorded for "review of hearing decision and order," a 10 page document, and 2.5 hours for "research regarding attorney's fees" which occurred after the demand for attorney's fees was sent.

**INTERROGATORY NO. 5**: Please state each and every fact relied upon to support the statement in Defendant's Answer, Affirmative Defense No. 5, which states that "the hourly rate claimed by counsel for the plaintiffs is substantially higher than the hourly rate recently claimed in a similar matter, which defendant paid, and identify by DEED number, hearing officer and date of decision the "similar" matter to which defendant refers.

**RESPONSE**: ASD is unable to locate the file, which is now a closed file at JDO, in which demand was made for payment of attorney's fees at the hourly rate of $180.00. However, it may have been in DEED Case Nos. 05-08 (A.A.), 05-10 (C.H.), or 05-20 (D.K.)

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Defendant's Responses to Second Interrogatories and First Requests for Admission
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 3

Exhibit 7
Page 3 of 8

# REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Defendant ASD did not make a written offer of settlement consistent with Rule 68 at any time ten days prior to the administrative hearing in this matter (December 13, 2004), DEED Hrg. No. 05-12.

**RESPONSE:**  Based on information and belief, admits.

**REQUEST FOR ADMISSION NO. 2:**  Defendant ASD did not make a written offer of settlement of any kind to resolve the issues before the IHO in DEED Hrg. No. 05-12.

**RESPONSE:**  Based on information and belief, admits.

**REQUEST FOR ADMISSION NO. 3:**  Defendant ASD did not make any oral offer of settlement of any kind to resolve the issues before the IHO in DEED Hrg. No. 05-12 prior to the decision rendered by the IHO on February 7, 2005.

**RESPONSE:**  Denies.

**REQUEST FOR ADMISSION NO. 4:**  JDO provided legal services to Defendant ASD concerning DEED Complaint No. 04-04 and DEED Complaint No. 04-14 prior to June of 2004.

**RESPONSE:**  Objection – compound, vague and ambiguous.

**REQUEST FOR ADMISSION NO. 5:**  Bradley Owens' hourly rate for legal services exceeds $150.00 per hour for legal services provided to entities other than governmental entities.

**RESPONSE:**  Objection – vague, ambiguous and not relevant.

**REQUEST FOR ADMISSION NO. 6:**  Bradley Owens' hourly rate of $150.00 is a reduced rate for Defendant ASD because Defendant ASD is a governmental entity.

**RESPONSE:**  Admits, in part.

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Defendant's Responses to Second Interrogatories and First Requests for Admission
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 4

Exhibit 7
Page 4 of 8

**REQUEST FOR ADMISSION NO. 7**: Bradley Owens' hourly rate of $150.00 is a negotiated rate for Defendant ASD because of the volume of legal business Defendant ASD brings to JDO.

**RESPONSE:** Admits, in part.

**REQUEST FOR ADMISSION NO. 8**: JDO is paid for legal services it provides to Defendant ASD in the defense of special education matters whether or not the Defendant ASD prevails.

**RESPONSE:** Objection – vague and not relevant.

**REQUEST FOR ADMISSION NO. 9**: JDO was paid for all of the legal services it provided to Defendant ASD in DEED Hrg. No. 05-12.

**RESPONSE:** Admits.

**REQUEST FOR ADMISSION NO. 10**: JDO was found to have violated the IDEA and its regulations in DEED Hrg. No. 05-12.

**RESPONSE:** Denies.

**REQUEST FOR ADMISSION NO. 11**: Bradley Owens had provided legal services to school districts in only five special education administrative hearings, which resulted in decisions prior to June of 2004.

**RESPONSE:** Objection – vague and not relevant.

**REQUEST FOR ADMISSION NO. 12**: Bradley Owens had provided legal services to school districts in less than ten special education administrative hearings that resulted in decisions prior to June of 2004.

**RESPONSE:** Objection – vague and not relevant.

**Defendant's Responses to Second Interrogatories and First Requests for Admission**
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 5

Exhibit 7
Page 5 of 8

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**REQUEST FOR ADMISSION NO. 13**: Bradley Owens had provided legal services to school districts in no more than twenty special education administrative hearings that resulted in decisions prior to June of 2004.

**RESPONSE**: Objection – vague and not relevant.

**REQUEST FOR ADMISSION NO. 14**: JDO was counsel to Defendant ASD in all special education hearings requested during the 2004-2005 school year.

**RESPONSE**: Admits.

**REQUEST FOR ADMISSION NO. 15**: Defendant ASD did not make any Rule 68 offer to any parent who requested a special education hearing during the 2004-2005 school year.

**RESPONSE**: Objection – not relevant. Denies.

**REQUEST FOR ADMISSION NO. 16**: Bradley Owens has never served as counsel in a federal court case in Alaska pursuant to the IDEA where the parents were represented by counsel, other than *Noon v. State of Alaska*.

**RESPONSE**: Objection – not relevant. Denies.

Dated in Anchorage Alaska this 17$\frac{th}{}$ day of January 2006.

Jermain, Dunnagan & Owens, P.C.

By:     Bradley D. Owens
        Alaska Bar #7610122

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Defendant's Responses to Second Interrogatories and First Requests for Admission
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 6

Exhibit 7
Page 6 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on the __17th__ day of
January 2006 a copy of the foregoing document
was sent by facsimile and first-class mail
to the following person:

Sonya D. Kerr
Disability Law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

Kathie Meyer

## VERIFICATION

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

    Jerry Sjolander says on oath or affirms that he is the Executive Director of Special
Education for the Anchorage School District and has read the foregoing responses to the
Interrogatories and believes all statements made in these responses are true and correct to the
best of his knowledge.

By: _____
      Jerry Sjolander

SUBSCRIBED AND SWORN TO before me this __17th__ day of January 2006.

_____
Notary Public in and for Alaska
My Commission Expires January 31, 2009

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

3227.1141 - #113239



Defendant's Responses to Second Interrogatories and First Requests for Admission
*NS, et al. v. ASD*, Case No. A05-0177 CV (JKS)
Page 7

Exhibit 7
Page 7 of 8



JERMAIN, DUNNAGAN & OWENS, P.C.
A PROFESSIONAL CORPORATION

3000 A Street, Suite 300
Anchorage, Alaska 99503

# Facsimile Cover Sheet

**To:** Sonja D. Kerr
**Company:** Disability Law Center
**Phone:**
**Fax:** 565-1000

**From:** Bradley D. Owens
**Company:** Jermain, Dunnagan & Owens, P.C.
**Phone:** (907) 563-8844
**Fax:** (907) 563-7322

**Date:** January 17, 2006

**Pages including this cover page:**
**Client/Matter No.** 3227.1141

## ATTACHMENT/COMMENTS:

Defendant's Responses to Plaintiffs' Second Set of Interrogatories and First Request for Admissions.

**CONFIDENTIALITY NOTICE**

This facsimile transmission and the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege or other grounds for confidentiality or non-disclosure. The information is intended only for the use of the individual(s) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distributing, or the taking of action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

Exhibit 7
Page 8 of 8