Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
(907) 563-8844
(907) 563-7322 (facsimile)
Counsel for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

N.S., by and through his parents,
J.S. and R.S.,

    Plaintiff,

v.

ANCHORAGE SCHOOL DISTRICT,

    Defendant.

Case No. A05-0177 CV (JKS)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST
REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Comes now defendant Anchorage School District, by and through its attorneys Jermain, Dunnagan & Owens, P.C., pursuant to Rules 26(b)(1), 33 and 34 FRCP and submits the following responses to plaintiff's discovery requests in this matter.

General Objection: Plaintiff asserts in this action that he is entitled to attorney's fees as the prevailing party under 20 U.S.C. §1415(i)(3)(B). Under this statutory provision, if plaintiff establishes that he is the prevailing party, the attorney's fees to which he may be entitled is based upon the rates prevailing in the community for the kind and quality of services provided by his counsel. Thus, the burden of establishing the kind and quality of services is entirely plaintiff's burden; defendant has no burden whatsoever. Any requests made by plaintiff in these discovery requests that seek documents, materials or information from defendant about the kind or quality or hours of work performed by defendant's counsel in this or other similar matters, or for other

Exhibit 6
Page 1 of 20

clients are not relevant to the claims or defenses of any party concerning the subject matter of this action, nor do they appear reasonably calculated to lead to the discovery of admissible evidence as to the claims or defenses in this action. *See Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986) (fees and hours of defendant's counsel were not relevant to plaintiff's claims for attorney's fees under 42 U.S.C. §1988); *Johnson v. University of Alabama*, 706 F.2d 1205, 1208 (11th Cir. 1983) (district court ruling restricting discovery of records and information concerning the hours and fees of defendant's counsel not an abuse of discretion since such information is not relevant to the determination of the reasonable fee for plaintiff's counsel under 42 U.S.C. §1988); *Harkless v. Sweeney*, 608 F.2d 594, 598 (5th Cir. 1979) (the amount of time spent by defendant's counsel is irrelevant to determining whether plaintiff's hours were necessary and performed in an expeditious manner); *Mirabel v. GMAC*, 576 F.2d 729, 731 (7th Cir. 1978) (the amount of fees paid by one side has little relevance to the value of the attorney's fees incurred by the opposite side); and *Eirschele v. Craven County Board of Education*, 7 F.Supp.2d 655, 660 (E.D. N. Car. 1998) (limiting discovery of information related to billing by defendant's lawyer's and staff on administrative proceeding in claim for attorney's fees under IDEA).

## RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**Request No. 1:** Produce any and all documents that describe any agreement or understanding between Anchorage School District, (hereinafter, "defendants'), its insurer and defendant's counsel, Jermain, Dunnagan & Owens (hereinafter "JDO"), concerning the attorney's fees and/or costs to be paid or paid or discounted for the representation of the Anchorage School District in DEED Hearing No. 05-12 and any and all representation in this matter to date, including but not limited to prehearing consultation and advice, preparation for,

Defendant's Responses to Plaintiff's First Discovery Requests
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 2

Exhibit 6
Page 2 of 20

attendance at and participation in conferences or hearings with Hearing Officer Linda Cerro, and posthearing research, and briefing. Include all client contact of any kind related to this matter.

**Response:** See the General Objection above; however, without waiving any objections, there are no such documents specifically concerning the representation of defendant in the due process hearing DEED 05-12 or in this litigation. In addition, the last sentence requesting "all client contact of any kind related to this matter" is overly broad, vague, ambiguous, requires speculation and may involve privileged materials.

**Request No. 2:** Produce any and all documents showing the daily records of hours of work and the specific work performed by JDO in DEED Hearing No. 05-12 and in this matter to date.

**Response:** See the General Objection above.

**Request No. 3:** Produce any and all bills, invoices, or other materials sent by JDO to defendant or its insurer concerning any costs or charges for work performed by JDO in DEED Hearing No. 05-12 and in this matter to date.

**Response:** See the General Objection above; however, without waiving any objections, attached hereto are the invoices submitted by Jermain, Dunnagan & Owens, P.C. to defendant for work performed in the due process hearing in DEED 05-12 and in this litigation as of October 31, 2005.

**Request No. 4:** Produce any and all documents that describe any agreement or understanding between JDO and the Anchorage School District or its insurer for legal assistance or representation concerning the complaints filed by J.S. and R.S. with the Alaska Department of Education and Early Development, specifically, complaints No. 04-04 and Complaint No. 04-14.

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District,* Case No. A05-0177 CV (JKS)
Page 3

Exhibit 6
Page 3 of 20

**Response:** See the General Objection above; however, without waiving any objections, defendant is unaware of any documents responsive to this request. In addition, to the extent any such documents do exist, they may involve privileged materials.

**Request No. 5:** Produce any and all documents provided by JDO to any Alaska school districts during the two years prior to the filing of this lawsuit that describe or provide information about the costs or charges by JDO for legal assistance or representation in any IDEA or Alaska Special Education Law matters, including representation of districts at hearing, in complaints before DEED, in informal matters with the Alaska Department of Education and Early Development, other informal legal assistance, and staff training.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 6:** Produce any and all representation or retainer agreements or documents of any kind that set forth the understanding between JDO and any school district in the State of Alaska for representation of a school district in a special education due process hearing or DEED complaint.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome. In addition, such documents may involve privileged materials.

**Request No. 7:** Produce any and all documents including all special education due process hearing final decisions, and DEED complaint reports that named the defendant as the responsible entity to provide special education to a student with a disability within the last five years (September 2000 – September 2005).

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 4

Exhibit 6
Page 4 of 20

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 8:** Produce any and all representation or retainer agreements or documents of any kind that set forth the understanding between JDO and defendant for representation of defendant in any of the special education hearings or DEED complaints referenced in Request No. 7.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome. In addition, such documents may involve privileged materials.

**Request No. 9:** Produce any and all Rule 68 offers issued by defendant or JDO to any of the parents who filed special education due process hearings or DEED complaints naming the defendant as the responsible entity to provide special education to a student with a disability within the last five years (September 2000-September 2005).

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 10:** Produce any and all documents establishing that defendant or JDO offered or participated in mediation with any of the parents who filed special education due process hearings or DEED complaints naming the defendant as the responsible entity to provide special education to a student with a disability within the last five years (September 2000-September 2005).

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome, is vague, ambiguous and requires speculation as presented.

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 5

Exhibit 6
Page 5 of 20

**Request No. 11:** Produce the defendant's IDEA monitoring reports issued by the DEED for the last five years (September 2000 – September 2005).

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 12:** Produce all insurance policies or agreements held by defendant with any insurance carrier of any kind whether or not viewed by counsel as applicable to this action.

**Response:** See the General Objection above; however, without waiving any objections, there are no such policies as defendant is self-insured for the amounts sought in this matter.

## RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**Request No. 1:** Please state any and all factual basis for the statement in defendant's Answer No. 2.

**Response:** This request is vague and ambiguous, which requires speculation by defendant, and defendant cannot answer the request as presented.

**Request No. 2:** Please state any and all factual basis for the statement in defendant's Answer No. 3.

**Response:** This request is vague and ambiguous, which requires speculation by defendant, and defendant cannot answer the request as presented.

**Request No. 3:** Please state any and all factual basis for the statement in defendant's Answer No. 4.

**Response:** This request is vague and ambiguous, which requires speculation by defendant, and defendant cannot answer the request as presented.

Defendant's Responses to Plaintiff's First Discovery Requests
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 6

Exhibit 6
Page 6 of 20

**Request No. 4:** Please state any and all factual basis for the statement in defendant's Answer No. 5.

**Response:** This request is vague and ambiguous, which requires speculation by defendant, and defendant cannot answer the request as presented.

**Request No. 5:** Please state the total number of special education due process hearings filed by parents of students with disabilities asserting a denial of a free appropriate public education filed against the defendant during the 2002-2003, 2003-2004, 2004-2005 and to date, the 2005-2006 school year, including the DEED number, hearing officer and date of decision or dismissal or settlement.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 6:** Please state the total number of complaints filed by parents of students with disabilities and against defendant asserting a denial of a free appropriate public education and submitted to the DEED, during the 2002-2003, 2003-2004, 2004-2005, and to date, the 2005-2006 school years.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 7:** For each of the school years, 2002-2003, 2003-2004, 2004-2005, 2005-2006, please state whether defendant or its insurer retained JDO for legal representation concerning IDEA or Alaska Special Education Law special education due process hearings.

**Response:** See the General Objection above.

Defendant's Responses to Plaintiff's First Discovery Requests
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 7

Exhibit 6
Page 7 of 20

**Request No. 8:** For each of the school years, 2002-2003, 2003-2004, 2004-2005, 2005-2006, please state whether defendant or its insurer retained JDO for legal representation concerning IDEA or Alaska Special Education Law matters of any kind, including complaints to DEED.

**Response:** See the General Objection above.

**Request No. 9:** For each of the school years, 2003-2004, and 2004-2005, please state whether defendant or its insurer executed a written retainer agreement with JDO for legal representation concerning the DEED complaints, Complaint No. 04-04, and Complaint No. 04-14 filed by J.S. and R.S. with DEED concerning student N.S.

**Response:** See the General Objection above; however, without waiving any objections, defendant had no specific retainer agreement with Jermain, Dunnagan & Owens, P.C. for these DEED complaints.

**Request No. 10:** Please state whether defendant or its insurer has a written retainer agreement with JDO for legal representation concerning the present lawsuit.

**Response:** See the General Objection above; however, without waiving any objections, defendant does not have a retainer agreement with Jermain, Dunnagan & Owens, P.C. concerning this specific lawsuit.

**Request No. 11:** For each of the school years, 2002-2003, 2003-2004, 2004-2005, please state whether defendant or JDO disclosed in any form, whether in writing or oral fashion, to J.S. or N.S. that JDO represented defendant concerning IDEA or Alaska Special Education Law matters.

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 8

Exhibit 6
Page 8 of 20

**Response**: See the General Objection above; however, without waiving any objections, neither defendant nor Jermain, Dunnagan & Owens, P.C. has any specific recollection of any such disclosure during the 2002-2003 or 2003-2004 school years. However, it is probable that such disclosure occurred during the 2004-2005 school year after plaintiff filed his due process hearing request.

**Request No. 12:** Please state whether defendant or JDO on defendant's behalf forwarded any Rule 68 offer of any kind to DLC or J.S. or N.S. ten days before the first date and only date of hearing of the special education due process hearing (DEED Hrg. No. 05-12) in this matter.

**Response**: Defendant does not believe a Rule 68 offer was made to DLC or plaintiff ten days before the due process hearing in this matter.

**Request No. 13:** Please state the hourly rate of Bradley Owens for legal representation services to defendant or its insurer in the special education due process hearing (DEED Hrg. No. 05-12) in this matter.

**Response**: $150.00.

**Request No. 14:** Please state whether the hourly rate of Bradley Owens for legal representation to defendant has remained the same from September 2000 to September 2005.

**Response**: See the General Objection above.

**Request No. 15:** Please state the total number of special education due process hearings participated in by Bradley Owens for the past five years (from September 2000 to September 2005) that have resulted in decision.

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 9

Exhibit 6
Page 9 of 20

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 16:** Please state the total number of IDEA complaints or appeals filed in the Alaska State Court system or the United States Federal District for Alaska for the past five years (from September 2000 to September 2005) in which Bradley Owens has been counsel of record and which have resulted in a decision of any kind, whether substantive or procedural).

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 17:** Please state any and all conferences, seminars or trainings of any kind attended by Bradley Owens for the past five years which have included as a subject the IDEA or Alaska Special Education law.

**Response:** See the General Objection above; in addition, this request is overly broad and unduly burdensome.

**Request No. 18:** State the name, address, title and employer of each person who prepared, consulted, drafted and/or assisted in the preparation of answers to these interrogatories and responses to plaintiffs' request for production.

**Response:** See the General Objection above; however without waiving any objections, the undersigned counsel was responsible for preparing and reviewing these responses and consulted with defendant about the responses before they were finalized.

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 10

Exhibit 6
Page 10 of 20

Dated in Anchorage Alaska this 12th day of December 2005.

> Jermain, Dunnagan & Owens, P.C.
> Attorneys for defendant ASD
>
> By: _____
> Bradley D. Owens
> Alaska Bar #7610122

STATE OF ALASKA            )
                           )ss.
THIRD JUDICIAL DISTRICT    )

### Verification

Having been duly sworn upon oath, I have reviewed the responses provided to the interrogatories above and believe the responses are true and correct to the best of my knowledge.

Dated: 12-12-05        _____
                       Jerry Sjolander
                       Executive Director
                       Special Education ASD

SUBSCRIBED AND SWORN TO or affirmed before me this 12th day of December, 2005.



_____
Notary Public for Alaska
My Commission Expires: 1/31/09

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7822

**Defendant's Responses to Plaintiff's First Discovery Requests**
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 11

Exhibit 6
Page 11 of 20

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___13th___ day of December 2005 a copy of the foregoing document was sent by facsimile and first-class mail to the following person:

Sonya D. Kerr
Disability Law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

*[signature]*

3227.1141 - #111640

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Defendant's Responses to Plaintiff's First Discovery Requests
*N.S. v. Anchorage School District*, Case No. A05-0177 CV (JKS)
Page 12

Exhibit 6
Page 12 of 20

# ANCHORAGE SCHOOL DISTRICT

Invoice# 156140

## SIMMONS DUE PROCESS HEARING

Matter #  01070           ASD

Balance Forward           $0.00

| Date | ID | For Professional Services Rendered | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 10/13/2004 | MKT | Review file and other documents faxed from the School District regarding this matter. | 1.20 | 130.00 | $156.00 |
| 10/20/2004 | MKT | Review State's motion to dismiss and authorities cited in motion; review Linda Cerro's order for pre-hearing conference. | 1.20 | 130.00 | $156.00 |
| 10/21/2004 | BDO | Tel conf with D. Dugdale, C. Anderson and R. Case re issues; attend tel pre-hrg conf with Dugdale, Anderson, Case and L. Cerro with S. Kerr and parents and state; tel calls with Kerr and Anderson re math class placement re CS. | 1.30 | 150.00 | $195.00 |

**TOTAL SERVICES FOR THIS MATTER:**           $507.00

| BDO | OWENS, BRADLEY D. | 1.30 Hrs | 150.00 /Hr | $195.00 |
| MKT | TEAFORD, MATTHEW K. | 2.40 Hrs | 130.00 /Hr | $312.00 |

**TOTAL FOR THIS MATTER**           $507.00

EXHIBIT 4
PAGE 006 OF 7
Exhibit 6
Page 13 of 20

## ANCHORAGE SCHOOL DISTRICT

### SIMMONS DUE PROCESS HEARING

Invoice# 156429

| Matter # | 01070 | | ASD | | | |
|---|---|---|---|---|---|---|
| | | | | Balance Forward | | $0.00 |
| Date | ID | For Professional Services Rendered | | Hrs | Rate | Amount |
| 11/08/2004 | MKT | Review state's reply brief. | | 0.30 | 130.00 | $39.00 |
| 11/19/2004 | BDO | Tel call with D. Dugdale and L. Jordan re status and issues for hearing prep. | | 0.30 | 150.00 | $45.00 |

**TOTAL SERVICES FOR THIS MATTER:**

$84.00

| BDO | OWENS, BRADLEY D. | 0.30 Hrs | 150.00 /Hr | $45.00 |
| MKT | TEAFORD, MATTHEW K. | 0.30 Hrs | 130.00 /Hr | $39.00 |

### EXPENSES

| 11/30/2004 | ACCURINT COMPUTER SEARCH (CAPITAL ONE) | 0.25 |
| 11/30/2004 | PROFESSIONAL SERVICES : LINDA M. CERRO | 1050.00 |

**TOTAL EXPENSES FOR THIS MATTER:** $1,050.25

**TOTAL FOR THIS MATTER** $1,134.25

# ANCHORAGE SCHOOL DISTRICT

Invoice# 156949

## SIMMONS DUE PROCESS HEARING

Matter # 01070  ASD

Balance Forward  $0.00

| Date | ID | For Professional Services Rendered | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 12/06/2004 | BDO | Review file; e-mail, tel call and mtg with D. Dugdale re witnesses and exhibits disclosure; draft and revise letter to S. Kerr re same. | 2.60 | 150.00 | $390.00 |
| 12/07/2004 | BDO | Review file; e-mail, tel call and mtg with C. Anderson re witnesses and exhibits disclosure; draft and revise letter to S. Kerr re same; tel calls with P. Freeman re DLC exhibits and witness list. | 2.70 | 150.00 | $405.00 |
| 12/11/2004 | BDO | Review records and materials re NS & CS in prep for due process hearings. | 4.20 | 150.00 | $630.00 |
| 12/13/2004 | BDO | Reveiw and prep for NS DPH; conf with J. Sjolander, D. Dugdale and L. Jordan re same; attend due process hearing with L. Cerro and parents and Sjolander, Dugdale and Jordan. | 7.40 | 150.00 | $1,110.00 |
| 12/14/2004 | BDO | Review exhibits; begin draft of post-hrg brief for closing argument. | 2.60 | 150.00 | $390.00 |
| 12/20/2004 | BDO | Continue draft of post hearing brief. | 1.00 | 150.00 | $150.00 |
| 12/21/2004 | BDO | Continued work on draft post hrg brief. | 2.40 | 150.00 | $360.00 |
| 12/22/2004 | BDO | Cont draft of post hrg brief and research re retaliation claim. | 1.60 | 150.00 | $240.00 |

**TOTAL SERVICES FOR THIS MATTER:** $3,675.00

BDO  OWENS, BRADLEY D.  24.50 Hrs  150.00 /Hr  $3,675.00

### EXPENSES

| Date | Description | Amount |
|---|---|---|
| 12/06/2004 | MESSENGER FEE(S) | |
| 12/06/2004 | MESSENGER FEE(S) | 5.00 |
| 12/07/2004 | MESSENGER FEE(S) | 5.00 |
| 12/07/2004 | MESSENGER FEE(S) | 5.00 |
| 12/08/2004 | MESSENGER FEE(S) | 5.00 |
| 12/08/2004 | MESSENGER FEE(S) | 5.00 |
| 12/23/2004 | MISCELLANEOUS EXPENSES (LAW OFFICE OF LINDA M. CERRO) | 5.00 |
| 12/23/2004 | PROFESSIONAL SERVICES : LAW OFFICE OF LINDA M. CERRO | 8.00 |
| 12/23/2004 | PROFESSIONAL SERVICES : LAW OFFICE OF LINDA M. CERRO | 120.00 |
| 12/31/2004 | PHOTOCOPIES | 1470.00 |
| | | 222.50 |

**TOTAL EXPENSES FOR THIS MATTER:** $1,850.50

**TOTAL FOR THIS MATTER** $5,525.50

Exhibit 6
Page 15 of 20
EXHIBIT A
PAGE 3 OF 7

# ANCHORAGE SCHOOL DISTRICT

Invoice# 157332

## SIMMONS DUE PROCESS HEARING

Matter # 01070         ASD                                              Balance Forward    $5,525.50

| Date | ID | For Professional Services Rendered | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 01/05/2005 | BDO | Review transcript of NS DPH for prep of post hrg brief. | 1.50 | 150.00 | $225.00 |
| 01/12/2005 | BDO | Review hearing transcript and revise post hrg brief. | 2.00 | 150.00 | $300.00 |
| 01/13/2005 | BDO | Review and revise post herg brief. | 1.70 | 150.00 | $255.00 |
| 01/18/2005 | BDO | Review DLC post hrg brief and transcript; begin draft of reply brief. | 2.60 | 150.00 | $390.00 |
| 01/24/2005 | BDO | Complete draft and revise of reply brief re NS. | 2.70 | 150.00 | $405.00 |

**TOTAL SERVICES FOR THIS MATTER:**                                                          $1,575.00

BDO   OWENS, BRADLEY D.         10.50 Hrs     150.00 /Hr     $1,575.00

### EXPENSES

| Date | Description | Amount |
|---|---|---|
| 01/05/2005 | TRANSCRIPT OF PROCEEDINGS : GEMINI REPORTING SERVICES | 1221.60 |
| 01/14/2005 | MESSENGER FEE(S) | 5.00 |
| 01/14/2005 | MESSENGER FEE(S) | 5.00 |
| 01/24/2005 | MESSENGER FEE(S) | 5.00 |
| 01/24/2005 | MESSENGER FEE(S) | 5.00 |
| 01/31/2005 | PHOTOCOPIES | 23.60 |
| 01/31/2005 | MESSENGER FEE(S) | 5.00 |
| 01/31/2005 | MESSENGER FEE(S) | 5.00 |

**TOTAL EXPENSES FOR THIS MATTER:**                                                          $1,275.20

**TOTAL FOR THIS MATTER**                                                                    $8,375.70

**ANCHORAGE SCHOOL DISTRICT**

**SIMMONS, N. - ATTORNEYS FEES COMPLAINT**

Invoice# 160154

| Matter # | 01141 | ASD | | | |
|---|---|---|---|---|---|
| Date | ID | For Professional Services Rendered | Balance Forward | | $0.00 |
| | | | Hrs | Rate | Amount |
| 08/15/2005 | BDO | Review and finalize answer to complaint for atty fees; prep entry of appearance. | 0.50 | 160.00 | $80.00 |

**TOTAL SERVICES FOR THIS MATTER:**

$80.00

BDO   OWENS, BRADLEY D.       0.50 Hrs    160.00 /Hr    $80.00

**TOTAL FOR THIS MATTER**

$80.00

Exhibit 6
Page 17 of 20
EXHIBIT 6
PAGE 5 OF 7

**ANCHORAGE SCHOOL DISTRICT**

Invoice# 160664

**SIMMONS, N. - ATTORNEYS FEES COMPLAINT**

Matter # 01141  ASD

Balance Forward $0.00

| Date | ID | For Professional Services Rendered | Hrs | Rate | Amount |
|---|---|---|---|---|---|
| 09/06/2005 | BDO | Review letter from S. Kerr re LR 16.3 procedure; e-mail to Kerr re same. | 0.60 | 160.00 | $96.00 |
| 09/09/2005 | BDO | Review and revise planning and scheduling report for court; tel calls and e-mail with S. Kerr and M. Allison re same. | 0.70 | 160.00 | $112.00 |
| 09/24/2005 | BDO | Draft and revise first discovery requests re attys fees. | 2.00 | 160.00 | $320.00 |
| 09/26/2005 | BDO | Review and revise discovery requests. | 0.60 | 160.00 | $96.00 |

**TOTAL SERVICES FOR THIS MATTER:** $624.00

BDO   OWENS, BRADLEY D.   3.90 Hrs   160.00 /Hr   $624.00

**EXPENSES**
| 09/16/2005 | MESSENGER FEE(S) | | | | 5.00 |
| 09/16/2005 | MESSENGER FEE(S) | | | | 5.00 |

**TOTAL EXPENSES FOR THIS MATTER:** $10.00

**TOTAL FOR THIS MATTER** $634.00

## ANCHORAGE SCHOOL DISTRICT

Invoice# 161012

**SIMMONS, N. - ATTORNEYS FEES COMPLAINT**

| Matter # | 01141 | | ASD | | | Balance Forward | | $634.00 |
|---|---|---|---|---|---|---|---|---|
| Date | ID | For Professional Services Rendered | | | | Hrs | Rate | Amount |
| 10/18/2005 | HRK | Research regarding due date for disclosures. | | | | 0.40 | 85.00 | $34.00 |
| 10/19/2005 | HRK | File review and update; request discovery pleadings subfile; prepare initial disclosures; forward same to Attorney Stone for her review. | | | | 1.00 | 85.00 | $85.00 |
| 10/20/2005 | HRK | Finalize initial disclosure responses; forward to Attorney Stone for her signature. | | | | 1.20 | 85.00 | $102.00 |
| 10/25/2005 | HRK | Telephone calls from Patti at Disability Law Center requesting copy of ASD discovery requests to N.S.; email same to Patti. | | | | 0.20 | 85.00 | $17.00 |

**TOTAL SERVICES FOR THIS MATTER:** $238.00

| | HRK | KEGLEY, HEATHER R. | 2.80 Hrs | 85.00 /Hr | $238.00 |
|---|---|---|---|---|---|

**EXPENSES**
| 10/20/2005 | MESSENGER FEE(S) | 5.00 |
|---|---|---|
| 10/31/2005 | PHOTOCOPIES | 0.60 |

**TOTAL EXPENSES FOR THIS MATTER:** $5.60

**TOTAL FOR THIS MATTER** $877.60



JERMAIN, DUNNAGAN & OWENS, P.C.
A PROFESSIONAL CORPORATION

3000 A Street, Suite 300
Anchorage, Alaska 99503

# Facsimile Cover Sheet

**To:** Sonja D. Kerr
**Company:** Disability Law Center
**Phone:**
**Fax:** 565-1000

**From:** Bradley D. Owens
**Company:** Jermain, Dunnagan & Owens, P.C.
**Phone:** (907) 563-8844
**Fax:** (907) 563-7322

**Date:** December 13, 2005
**Pages including this cover page:** 20
**Client/Matter No.** 3227.1141

**ATTACHMENT/COMMENTS:** DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES

### CONFIDENTIALITY NOTICE

This facsimile transmission and the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege or other grounds for confidentiality or non-disclosure. The information is intended only for the use of the individual(s) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distributing, or the taking of action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

Exhibit 6
Page 20 of 20