UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

N.S., by and through his parents,
J.S. and R.S.,

Plaintiffs,

v.

ANCHORAGE SCHOOL DISTRICT,

Defendant.

CASE NO. 05-0177-CV

RECEIVED
DEC 15 2005

## AFFIDAVIT OF PAUL E. LILES, ESQUIRE

STATE OF FLORIDA
COUNTY OF LEE

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared PAUL E. LILES, who after being by me first duly cautioned and sworn, upon his oath deposes and says:

1. I am an attorney duly qualified to practice before the Bars of the State of Massachusetts (BBO Number 559451) and the State of Florida (Fla. Bar. No. 0921270).

2. I was admitted to the Massachusetts Bar and Florida Bar in 1992 and have continually been a member in good standing.

3. I currently practice law in Fort Myers, Lee County, Florida.

4. My present practice involves litigation issues in the administrative, state and federal court systems, as well as appellate practice in state and federal court, with an emphasis in special education issues.

5. I am also admitted to practice before the following federal courts:

   (a) United States Supreme Court

   (b) Eleventh Circuit Court of Appeals

   (c) United States Court of Federal Claims

   (d) United States District Court

      (1) Middle District of Florida
      (2) Northern District of Florida
      (3) Southern District of Florida

6. I have handled more than a dozen civil trials and more than a dozen appeals in state and federal courts, including civil rights and special education law, as shown below:

   a. Federal Appellate Cases

1. K.M. v. School Bd. of Lee County, Fla., Case No. 03-12358 (11th Cir. Oct. 7, 2005), 2005WL2475729
2. E.S. v. School Bd. of Lee County, Fla., 87 Fed.Appx. 711 (11th Cir. 2003) [Table]
3. Martinez v. Allen, 85 Fed.Appx. 726 (11th Cir. 2003) [Table]
4. School Bd. of Collier County v. A.S., 71 Fed.Appx. 823 (11th Cir. 2003) [Table]
5. K.C. v. School Bd. of Collier County, Fla., 285 F.3d 977 (11th Cir. 2002)

   b. Federal Trial Court Cases

1. M.M. v. School Bd. of Lee County, Fla., Case No. 2:05-cv-5-FtM-29DNF
2. J.H.G. v. Palm Beach County Sch. Bd., Case No. 03-80592-Civ
3. K.M. v. School Bd. of Lee County, Fla., Case No. 2:02-cv-40-FtM-29DNF
4. E.B. v. School Bd. of Lee County, Fla., Case No. 2:00-cv-268-FtM-25D
5. S.H. v. School Bd. of Hendry County, Case No. 2:00-cv-131-FtM-29D
6. School Bd. of Hendry County v. S.H., Case No. 2:00-cv-107-FtM-29D
7. E.S. v. School Bd. of Lee County, Fla., Case No. 2:00-cv-60-FtM-25D
8. M.C. v. School Bd. of Lee County, Fla., Case No. 2:00-cv-59-FtM-22D
9. T.C. v. School Bd. of Lee County, Fla., Case No. 2:00-cv-41-FtM-20D
10. T.C. v. School Bd. of Lee County, Fla., Case No. 2:00-cv-30-FtM-20D
11. E.D. v. School Bd. of Collier County, Fla., Case No. 99-204-Civ-FtM-24D
12. School Bd. of Collier County v. A.S., Case No. 98-290-cv-FtM-29DNF
13. School Bd. of Collier County, Fla. v. K.C. Case No. 97-19-Civ-FtM-25D

c.  State Appellate Cases

1. *School Bd. of Lee County v. B.S.*, 906 So.2d 1064 (Fla. 1st DCA 2005) [Table]
2. *School Bd. of Lee County v. M.C.*, 26 Fla. L. Weekly D2167 (Fla. 2d DCA 2001)
3. *School Bd. of Lee County v. S.W.*, 789 So.2d 1162 (Fla. 2d DCA 2001)
4. *T.C. v. School Bd. of Lee County, Fla.*, 771 So.2d 1172 (Fla. 2d DCA 2000) [Table]
5. *M.C. v. Lee County Sch. Bd.*, 758 So.2d 678 (Fla. 2d DCA 2000)
6. *Hendry County Sch. Bd. v. CH-B*, 755 So.2d 121 (Fla. 2d DCA 2000)
7. *S.W.C. v. Collier County Sch. Bd.*, 731 So.2d 1285 (Fla. 2d DCA 1999)
8. *School Bd. of Collier County v. K.C.*, 681 So.2d 285 (Fla. 2d DCA 1996)

d.  State Trial Court Cases

1. *A.L. v. School Bd. of Lee County, Fla.*, Case No. 03-CA-2926-G
2. *M.C. v. School Bd. of Lee County, Fla.*, Case No. 00-010376-CA-WCM
3. *T.C. v. School Bd. of Lee County, Fla.*, Case No. 00-1080-CA-WCM
4. *L.C. v. School Bd. of Lee County, Fla.*, Case No. 99-6687-CA-WCM
5. *S.H. v. School Bd. of Hendry County, Fla.*, Case No. 98-1036-CA

e.  Administrative Hearings

1. *K.P. v. School Bd. of Collier County, Fla.*, DOAH Case No. 05-1617E
2. *E.S. v. School Bd. of Lee County, Fla.*, DOAH Case No. 04-4300E
3. *B.J.S. v. School Bd. of Lee County, Fla.*, DOAH Case No. 04-1892E
4. *M.M. v. School Bd. of Lee County, Fla.*, DOAH Case No. 04-0726E
5. *A.L. v. School Bd. of Lee County, Fla.*, DOAH Case No. 03-0525E
6. *A.S. v. School Bd. of Collier County, Fla.*, DOAH Case No. 01-3484E
7. *M.C. v. School Bd. of Collier County*, DOAH Case No. 00-3470E
8. *J.C. v. School Bd. of Lee County, Fla.*, DOAH Case No. 00-0496E
9. *T.C. v. School Bd. of Lee County, Fla.*, DOAH Case No. 99-5190E
10. *B.C. v. School Bd. of Lee County*, DOAH Case No. 99-4279E
11. *E.S. v. School Dist. of Lee County, Fla.*, DOAH Case No. 99-4169E
12. *E.B. v. School Bd. of Lee County, Fla.*, DOAH Case No. 99-3959E
13. *B.W. v. School Dist. of Lee County, Fla.*, DOAH Case No. 99-3958E
14. *S.H. v. School Bd. of Hendry County*, DOAH Case No. 99-3582E
15. *M.C. v. School Bd. of Lee County, Fla.*, DOAH Case No. 3464E
16. *B.C. v. School Dist. of Lee County, Fla.*, DOAH Case No. 99-1276E
17. *T.C. v. School Dist. of Lee County, Fla.*, DOAH Case No. 99-0936E
18. *S.H. v. School Bd. of Hendry County, Fla.*, DOAH Case No. 99-0353E
19. *A.S. v. School Bd. of Collier County, Fla.*, DOAH Case No. 98-2575E
20. *K.C. v. School Bd. of Collier County, Fla.*, DOAH Case No. 96-4761E

7. I have frequently lectured on special education law and was among the presenters of the seminar entitled: "INDIVIDUALS WITH DISABILITIES EDUCATION ACT IN FLORIDA", which was presented in Tampa on August 9, 2000 and FLORIDA SPECIAL EDUCATION LAW [NBI 2004], which was presented in Tampa and Orlando in September 2004.

8. I have authored several articles, independent of the seminars, including

   a. Paul E. Liles, *Does Your Child Have Problems Learning in School?*, SOUTHWEST FLORIDA PARENT & CHILD, Feb. 2005, at 20.
   b. Paul E. Liles, *Documentation Can Protect Your Child's Rights*, SOUTHWEST FLORIDA PARENT & CHILD, Nov. 2005, at 26.

9. I am also a member of the Professional Advisory Board to the Lee County Chapter of Children and Adults with Attention Deficit Disorder ("CHADD").

10. I have previously testified on behalf of other attorneys with regard to the issue of reasonable attorney's fees and costs in both state and federal court in Florida.

11. I have been asked to review this matter as an attorney with special knowledge and expertise in special education law.

12. This affidavit is submitted to assist the Court in determining an appropriate award of attorney's fees and costs in the above-styled case.

13. I am acquainted with the current prevailing hourly fees for routine legal services in state and federal courts for an attorney of ordinary skill and ability in law firms in Florida and throughout the United States, based upon:

   a. personal inquiry of lawyers in these areas engaged in litigation on behalf of plaintiffs and defendants;
   b. affidavits prepared for submission with regard to customary rates;
   c. discovery on the question of customary rates;

  d. testimony in contested fee matters; and

  e. court awards of attorney's fees.

14. As a further component, my analysis is premised upon such attorney having significant experience in handling civil trial cases, as well as other cases that are similar in their complexity and impact upon the community.

15. In addition, I have conducted training with Teresa Holt and Sonja Kerr, Esquire over a period of three years and I am personally familiar with the quality of their work.

16. My opinion is based upon the factors considered in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (*citing Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151 (Fla. 1985), *as modified, Standard Guar. Ins. Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990); R. Regulating Fla. Bar 4-1.5(b); *Wise Mech. Contrs. v. Bignell*, 718 P.2d 981 (Ak. 1986); and Ak. R. RPC 1.5, which include:

  a. the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

  b. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

  c. the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

  d. the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

e. the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

f. the nature and length of the professional relationship with the client;

g. the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

h. whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

17. The nature of IDEA cases is such that they usually require review of numerous documents. Additionally, many involve unique and sometimes novel issues. Accordingly, this requires the attorney performing the review to effectively cease all other work to prepare for the administrative hearing. Additionally, attorneys are required to disclose within five days of the hearing their witnesses and exhibits for the hearing. Furthermore, the range of experience required for an attorney representing children with disabilities also includes knowledge of juvenile and criminal court proceedings.

18. Many parents of children with disabilities can ill afford to pay the attorney's fees that are necessitated by a due process hearing. The likelihood that an attorney will be paid is dependent upon their success at a due process hearing and subsequent state or federal court proceedings to obtain fees. Furthermore, the vast majority of special

education due process hearings throughout the country result in decisions in favor of school districts. Consequently, there are very few attorneys that are willing or capable of handling special education cases. As in the case at bar, parents often have to seek the services of non-profit groups, such as the Disability Law Center of Alaska.

19. I am specifically aware of attorney's fees for IDEA cases and analogous cases as follows:

   a. In *Doucet v. Chilton County Bd. of Educ.*, 65 F.Supp.2d 1249 (M.D. Ala. 1999), the District Court of Alabama determined that $200.00 per hour for an experienced attorney was reasonable in an IDEA case.

   b. In *T.C. v. School Bd. of Lee County, Fla.*, Case No. 2:00-cv-30-FTM-20D (M.D. Fla.), the School Board paid $150,000 in attorney's fees and costs in an IDEA case, where the attorneys billed at a rate of $265.00 per hour.

   c. In *E.S. v. School Bd. of Lee County, Fla.*, Case No. 2:00-cv-60-FtM-29DNF (M.D. Fla.), the School Board paid $39,258.63 in attorney's fees and costs in an IDEA case where the attorneys billed at a rate of $265.00 per hour.

   d. In *School Bd. of Lee County, Fla. v. M.C.*, Appeal Case No. 2D00-4426 (Fla. 2d DCA 2000), the School Board paid $150,000 in attorney's fees and costs; where the attorneys billed at a rate of $250.00 per hour.

   e. In *M.C. v. School Bd. of Lee County, Fla.*, DOAH Case No. 99-3464E, the School Board paid $5519.75 in attorney's fees and costs in a due process hearing, which were billed at a rate of $250.00 per hour.

  f. In *School Bd. of Hendry County, Fla. v. S.H.*, 2:00-cv-107-FtM-29D (M.D. Fla.) the School Board paid $150,000 for attorney's fees and costs, where the attorneys billed at a rate of $250.00 per hour.

  g. In *Association for Disabled Am., Inc. v. Lehill Partners, L.P.*, Case No. 2:00-cv-320-FtM-29D (M.D. Fla.) (Dkt. 100, at 5 & 102, at 2) (ADA case), the District Court for the Middle District of Florida determined that a fee of $260.00 an hour was a reasonable attorney's fee for this area and specifically found that a fee of $250.00 per hour was reasonable.

  h. In *State Dep't of Rev. v. Cowgill*, 115 P.3d 522 (Ak. 2005), the Supreme Court of Alaska determined that attorney's fees of $240 an hour was reasonable. *See id.*, at 527.

  i. In *Noon v. Alaska State Bd. of Educ. & Early Dev.*, Case No. A04-0057-CV-JKS (Oct. 4, 2005, D. Ak.) (Dkt. 61), the court determined that $300 an hour was reasonable for lawyers capable and willing to work on a case involving education issues.

20. I currently charge $275.00 per hour for special education and civil rights cases and will be increasing my billing rate to $300.00 per hour commencing on January 1, 2006.

21. Based upon the criteria expressed above, in my opinion, the current prevailing hourly rate of $250-$350 is reasonable and customary for experienced attorneys who perform civil trial and appellate work, as well as administrative hearings, involving civil rights and special education issues, the current prevailing hourly rate of $100-$200 is

reasonable and customary for associate attorneys, and the current prevailing hourly rate of $70-$100 is reasonable and customary for legal assistants.

22. I have reviewed the following documents in order to prepare my opinion:

    a. Complaint and Fees Petition (6 pages)

    b. Affidavit of Sonja D. Kerr, Esquire (2 pages)

    c. Exhibit "A" – 12/5/03 letter from Sharon Schumacher – re: Complaint Investigation Report #04-04 (9 pages)

    d. Exhibit "B" – 6/1/04 letter from Sharon Schumacher – re: Complaint Investigation Report #04-14 (8 pages)

    e. Exhibit "C" – 2/7/05 Decision and Order, DEED Case No. HR-05-12 (11 pages)

    f. Exhibit "D" – 2/24/05 Order, DEED Case No. HR-05-12 (1 page)

    g. Exhibit "E" – 3/22/05 Disability Law Center of Alaska Slip Listing (3 pages)

    h. Exhibit "F" – 3/22/05 letter from Sonja D. Kerr – re: Demand for fees (1 page)

    i. Exhibit "G" – 3/31/05 letter from Bradley D. Owens – re: Refusal to pay full attorney's fees (1 page)

    j. Exhibit "H" – 4/1/05 letter from Sonja D. Kerr – re: Attorney's fee demand (3 pages)

    k. Exhibit "I" – 4/15/05 letter from Bradley D. Owens – re: Refusal to pay full attorney's fees (1 page)

    l. Answer to Complaint (4 pages)

    m. *Hensley v. Eckerhart*, 461 U.S. 424 (1983)

    n. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)

    o. *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)

    p. *State Dep't of Rev. v. Cowgill*, 115 P.3d 522 (Ak. 2005)

    q. *Wise Mech. Contrs. v. Bignell*, 718 P.2d 981 (Ak. 1986)

    r.    *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151 (Fla. 1985), *as modified, Standard Guar. Ins. Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990)

    s.    R. Regulating Fla. Bar 4-1.5(b)

    t.    Ak. R. RPC 1.5

    u.    *Doucet v. Chilton County Bd. of Educ.*, 65 F.Supp.2d 1249 (M.D. Ala. 1999)

    v.    *Association for Disabled Am., Inc. v. Lehill Partners, L.P.*, Case No. 2:00-cv-320-FtM-29D (M.D. Fla.) (Dkt. 100)

    w.    Order, *Noon v. Alaska State Bd. of Educ. & Early Dev.*, Case No. A04-0057-CV-JKS (Oct. 4, 2005, D. Ak.) (Dkt. 61)

    x.    Case files for:

        1.    *T.C. v. School Bd. of Lee County, Fla.*, Case No. 2:00-cv-30-FTM-20D (M.D. Fla.)

        2.    *E.S. v. School Bd. of Lee County, Fla.*, Case No. 2:00-cv-60-FtM-29DNF (M.D. Fla.)

        3.    *School Bd. of Lee County, Fla. v. M.C.*, Appeal Case No. 2D00-4426 (Fla. 2d DCA 2000)

        4.    *M.C. v. School Bd. of Lee County, Fla.*, DOAH Case No. 99-3464E

        5.    *School Bd. of Hendry County, Fla. v. S.H.*, 2:00-cv-107-FtM-29D (M.D. Fla.)

23.    I am aware that the Petitioners were not successful in all claims raised and that the School District was found to have not fully complied with the directives from the Department of Education and Early Development ("DEED"), which resulted in greater work by Sonja D. Kerr, Esquire and the Disability Law Center of Alaska.

24.    I am also aware that there appears to be a split of authority between the 11th Circuit and the 9th Circuit with regard to the entitlement of attorney's fees and how reasonable compensation is determined. Under *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988), a lodestar is used and fees for

unsuccessful claims are not allowed. However, in *Bignell*, 718 P.2d at 973, the Supreme Court of Alaska has held that hourly rates do not provide the only method for determining full compensation.

25. Based upon a review of the documents provided, my understanding of the facts at issue, results obtained, and reducing the time expended for the unsuccessful claims against DEED, it is my opinion that the following hours were reasonably expended in this case:

| Name | Hours Billed | Disallowed | Reasonable |
|---|---|---|---|
| T. Holt | 3.33 hours | 0.00 hours | 3.33 hours |
| S. Kerr | 51.84 hours | 2.17 hours | 49.67 hours |
| E. Zukauskas | 4.33 hours | 4.33 hours | 0.00 hours |
|  | 59.50 hours | 6.50 hours | 53.00 hours |

26. In my opinion, the rate of $80.00 per hour for Teresa Holt is reasonable, and the rate for Sonja D. Kerr, Esquire at $300.00 per hour, is reasonable, notwithstanding that she has only requested $225.00 per hour.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
PAUL E. LILES

SWORN TO AND SUBSCRIBED before me this 8th day of December, 2005, by the aforementioned Paul E. Liles, who is personally known to me or has produced the following identification _____ and did take an oath.

_____
Notary Signature

My commission expires:

Dawn Mars
_____
Notary Printed Name

NOTARY PUBLIC-STATE OF FLORIDA
Dawn Mars
Commission #DD446388
Expires: JUNE 30, 2009
Bonded Thru Atlantic Bonding Co., Inc.

Exhibit 5
Page 11 of 11

11