**Findings of Fact:**

1. The Complainant's child (the "Student") is 9 years old and was enrolled in the third grade for the 2003-04 school year.

2. The Student attended a special education program in his neighborhood school for most of the 2003-04 school year. The Elementary Special Education Coordinator stated that the Student lives close to the neighborhood school and needed minimal transportation support. Point-to-point bus service was provided.

3. The Transportation Supervisor stated that special transportation was provided for the Student to his neighborhood school. She stated that the only special transportation going to the neighborhood school was via the shuttle. When transportation was arranged for the Student, it was determined that, since he lived so close to the school, the regular bus could loop around and pick up the Student after dropping off the students from the regular run. At the end of the day, the regular bus took the Student home and then returned to the school to complete the regular run.

4. The Individual Education Program (IEP), dated January 22, 2004, lists transportation as a related service. Details regarding the transportation service are not included in the IEP.

5. In the letter of complaint, the Complainant states that "direct bussing abbreviated time" is currently included in the Student's IEP based on a Prior Written Notice, dated November 6, 2003.

6. The Elementary Special Education Coordinator stated that a change of placement was discussed with the Complainant. It was suggested that the Student might benefit from placement in a program designed for intermediate elementary students located at another school. She stated that, following the discussion, the Complainant observed the program. Based on her observation, the Complainant called the Coordinator and told her that she had decided that she wanted the Student to attend the intermediate program. The Elementary Coordinator stated that she told the Complainant that there would need to be an IEP meeting for a change of placement and that transition would be planned.

7. The intermediate program is located in a school approximately seven miles from the Student's home.

8. The Complainant stated that the Student attended the new school the last twelve days of the school year. She stated that when the IEP Team met for the change of placement, they considered whether they should postpone enrollment until the bussing was in place (7 to 10 days), whether the Student should finish the school year at the neighborhood school, whether the Student should have an early end to the school year and begin the next school year at the new location, or whether the parents would drive the Student to school while the bussing was being arranged. The Complainant agreed to drive the Student to the new school, but the bussing was not put in place following the suggested 7 to 10 days.

9. The Elementary Special Education Coordinator stated that, in order to transport students to the various special education programs in the district, they run a shuttle at the transportation garage that is located approximately in the center of the district.

(The district is approximately 80 miles across.) Busses bring students to a coral area. She stated that there is a lot of adult supervision on site to assist children as they step from one bus to another that will take them to their school. Students are not required to stand in a holding area to wait for a bus to come. She stated that the system has worked very successfully, even with preschool children. The Special Education Coordinator stated that, even with the shuttle system, children are riding the bus from 30 – 45 minutes.

10. The Complainant stated that, due to the Student's disability, an abbreviated and direct mode of transportation is a necessary modification of his special education transportation and has been provided throughout the school year. She stated that use of the shuttle would be problematic due to the prolonged bus ride and the transition from one bus to another.

11. The Complainant stated that the transportation issue was brought forward in three IEP Team meetings: May 18, May 20, and May 28. She stated that the Team worked on his transition to the new location, but the transportation issue was repeatedly postponed until a representative from the transportation department could attend the meeting.

12. The Prior Written Notice, dated November 6, 2003, lists five items under the heading, proposed or refused action. The second item listed is "Changing bussing to direct bussing abbreviated time."

13. The Prior Written Notice, dated May 28, 2004, lists two items under the heading, proposed or refused action: discussion of occupational therapy goals for an amended IEP and ""Changing bussing to direct bussing abbreviated time" quote from Amendment of 11/6/03".

14. Neither the Complainant nor the district was able to locate a copy of an amendment dated November 6, 2003. The Elementary Special Education Coordinator stated that she believes that the language in the Prior Written Notice dated May 28, 2004 was in error and was referring to the November 6, 2003 Prior Written Notice rather than an amendment.

15. The Complainant stated that the Prior Written Notice was given to her after the IEP Team meeting and that it was her understanding that the notice documented the Team's decision to continue to provide the direct/abbreviated bussing.

16. The Elementary Special Education Coordinator stated that the teacher consultants felt that nothing regarding transportation was refused at the IEP Amendment meeting. Rather, it was determined that they needed to meet again because the safety officer from the transportation office was unable to attend the meeting due to illness.

17. The Prior Written Notice, dated May 28, 2004, includes the following statement under the heading, Other factors that are relevant to the proposal or refusal: "Bussing safety officer was invited, and did not attend, therefore, we were unable to resolve the bussing issues at this time."

18. The Elementary Special Education Coordinator stated that the district proposed that the Student's transportation needs be addressed during the first week of August. Routes are determined in June and July to establish the fall schedule. She stated that

Page 3 of 5

EXHIBIT B
Page 6 of 8

EXHIBIT 2
Page 6 of

Ex. 1
Page 23 of 48

there are several new programs being opened in the fall, so transportation routes will need to be rescheduled.

**Conclusions of Law:**

*Issues: Whether or not the district failed to provide transportation in accordance with the IEP.*

Federal regulations at 34 CFR 300.342(a), require the district, at the beginning of each school year, to have an IEP in effect for each child with a disability within its jurisdiction.

Transportation is included in the definition of related services as defined in 34 CFR 300.24(a). The term, transportation, includes "travel to and from school and between schools" (§300.24(b)).

In this case, bus transportation is included in the Student's IEP, but details regarding the length of the bus ride or point-to-point transportation are not described (Finding of Fact 4). However, point-to-point transportation has been provided for the Student throughout the school year (Findings of Fact 2, 3, and 10). Finding of Fact 12 indicates that Prior Written Notice was given the parent following a November meeting of the IEP Team and lists "changing bussing to direct bussing abbreviated time."

Twelve days before the end of the school year, the Student's placement was changed from the neighborhood school to a school located approximately seven miles from the Student's home (Finding of Fact 6 – 8). At an IEP Team meeting, the Complainant agreed to drive the Student to school for seven to ten days until bussing could be arranged (Finding of Fact 8). Three IEP Team meetings were held between May 18 and May 28, but the schedule for transportation was not finalized (Findings of Fact 11, 16, and 17).

Although the IEP does not clearly state direct/abbreviated bussing, through the practice of the district and Prior Written Notices that reference direct/abbreviated bussing, the Complainant has a reasonable expectation that the special education and related services provided the Student will continue until an IEP Team has met to review the Student's individual needs and determine whether or not a change is appropriate.

Findings of Fact 16 – 18 indicate that the district has not refused to provide transportation, but has not brought forward a plan to provide "direct bussing abbreviated time" that was in place for the 2003-04 school year, nor has the IEP Team made a determination to change the type of transportation. Finding of Fact 8 indicates that the parent provided transportation for the final 12 days of the school year. <u>Therefore, a violation of 34 CFR 300.342(a) has occurred.</u>

**Corrective Action Required:**

The district shall schedule the IEP Team to meet no later than August 9, 2004. A representative from the district's transportation office who has the authority to approve transportation services must be in attendance. The IEP Team shall consider the unique transportation needs of the Student and determine appropriate transportation for the 2004-05 school year. The determination of the IEP Team shall be clearly documented in an IEP

amendment. A copy of the amended IEP shall be submitted to the Department of Education and Early Development by August 16, 2004.

**Date Report Completed:** July 16, 2004

*Note:* In the Complainant's letter to the Department of Education and Early Development, she indicated that she wished to invoke "Stay Put" as to the Student's transportation modification. Provisions of the IDEA that address maintaining a child's current educational placement are found in 34 CFR 300.514 and states that "during the pendency of any administrative or judicial proceeding regarding a complaint under §300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement." §300.507 addresses the impartial due process hearing and parent notice.

"The provisions maintaining the child's current educational placement pending proceedings regarding a complaint is a right afforded to parents to protect children with disabilities from being subjected to a new program that parents believe to be inappropriate. The provisions are intended to apply only to the due process proceedings and the subsequent civil action, if any, brought under section 615 of the Act, and not to the State complaint procedures in §§300.660-300.662, which are authorized by the General Education Provisions Act." – Quoted from the Federal Register / Vol. 64, No. 48 / March 12, 1999 / Rules and Regulations. Attachment 1 – Analysis of Comments and Changes.

Page 5 of 5

EXHIBIT B
Page 8 of 8

EXHIBIT 2
Page 5 of Ex. 1
Page 25 of 48