SONJA D. KERR (AK BAR NO. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone:   (800) 478-1234/907-565-1002
Email:   akpa@dlcak.org

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

N.S. by and through
his parents, J.S. and R.S.,

Case No. _____

v.

Anchorage School District,
        Defendants

---

    Comes now, Sonja D. Kerr and being first duly sworn, deposes and states as follows:

1. I am counsel of record in this matter, and am admitted to the Bar of this Court and the State Bar of Alaska as of September, 2004. Prior to that I had been admitted to a number of courts and jurisdictions. I an attorney experienced in special education and disability matters, having practiced in this area since the 1988-1989 school year.

2. Ex. A – D are true and correct copies of the administrative decisions in this case and reflect that N.S. is the prevailing party.

3. The fees in this matter, referenced at Ex. E are $12, 024.90. My hourly rate is $225.00, reflective of my nearly 17 years of experience practicing special education law in various jurisdictions. The total hours reflected on the bill are 57.50 hours which is a reasonable amount of time given the nature and

complexity of this case. DLC did not charge costs such as courier, copying, or faxing.

4. I have diligently attempted to resolve this fees dispute without the necessity of additional litigation as reflected in Ex. F, G, H, and I.

Further, affiant saith not.

Dated this 27th day of July, 2005.

*Sonja D. K—*
Sonja D. Kerr, #0409051

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002     Fax 907-565-1000
1-800-478-1234

Ex. 1
Page 8 of 48

# STATE OF ALASKA

**Department of Education & Early Development**

*Division of Teaching and Learning Support*

FRANK H. MURKOWSKI, GOVERNOR

Goldbelt Place
801 West Tenth Street, Suite 200
Juneau, Alaska 99801-1894

907 465-2824
(907) 465-2806 Fax
sharon_schumacher@eed.state.ak.us

December 5, 2003

Rick & Jill Simmons
7721 Evander Drive
Anchorage, AK 99518

Carol Comeau, Superintendent
Anchorage Schools
P.O. Box 196614
Anchorage, AK 99519-6614

RE: Complaint Investigation # 04-04

Dear Rick & Jill Simmons and Superintendent Comeau:

Enclosed is the Complaint Investigation Report, # 04-04, based upon the complaint filed by Rick & Jill Simmons on behalf of NS alleging violation of state statutes and regulations governing special education. A copy of the report is being sent concurrently to those listed below.

This is a final administrative decision. Should either party wish to appeal this decision they may file an action with the Superior Court under Rule 602(a)(2), Alaska Rules of Appellate Procedure. There may be additional administrative remedies available to either party that might be required to be exhausted, including a Due Process Hearing, before the court will hear the appeal.

**It is important to note that corrective action is required by the district on this complaint.**

Sincerely,

*Sharon Schumacher*
Sharon Schumacher
Program Manager

Enclosure

cc: Jerry Sjolander, Special Education Director
    Complaint file, AK EED # 04-04

EXHIBIT A
Page 1 of 9

Ex. 1
Page 9 of 48

Alaska Department of Education & Early Development
Division of Teaching and Learning Support/Special Education Services

## COMPLAINT INVESTIGATION REPORT

**Complaint number:** CI # 04-04
**Complaint filed by:** Parents
**Complaint investigator:** DiAnn Brown

**Complaint Issues:**

1. Whether or not the district failed to provide a free appropriate public education in the least restrictive environment.

2. Whether or not the district failed to implement the IEP.

3. Whether or not the district failed to provide appropriate training to staff in regards to curriculum modification and disability area.

**Interviews**

| Name | Relationship to the student | Date |
|---|---|---|
| Carol Comeau | District Superintendent | 10/13/03 |
| Parent | Mother | 11/05/03 (email) 11/10/03 (email) 11/12/03 |
| Jerry Sjolander | Executive Director, Special Education | 11/12/03 |
| Julia Ayala | Regular Education Teacher | 11/21/03 |
| Karen Rigg | Principal | 11/21/03 11/24/03 |
| Gail Somerville | Special Education Teacher | 11/24/03 12/03/03 (email) |

**Documents Received by Investigator from:**

Department of Education & Early Development

- Letter of complaint, dated September 28, 2003
- Responses to Letter of Complaint, dated September 26, 2003

The Complaint:

- Email correspondence with school district
    ✓ From Complainants to Karen Rigg, dated August 13, 2003, 11:49 pm
    ✓ From Julia Ayala to Complainants, dated September 8, 2003, 11:57 am

EXHIBIT A
Page 2 of Ex. 1
Page 10 of 48

- From Complainants to Julia Ayala, dated September 8, 2003, 12:27 pm
- From Julia Ayala to Complainants, dated September 8, 2003, 2:39 pm
- From Derek Coryell to Complainants, dated September 9, 2003, 11:40 am
- From Complainants to Dana Dugdale, dated September 11, 2003, 10:41 am
- From Complainants to Gail Somerville, Julia Ayala, Celia Foley, and Patti Welch, dated September 11, 2003, 8:07 pm
- From Complainants dot Dana Dugdale, dated September 12, 2003, 4:26 pm
- From Dana Dugdale to Complainants, dated September 15, 2003, 8:03 am
- From Complainants to Dana Dugdale, dated September 15, 2003, 8:23 am
- From Complainants to Dana Dugdale, dated September 17, 2003 8:03 am
- From Complainants to Dana Dugdale, dated September 22, 2003, 4:08 pm
- From Complainants to Julia Ayala, dated September 22, 2003, 4:12 pm
- From Margo Bellamy to Complainants, dated September 22, 2003, 5:59 pm
- From Complainants to Derek Coryell, dated September 23, 2003, 9:40 pm
- From Derek Coryell to Complainants, dated September 25, 2003, 10:26 am
- Messsage return receipt from Carol Comeau to Complainants, dated September 28, 2003, 2:48 pm
- From Complainants to Karen Rigg, Celia Foley, Gail Somerville, and Julia Ayala, dated September 30, 2003, 11:47 pm, with attachment – IDEA "Stay Put" Provisions
- From Gail Somerville to Complainants, dated September 30, 2003, 3:55 pm
- From Complainants to Gail Somerville, dated September 30, 2003, 5:36 pm
- From Gail Somerville to Complainants, dated September 30, 2003, 4:56 pm
- From Gail Somerville to Complainants, dated September 30, 2003 5:01 pm
- From Gail Somerville to Julia Ayala, Celia Foley, Derek Coryell, Karen Rigg, Deanna Goyd, and Complainants, dated October 1, 2003, 12:57 pm
- From Gail Somerville to Complainants, dated October 1, 2003, 5:01 pm
- From Complainants to Gail Somerville, dated October 1, 2003, 4:19 pm
- From Gail Somerville to Complainants, dated October 1, 2003, 5:10 pm
- From Gail Somerville to Julia Ayala, Celia Foley, Derek Coryell, Karen Rigg, Deanna Boyd, and Complainants, dated October 2, 2003, 12:41 pm
- From Julia Ayala to Complainants, dated October 2, 2003, 5:18 pm
- From Julia Ayala to Complainants, dated October 3, 2003, 7;29 am
- From Complainants to Lynn Paterna, Deanna Boyd, Celia Foley, and Derek Coryell, dated October 3, 2003, 11:35 am
- From Complainants to Summer Sauve, dated October 6, 2003, 3:51 pm
- From Summer Sauve to Complainants, dated October 7, 2003, 10:13 am
- From Complainants to Summer Sauve, dated October 7, 2003, 10:51 am
- From Summer Sauve to Complainants, dated October 7, 2003, 11:48 am
- From Complainants to Summer Sauve, dated October 7, 2003, 11:57 am
- From Complainants to Summer Sauve, dated October 7, 2003, 11:58 am, with attachment – Letter to Parents of Mrs. Ayala''s Classroom
- From Complainants to Sue Doherty, dated October 7, 2003, 3:57 pm
- From Coplainants to Jerry Sjolander, dated October 7, 2003, 11:47 am
- Jerry Sjolander to Complainants, dated October 7, 2003, 4:48 pm
- From Complainants to Summer Sauve, dated October 8, 2003, 7:38 am

EXHIBIT A
Page 3 of 9

- ✓ From Complainants to Dana Dugdale, Sue Doherty, Barb Lefler, Teresa Hold, Carol Comeau, Jerry Sjolander, dated October 8, 2003, 7:47 am
- ✓ From Summer Sauve to Complainants, dated October 8, 2003, 8:07 am
- ✓ From Complainants to Summer Sauve, dated October 8, 2003, 8:21 am
- ✓ From Complainants to Summer Sauve, dated October 8, 10:38 am
- ✓ From Complainants to Karen Rigg and Gail Somerville, dated October 17, 2003, 10:32 am
- ✓ From Gail Somerville to Complainants, dated October 17, 2003, 4:51 pm
- ✓ From Derek Coryell to Complainants, dated October 28, 2003, 9:15 am, with attachment – Functional Behavior Assessment, dated September 23, 2003
- ✓ From Complainants to Derek Coryell, Karen Rigg, Gail Somerville, Lynn Paterna, Celia Foley, Deanna Boyd, and Shawn Hagget, dated October 28, 2003, 12:22 pm
- ✓ From Complainants to Christine Zelinsky, dated November 4, 2003, 11:20 pm
- ✓ From Christine Zelinksky to Complainants, dated November 5, 2003, 11:35 am

-

<u>The Anchorage School District</u>
- Individual Education Program, dated November 14, 2002
- Invitation to Attend a Meeting (by telephone), dated May 26, 2003
- Individual Education Program Amendment, dated May 29, 2003
- Prior Written Notice, dated May 29, 2003
- Student's Visual Schedule and Hall Pass

**Findings of Fact:**

1. The Complainant's child (the "Student") is 9 years old and is currently enrolled in the third grade. He is eligible for special education under the category of early childhood developmental delay/autism spectrum. (Reevaluation is in process.)

2. At the beginning of the school year, the Student was enrolled in a cross-age Montessori classroom through a school lottery. On October 6, his parents chose to enroll him in his neighborhood school.

*Provision of a Free Appropriate Public Education in the Least Restrictive Environment*

3. The executive director of special education stated that an unexpected number of students with IEPs were accepted through the school's lottery. He acknowledged that the Student did not have the level of support needed at the beginning of the school year.

4. The principal stated that more students with special needs were accepted through the lottery than had been anticipated. She stated that, at the beginning of the school year, she realized that additional staff was needed.

5. The principal stated that she did not know that the Student would be attending her school until just before school started. She assigned him to a classroom in which the regular education teacher has a special education teaching certificate and an extensive background in special education. She stated that the teacher assistant assigned in that class has a long history of working in the district and has worked in intensive needs classrooms.

6. The classroom teacher stated that the regular classroom was an "impossible expectation" for the Student without one-on-one aide support. She stated that in her cross-grade-level classroom (grades 1-3) students work on contracts and often need to make choices every two minutes to ½ hour. She indicated that the Student was unsuccessful working on his learning contract.

7. The full-time teacher assistant assigned to the Student's classroom worked with five special education students. In addition to the Student, she worked with two other students with significant needs and two students whose IEPs included only academic goals.

8. The principal stated that as soon as additional resources became available, an additional teacher assistant was hired to work in the Student's classroom. Hire papers were completed on September 25 and he began work on October 1.

9. The classroom teacher stated, "To say that goals or objectives were addressed wouldn't be true." She stated that, in terms of individualizing his instruction, that support was not given until the new teacher assistant was hired.

10. The complainant stated that the Student was not allowed to go to special classes such as art. Both the regular teacher and the special education teacher stated that the Student refused to go to art or full-class counseling because they were held in the kindergarten wing of the building and the Student refused to go there.

*Implementation of the IEP*

11. The IEP, dated November 14, 2002 lists the following providers and frequency of contact for the Student's special education and related services:

| Special Ed. Services | Provider | Hours per Day | Days per Week | Hours per Week |
|---|---|---|---|---|
| Behavioral pragmatic support | Classroom Teacher, SERT, TA | 3 | 5 | 15 |
| Reading | SERT, Classroom Teacher, TA | 1 | 4 | 4 |
| Speech/Language | SLP | .5 | 2 | 1 |
| Total hours per week | | | | 20 |

12. The complainant stated that the IEP was amended on September 16 to increase hours of service to 27.5 per week. Both the special education teacher and the regular education teacher stated that the amended IEP increased the hours of service to full time special education support throughout the academic day.

13. The special education teacher stated that the Student was scheduled to come to her room each day from 11:30 to 12:00. She stated that the Student came at that time on many days and also at other times.

14. The Student's visual schedule indicates work sessions on Monday, Tuesday, and Thursday from the beginning of school until lunch and then from 1:00 to the end of the day. A work session is listed on Wednesday starting at 1:00 for the remainder of the day. Friday lists a work session after P.E. (10:20) for the remainder of the morning and from 1:00 to the end of the day.

15. The special education teacher stated that the Student's visual schedule does not indicate the exact times for speech and resource. They were within the indicated work sessions.

16. The special education teacher was unable to locate notes documenting exact contact hours with the Student.

17. The special education teacher reported that the speech language pathologist's records indicate that she saw the Student eight times, but that her records were incomplete.

18. The regular classroom teacher stated that she did not maintain records of the amount of special education service provided.

19. Both the regular classroom teacher and the special education teacher stated that the Student was very resistant to academic work in the regular classroom and was only successful when working one-on-one with an adult.

20. The special education teacher stated that a system was established through which the Student was allowed to walk to the speech room or the resource room when he needed a break from the regular classroom. She acknowledged that he spent a lot of time walking or sitting in the hall. She stated that his "roaming" was supervised.

21. The complainant stated that the significant regression was observed. The Student became increasingly violent, kicking walls and furniture, and raging about every 20 minutes. She indicated that his doctor put the Student on an additional medication as a result of the behaviors.

22. The complainant stated that a Functional Behavioral Assessment, dated September 23, 2003 showed how far the Student had regressed. It noted behaviors that she had not observed in years.

23. The special education teacher stated that, since she had not worked with the Student during the past school year, she was unable to say whether or not significant regression had occurred. She stated that the Student had lost some previously mastered sight words, but that it was not a significant loss. She stated that his math skills were advanced.

*Training regarding curriculum modification and disability area*

24. The special education teacher holds a teaching certificate in special education – learning disabilities, elementary.

25. The special education teacher stated that she has post graduate coursework and has attended numerous district trainings on many topics, including autism. She has attended conferences with sessions regarding autism. She has viewed the Tony Atwood tapes and has also read about autism.

26. The special education stated that the teacher's assistant has had Mandt training, autism training, and training in positive supports. She has six years of ongoing training through the district and the Campfire program. She stated that she "has worked successfully with children who demonstrate mental retardation, Down's Syndrome, Autism, Cerebral Palsy, Oppositional Defiant Behavior, Learning Disabilities, Emotional Disturbances, Multiple Disabilities, and Bi-Polar. She has worked in intensive needs classrooms and in regular classrooms for support of special education children. She works under teacher direction for curricular modifications. She is familiar with classroom materials."

27. The complainant stated that the regular classroom teacher stated during the school's orientation meeting that she didn't know anything about autism and had not seen the Student's IEP.

**Conclusions of Law:**

*Issue 1: Whether or not the district failed to provide a free appropriate public education in the least restrictive environment.*

EXHIBIT A
Page 7 of 9

34 CFR 300.13 defines the term "free appropriate public education" (FAPE) as special education and related services that are provided at public expense, that meet the standards of the State, and are provided in conformity with an individualized education program.

Finding of Fact 10 indicates that the Student's nonparticipation in special classes was due to his refusal to attend, not because he was denied access. Findings of Fact 3, 4, and 6-9 indicate that, at the beginning of the school year, the school did not have in place the level of support necessary in order to fully implement the Student's IEP.

Therefore, a violation of 34 CFR 300.13 has occurred.

*Issue 2: Whether or not the district failed to implement the IEP.*

Federal regulations at 34 CFR 300.342(a), require the district, at the beginning of each school year, to have an IEP in effect for each child with a disability within its jurisdiction.

Findings of Fact 11 and 12 indicate that the IEP calls for 27.5 hours of special education to be delivered by the classroom teacher, the special education teacher, the teacher assistant, and the speech language pathologist. Records were not maintained to clearly document the frequency or duration of special education services provided (Findings of Fact 13 – 18). Findings of Fact 19 and 20 indicate that the Student was unable to complete academic work without one-on-one assistance and that he "roamed" the school for extended periods of time.

Therefore, a violation of 34 CFR 300.342(a) has occurred.

*Issue 3: Whether or not the district failed to provide appropriate training to staff in regards to curriculum modification and disability area.*

343 CFR 300.23 defines qualified personnel as personnel who have met state-approved or state-recognized certification, licensing, registration, or other comparable requirements that apply to the area in which the individuals are providing special education or related services. In accordance with 4 AAC 12.025, a person employed by a school district to teach special education to a child with a disability must possess a teacher certificate and must obtain a special education endorsement, based upon completion of a teacher training program in special education accepted by the board or the commissioner of education and early development in this state. Findings of Fact 5 and 24 indicate that both the teacher and the special education teacher are appropriately certified to provide special education services in the state. The special education teacher has also taken post-graduate coursework and participated in additional training offered by the district and through special education conferences (Finding of Fact 25).

34 CFR 300.136(f) allows districts to use paraprofessionals and assistants who are appropriately trained and supervised, in accordance with State law, regulations, or written policy, to assist in the provision of special education and related services. 4 AAC 52.250(b) requires that special education aides be trained prior to or concurrent with providing services to students with disabilities. Finding of Fact 26 indicates that the teacher assistant has received training and is appropriately supervised.

EXHIBIT A
Page 8 of 9

<u>Based on the above evidence, this investigator finds insufficient evidence to support the complainant's allegation of noncompliance.</u>

**Corrective Action Required:**

1. The district shall provide the Student with compensatory special education and related services. The amount, type, and dates of delivery must be determined cooperatively with the Complainant. By January 16, 2004 the district shall submit to the Department of Education and Early Development, documentation of meetings with the Complainant, offers made, and a schedule of the agreed upon compensatory services. Within 10 working days of the completion of the services, the district shall submit to the department, documentation of the delivery of the agreed upon services.

2. Corrective Action assigned the district as a result of a separate complaint investigation requires the development of procedures to address special education needs of known IEP students once they are accepted in a district alternative or charter school. Procedures are to be submitted to the Department of Education and Early Development by February 1, 2004. No additional corrective action is assigned as a result of this investigation.

**Date Report Completed:** December 5, 2003