Sonja D. Kerr (AK BAR NO. 0409051)
The Disability Law Center of Alaska
3330 Arctic Blvd., Suite 220
Anchorage, AK 99503
907-565-1002
907-565-1000 Fax
skerr@dlcak.org

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| N.S., by and through his parents J.S. and R.S., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. A05-0177 CV (TMB) |
| vs. | ) ) ) | |
| Anchorage School District, | ) ) | |
| Defendants. | ) | |

**Memorandum in Support of Plaintiff's Motion for Summary Judgment**

N.S. is a minor child who has autism and related learning problems. N.S. attends Anchorage School District ("ASD"). N.S.'s parents successfully filed two administrative complaints about his educational services with the Alaska State Department of Education and Early Development ("DEED"). The ASD did not fully comply with orders of DEED necessitating an administrative hearing on those matters. The parents substantially prevailed at hearing. Following the administrative hearing, and after preliminary settlement negotiations failed, N.S. brought suit in this Court for attorneys fees of the Disability Law Center ("DLC"). The DLC is a non-profit agency, which is the mandated Protection and Advocacy Center for the State of Alaska. ASD has refused to pay the incurred legal fees, necessitating this additional litigation. The

N.S. et al. v. Anchorage School District
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

Page 1 of 12

total fees requested in the instant complaint were $12,024.90.[1] DLC also requests payment for attorney's fees and costs for the bringing of this action.

## FACTS

J.S. and R.S. filed two complaints with the Department of Education and Early Development ("DEED") alleging that ASD was violating N.S.'s rights pursuant to the IDEA. These administrative complaints are known as Complaint No. 04-04 and Complaint No. 04-14. **Ex. 1, Complaint**, Internal **Ex. A. and Ex. B.**

In Complaint No. 04-04, J.S. and N.S. alleged that ASD had failed to provide certain educational services to N.S. DEED ruled in favor of N.S. and issued a Corrective Action Order on December 5, 2003 finding violations of 34 C.F.R. 300.13 and 34 CFR 300.342(a). **Ex. 1, Complaint, Internal Ex. A**. The Corrective Action ordered ASD to provide N.S. with "compensatory" special education and related services, to determine how those services would be delivered in cooperation with J.S. and R.S. and to report back to DEED by January 16, 2004.

In Complaint No. 04-14, J.S. and N.S. alleged that ASD failed to provide transportation services to N.S. consistent with his unique needs and as required by the IDEA. DEED ruled once again in favor of N.S. and issued a Corrective Action Order on July 16, 2004. DEED determined ASD had violated 34 CFR 300.342(a). **Ex. 1, Complaint, Internal Ex. B**. The Corrective Action ordered ASD to schedule a meeting to arrange for appropriate transportation for N.S.

Following the issuance of the Corrective Action orders, J.S. and R.S. contacted the ASD on numerous occasions to ensure compliance with the Corrective Action

---

[1] The total amount requested is based on varying rates for Counsel Kerr, advocate Holt and staff attorney Zukauskas.

N.S. et al. v. Anchorage School District                                    Page 2 of 12
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

Orders.

When ASD continued to fail to comply with the Corrective Action orders, J.S. contacted DEED seeking assistance. DEED advised J.S. to request a special education due process hearing pursuant to the IDEA and state law to enforce the two Corrective Action orders.

The Disability Law Center assumed representation of N.S. following J.S.'s inability to enforce the Corrective Actions of DEED Complaint No. 04-04 and 04-14 by self-advocacy and through contacting DEED.

On September 30, 2004, on behalf of J.S. and N.S., DLC filed a request for a special education due process hearing concerning N.S.

Following preliminary matters, a special education due process hearing was held on December 13, 2004 before Independent Hearing Officer, Linda M. Cerro. This is known as DEED Hearing No. 05-12. Following one efficient day of hearing, testimony of both parties, receipt of documentary evidence and post-hearing briefing, on February 9, 2005, IHO Cerro ruled substantially in favor of N.S. and his parents. **Ex. 1, Complaint, Internal Ex. C**. IHO Cerro found that ASD had failed to comply with the Corrective Action orders and awarded N.S. additional remedies as a result. She ordered ASD to provide N.S. compensatory education and to reimburse his parents for certain costs.

IHO Cerro retained jurisdiction to ensure transportation arrangements were complete. When ASD failed to respond to her order to provide certain documentation about transportation services, on February 25, 2005, the IHO, by an additional order directed ASD to provide N.S. yet another additional remedy. **Ex. 1, Complaint,**

N.S. et al. v. Anchorage School District  
Memorandum in Support of Plaintiffs' Motion for Summary Judgment  
Case A05-0177 CV (TMB)  
Page 3 of 12

DISABILITY LAW CENTER OF ALASKA  
3330 Arctic Blvd., Suite 103  
Anchorage, AK 99503  
907-565-1002   Fax 907-565-1000  
1-800-478-1234

**Internal Ex. D.**

ASD did not appeal DEED No. 05-12, either the decision or the amended decision of IHO Cerro. N.S. substantially prevailed before the IHO.

DLC's total attorney fees for representation of N.S. in the administrative forum were $12,024.90. A statement of fees and costs is attached to the complaint. **Ex. 1, Complaint, Internal Ex. E.** The total number of hours expended on this case is some 59.50 hours. DLC did not request payment for the time of its paralegal, courier costs, copying or postage costs.

DLC attempted to resolve the fees without the necessity of this lawsuit. On March 22, 2005, DLC requested that ASD pay attorneys fees and costs DLC had incurred in this case in the amount of $12,024.90. **Ex. 1, Complaint, Internal Ex. F.** DLC explained its non-profit status and right to fees in summary fashion. On March 31, 2005, ASD responded that it would offer partial payment of the fees. **Ex. 1, Complaint, Internal Ex. G.** On April 1, 2005, DLC again requested that ASD pay the full attorneys' fees and costs DLC had incurred in this case in the amount of $12,024.90. **Ex. 1, Complaint, Internal Ex. H.** After comprehensively explaining its right to the modest attorneys' fees requested in this case, DLC asked ASD to identify any specific case law supporting its theory that the full amount should not be paid. On April 15, 2005, ASD responded to the DLC letter of April 1, 2005 again declining to pay the full amount of the fees. **Ex. 1, Complaint, Internal Ex. I**

Counsel Sonja D. Kerr has nearly 17 years of experience in special education law, has litigated numerous due process hearings on behalf of parents and is widely considered an expert in special education law throughout not only Alaska but the United

N.S. et al. v. Anchorage School District  
Memorandum in Support of Plaintiffs' Motion for Summary Judgment  
Case A05-0177 CV (TMB)

Page 4 of 12

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

States. Counsel Kerr's affidavit affirming her experience is attached as **Ex. 1, Complaint, Internal <u>Ex. J</u>**, Par. 1; and see, **Ex. 4** and **Ex. 5**.

Counsel Kerr's fee of $225.00 per hour does not exceed the hourly rate prevailing in Anchorage or Alaska community for specialized services by attorneys of reasonably comparable skill, reputation and experience. **Ex. 2, Affidavit of Don McClintok.** Notably, ASD Counsel, Brad Owens, averred in an unrelated matter before this Court, *Noon v. Alaska*, Case No. A04-0057 (JSK), that an hourly rate of between $175.00 and $225.00 was a reasonable rate in the Anchorage community. Specifically, Owens stated:

> "Based on my experience, both in my law firm as well as with other law firms and attorneys in the Anchorage area, the typical hourly rate charged by attorneys in private practice ranges from $175 to $250. Most attorneys who practice in Anchorage in private practice who focus on a particular area of law, such as employment law, or bankruptcy, or commercial transactions, charge and hourly rate between $200 and $250, depending on how long they have been in practice. My hourly rate ranges from a low of $150 to a high of $200 depending on the area of law and the client." **Ex. 3, Par. 3.**

Thus, clearly $275.00 is between the rates suggested even by ASD's counsel. Moreover, Counsel Kerr's rate of $225 is consistent with the rate of attorneys with far less special education experience than Counsel Kerr and probably should be higher given her experience. **Ex. 4, Affidavit of Dorene Philpot.** A review of fee rates throughout the country demonstrates that Counsel Kerr's rate of $225.00 per hour is not only reasonable but is low and her experience actually warrants a rate of $300.00 per hour. **Ex. 5, Affidavit of Paul E. Liles, Par. 21, and 25.**

The number of hours expended by DLC on this matter, 59.50 hours, were reasonable. DLC's advocate, Teresa Holt, spent 3.33 hours. Advocates are an integral

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

N.S. et al. v. Anchorage School District
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

Page 5 of 12

Case 3:05-cv-00177-TMB   Document 24   Filed 02/14/2006   Page 6 of 12

part of DLC's work and offset higher attorneys' fees. Counsel Kerr expended 51.84 hours. An associate attorney, Edie Zukauskas contributed 4.33 hours. The only amount of hours that might even be questioned is attorney time spent on an unsuccessful response to a motion to dismiss the DEED from the administrative hearing. The total number of hours attributable to this is 6.50, mostly the work of Ms. Zukauskas. **Ex. 5, Aff. Paul Liles, pg. 11, Par. 25.**

A review of the administrative record, decision and pleadings in the case demonstrate that N.S. substantially prevailed before the IHO. **Ex. 4, Aff. Dorene Philpot, Par. 9.; Ex. 5, Aff. Paul Liles, Par. 23 and Par. 25.**

Defendant's initial discovery responses in this matter essentially objected to nearly all questions requested and documents requested. **Ex. 6, Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Documents.**

Later, Defendants specifically admitted that they did not make any written Rule 68 offer to N.S. to resolve the matter prior to the beginning of the administrative proceeding. **Ex. 7, Defendant's Responses to Plaintiffs' Second Set of Interrogatories and First Request for Admissions, Request for Admission No. 1, 2, 3.**

## STANDARD OF REVIEW

After adequate time for discovery and upon motion, summary judgment may be issued against a party who fails to make a showing sufficient to establish the existence of an element to that party's case and on which that party will bear the burden of proof at trial. That is, summary judgment is appropriate where the evidence is so one-sided that one party may prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

N.S. et al. v. Anchorage School District   Page 6 of 12
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *Triton Energy Corporation v. Square D. Company,* 68 F.3d 1216 (9th Cir. 1995).

## ARGUMENT

A party who prevails at an administrative hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400, is entitled to an award of attorneys fees and costs. 20 U.S.C. 1415(i)(3)(1997, 2004),[2] provides that the district courts of the United States have jurisdiction to award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party in court or at an administrative hearing. *McSomebodies, et al., v. Burlingame Elementary School District,* 897 F.2d 974 (9th Cir. 1989); *Miller ex rel. Miller v. San Mateo-Foster City Unified School Dist.,* 2004 WL 1161377 (N.D. Cal. May 24, 2004); *Noyes v. Grossmont Union High Sch. Dist.,* 331 F. Supp. 2d 1233, 1248-1251 (S.D. Cal. 2004).

20 U.S.C. 1415(i)(F) requires that parents' attorneys' fees be reasonable and the time spent not excessive. Fees for parents' attorneys cannot be limited on the basis of reasonableness or excessive time, however, "…if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section." 20 U.S.C. 1415(i)(3)(G). Further, school districts can avoid attorneys' fees if they provide a Rule 68 offer to the parents 10 days prior to the administrative proceeding, which is more than what is ordered by the hearing officer. As the facts herein show, N.S. and his parents prevailed at the hearing, the DLC's hourly rate and amount of hours are reasonable and the ASD made no written Rule 68 offer. Therefore, DLC is entitled to attorneys' fees for the work at the administrative proceeding.

---

[2]   This case arose prior to the reauthorization of the IDEA effective July 1, 2005.

N.S. et al. v. Anchorage School District　　　　　　　　　　　　　　　　　　　　　　Page 7 of 12
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

### I.     N.S. Prevailed at the Hearing and ASD violated the IDEA.

The Independent Hearing Officer in this case found that the ASD had denied N.S. a free appropriate public education. She concluded that N.S. was entitled to compensatory education, a correction to his transportation plan and arrangements and that his parents were entitled to some modest reimbursement for costs of transportation. A prevailing party pursuant to the IDEA is one who prevails on any significant issue. "A prevailing party is defined as a party who succeeds 'on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit' *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quotation omitted). A prevailing party need not prevail on all issues to obtain an award of attorneys' fees. *Association of California Water Agencies v. Evans*, 386 F. 3d 879 (9th Cir. 2004). The IHO found ASD had denied N.S. a FAPE and violated the IDEA. Therefore, N.S. prevailed. He prevailed sufficiently that the IHO awarded compensatory education as a remedy and reimbursement as a remedy- and this is sufficient to establish that N.S. is a prevailing party.

### II.    Counsel's Hourly Rate of $225 is Reasonable.

Counsel Kerr is an experienced special education attorney with some 17 years of experience in this field. Other federal courts have awarded her attorneys' fees, including most recently this Court, in *Noon v. Alaska,* 2005 WL 2414994 (D. Ct. AK 2005), and see unreported decision (enclosed per D. Ak .LR 7.1(c)).

Counsel has submitted four affidavits attesting to the reasonableness of Ms. Kerr's $225 per hour rate. Don McClintok, a practitioner in the Anchorage area avers that $225.00 is a reasonable rate given the years of experience of Counsel Kerr. **Ex. 2,**

N.S. et al. v. Anchorage School District                                                Page 8 of 12
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

**Aff. McClintok**. ASD's own counsel, Mr. Owens, averred that a rate between $175 and $250 is a reasonable hourly rate in the Anchorage area. **Ex. 3, Aff. Owens**. Dorene Philpot, a special education practioner in another state avers that $225.00 is actually low given Counsel Kerr's experience. **Ex. 4, Aff. Philpot**. Finally, Affiant Liles, an experienced special education attorney who is familiar with special education attorneys' fees rates throughout the country and who reviewed the administrative matters below suggested that the rate for Counsel Kerr should actually be higher, at $300.00 per hour. The Court should set Counsel Kerr's rate at least at $225.00 per hour and find that amount to be a reasonable rate. **Ex. 5, Aff. Liles.**

ASD may suggest that DLC is not entitled to the same rates as private attorneys because of its non-profit status or because its clients are not able to afford to pay DLC. A brief review of case law suggests otherwise. The purpose of the IDEA's fee provision, as well as other civil rights fee shifting statutes, is not merely, to "make parents whole," but to make it possible and even attractive for lawyers to accept certain kinds of cases. Indeed, Congress's most frequently expressed concern in 1986 when the IDEA was amended to permit fees for parents' counsel was not with securing reimbursement for parents who had paid attorney's fees, but representation for those who could not. Reasonable hourly rates are determined not "by reference to the rates actually charged the prevailing party," *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906-08 (9th Cir.1995), but "according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), which typically is the community in which the district court sits, *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.1991). As $225.00 is a rate typical in the

N.S. et al. v. Anchorage School District  
Memorandum in Support of Plaintiffs' Motion for Summary Judgment  
Case A05-0177 CV (TMB)

Page 9 of 12

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

Anchorage community, the Court has no reason to assign a lower rate to Ms. Kerr, especially given her years of experience in special education law.

### III. DLC's Time Was Not Excessive.

The total amount of time billed by DLC is just shy of 60 hours, with attorneys' fees at a total of 56.17 hours and 3.33 hours of advocate time. DLC's billing reflects the following 3.33 hours of service by Teresa Holt, advocate, at $80.00 per hour. The majority of work was completed by Counsel Kerr, a total of 51.84 hours at $225.00 per hour. Staff attorney Edie Zukauskus was involved for 4.33 hours at a rate of $125.00 per hour. The total billing was $12,024.90. For a case involving the complexity of two prior state administrative complaints and the implementation of Corrective Action orders, the amount billed is not excessive. Two individuals reviewed the administrative work by DLC and both found the amount billed reasonable. Affiant Philpot found the amount billed entirely reasonable. Affiant Liles suggested a small reduction of 6.50 in hours (the 4.33 hours claimed for Ms. Zukauskas and 2.17 hours claimed by Counsel Kerr) since N.S. was unsuccessful in his response to DEED's motion to dismiss. **Ex. 5, Aff. Liles, Par. 25.** However, Affiant Liles recommended an hourly rate of $300.00 for Counsel Kerr based on her experience. **Id.** Thus, the Court should award all fees requested at a total of $12,024.90 or in its discretion, the Court may award a total of 49.67 hours for Counsel Kerr at either $300.00 ($14,901.00) or $225.00 ($11,175.50) for Counsel Kerr and $266.40 for Ms. Holt's time, eliminating the hours which were in response to DEED's motion to dismiss.

### IV. ASD Made No Rule 68 Offer.

The IDEA does not leave school districts without an avenue to avoid attorneys' fees

N.S. et al. v. Anchorage School District  
Memorandum in Support of Plaintiffs' Motion for Summary Judgment  
Case A05-0177 CV (TMB)

Page 10 of 12

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

costs even where there may have been errors in the child's educational program. 20 U.S.C. 1415(i)(3)(D) permits school districts to avoid attorneys' fees by making a written Rule 68 offer to the parent at any time more than 10 days before the proceeding begins. If the offer is not accepted within 10 days and the court finds that the relief finally obtained by the parents is not more favorable than the Rule 69 offer of settlement, then the school district does not have to pay attorneys' fees. Here, it is undisputed that the ASD made no written Rule 68 offer more than 10 days prior to the administrative proceeding. **Ex. 7, Defendants' Response to Plaintiffs Second Set of Interrogatories and First Request for Admissions Request for Admission No. 1, 2, 3.** Defendants stated:

> "Request for Admission No. 1: Defendant ASD did not make a written offer of settlement consistent with Rule 68 at any time ten days prior to the administrative hearing in this matter (December 13, 2004), DEED Hrg. No. 05-12.
> Response: Based on information and belief, admits.
> Request for Admission No. 2: Defendant did not make a written offer of settlement of any kind to resolve the issues before the IHO in DEED Hrg. No. 05-12.
> Response: Based on information and belief, admits."

Defendant denies that it made an oral offer of settlement of any kind but does not specify the nature of such so it cannot be presumed to be a Rule 68 offer as required by the IDEA's specific provision. Based on these admissions, the ASD cannot escape attorneys' fees under this provision.

V.      **Plaintiffs Are Entitled to Fees and Costs for this Action.**

As the Court has already noted, Courts do not prefer "litigation over litigation." *Order of the Court by Judge Singleton on ASD's Motion to Compel*, (12/16/05). However, if Plaintiffs prevail and are awarded fees as the result of this motion, Plaintiffs preserve their right to file for same consistent with Fed. R. Civ. P. 54(d) and

N.S. et al. v. Anchorage School District
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)

Page 11 of 12

D. Ak. LR 54.3. *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F. 2d 1280 (9th Cir. 1991).

## CONCLUSION

Because N.S. prevailed at the administrative hearing, attorneys fees should be awarded. Counsel Kerr's hourly rate should be set at no less than $225.00. The total amount of fees should be no less than the total amount billed, with the possible deduction for the response to the DEED's motion to dismiss.

Respectfully submitted this 14th day of February, 2005.

*Sonja D. Kerr*
Sonja D. Kerr, 0409051
The Disability Law Center of Alaska
3330 Arctic Blvd., Suite 220
Anchorage, AK 99503
907-565-1002
907-565-1000 Fax
skerr@dlcak.org

Certificate of Service

I hereby certify that on the 14th day of February, 2006, a copy of this document was served electronically on:
Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

*Meg Allison*
Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

N.S. et al. v. Anchorage School District
Memorandum in Support of Plaintiffs' Motion for Summary Judgment
Case A05-0177 CV (TMB)
Page 12 of 12