Sonja D. Kerr (0409051)
Disability Law Center of Alaska
3330 Arctic Blvd., Ste. 103
Anchorage, AK 99503
907-565-1002
907-565-1000 fax
skerr@dlcak.org

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | | |
|---|---|---|
| N.S., by and through his parents J.S. and R.S., | ) ) ) | |
| Plaintiffs | ) ) | Case No. A05-0177 CV (TMB) |
| vs. | ) ) ) ) ) | Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment. |
| Anchorage School District, | ) ) | |
| Defendants. | ) | |

_____

## INTRODUCTION

Defendants have wholly failed to rebut with any evidence at all the evidence provided the Court by Plaintiffs. Under a summary judgment standard, the non-moving party must do more than rest upon mere allegations or denials of his pleading. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed 2d 202 (1986). The Defendants were required to go beyond the pleadings and by submitting its own evidence, such as affidavits or depositions, designate specific facts to show that there is a genuine issue for trial. Defendants have failed to do so and thus, summary judgment for Plaintiffs is proper.

N.S. et al. v. Anchorage School District                                    Page 1 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

This case is about enforcement and Defendant ASD's failure, in the first instance, to fully comply with not one, but two clear written orders of the Department of Education and Early Development – Corrective Action orders. Because the Defendant ASD did not comply with these two state department orders, N.S.'s parents were forced to hire counsel and so the claim of fees has arisen. All the Defendants had to do to avoid payment of these fees was to simply comply with the Corrective Action orders of the state agency, thus negating the need for the one day administrative hearing. Alternatively, even if on the eve of hearing, the Defendants sought to avoid fees, Defendants could have made a Rule 68 offer to reflect what the IHO had to order and still avoided fees. Defendants did neither and cannot now complain that they should escape attorneys' fees.

Defendants concede that Plaintiffs are entitled to some amount of attorneys' fees. They dispute how much. Defendants argue that the fee award should be reduced because Plaintiffs did not sufficiently prevail, because counsel's hourly rate of $225 is too high and because DLC is a non-profit firm. Defendants ignore that they caused the litigation in the first place by failing to comply the DEED Corrective Action Orders and that its behavior was changed to one of compliance only after the hearing was held. Defendants ignore also that the ASD could have avoided attorneys' fees altogether by use of a Rule 68 written offer to simply agree to comply with the Corrective Actions. Finally, Defendants misquote precedent and case law to suggest that DLC is not entitled to recover fees because it is a nonprofit agency and offer no evidence to refute the reasonableness of time spent in response to the four affidavits offered by DLC. The Court must order attorneys fees awarded for the ASD's blatant failure to comply with the Corrective Action orders necessitating the administrative hearing which resulted in the fees

N.S. et al. v. Anchorage School District                                    Page 2 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

incurred. The Court should award all fees requested at a total of $12,024.90 or in its discretion, the Court may award a total of 49.67 hours for Counsel Kerr at either $300.00 ($14,901.00) or $225.00 ($11,175.50) for Counsel Kerr and $266.40 for Ms. Holt's time, eliminating if the Court desires, the hours DLC spent in response to DEED's successful motion to dismiss.

## ARGUMENT

### I.    Plaintiff Is A Prevailing Party.

The Ninth Circuit has described a prevailing party in *Fischer v. SJB-P.D., Inc*., 214 F. 3d 1115 (9th Cir. 2000). There, the Court explained that "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." In *Fischer*, the plaintiff sought $38,066.34 in attorneys' fees after he succeeded in requiring a restaurant to change its practices in allowing guide dogs into the restaurant pursuant to the Americans with Disabilities Act and in posting its new policy. Here, plaintiffs seek some $12,024.90 following an IHO's order that required the Defendant ASD to provide private compensatory education for N.S., change his transportation arrangements and to pay his parents some $700 for past transportation costs and future costs if transportation matters were not resolved. Clearly, the IHO's decision is one which constitutes a material alteration of the legal relationship between the parties and Plaintiffs are prevailing parties.

### A.    Plaintiff Is A Prevailing Party Pursuant to the IDEA.

Defendants ignore the specific controlling statute in this case. A prevailing party pursuant

N.S. et al. v. Anchorage School District                                    Page 3 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

to the IDEA is entitled to reasonable attorneys fees. 20 U.S.C. 1415 (i)(3)(B). Reductions of those fees are very limited. 20 U.S.C. 1415(i)(3)(G). The IDEA explicitly prohibits reduction of plaintiffs' attorney fees in two instances each of which apply here. First, full fees must be awarded if there was an unreasonable protraction of the final resolution of the action by the school district. This makes sense because school districts should not exacerbate unintentional errors that may occur and then claim excessive attorneys' fees.  Second, full fees are awardable where there was a "violation of this section." 20 U.S.C. 1415(i)(3)(G). The IDEA recognizes that compliance with the IDEA is critical to the receipt of a free appropriate public education to children such as N.S. and attorneys fees are awarded when parents prevail and show that the child has been denied a free appropriate public education. *McSomebodies, et al., v. Burlingame Elementary School District*, 897 F.2d 974 (9th Cir. 1989); *Noyes v. Grossmont Union High Sch. Dist.*, 331 F. Supp. 2d 1233, 1248-1251 (S.D. Cal. 2004); *M.S. v. New York City Board of Education,* 2002 WL 31556385 (2nd Cir. 2002).

Here, ASD unreasonably protracted and violated the IDEA. Defendant ASD failed to comply with not one, but two Corrective Action orders of the Department of Education and Early Development. This unreasonably protracted the resolution of the case. DEED had found that the ASD had violated the IDEA, specifically, 34 CFR 300.13 and 34 C.F.R. 300.342 by not ensuring N.S. had an IEP in place as required. Ex. A, pg. 8. DEED had found that the ASD had violated the IDEA, specifically, 34 C.F.R. 300.342 by not ensuring transportation arrangements for N.S. Ex. B, pg. 7. Had the ASD simply complied with DEED's orders, no due process hearing would have been necessary. ASD did not.

To enforce the Corrective Action orders, the parents sought the assistance of DLC to

N.S. et al. v. Anchorage School District                                                                    Page 4 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

enforce the findings and orders of DEED. Contrary to the Defendants' suggestions to the Court, the IHO made explicit findings that ASD had violated the IDEA and thereby deprived N.S. of a free appropriate public education. The IHO described the case as having two primary issues for hearing – first, did the ASD fail to provide the compensatory education as ordered in Complaint No. 04-04, and second, did the ASD fail to ensure transportation arrangements for N.S. as required by Complaint No. 04-14. Ex. C, IHO Dec., pg. 2. In each case, the IHO's query was "If the District failed to fulfill the terms of Complaint No. 04-04/04-14 what is the remedy?" Ex. C, IHO Dec. pg. 2. In each instance, the IHO found a denial of a FAPE and awarded N.S. and his parents a remedy. Ex. C, IHO Dec., pg. 8, and pg. 9. In regard to the first complaint, Complaint No. 04-04, failure to have the IEP in place, Defendants claim there was just a misunderstanding and no denial of FAPE. But, the IHO found that the District "…carried the burden of keeping open lines of communication to fulfill the Corrective Action Order and that it failed to do so and thereby denied Student a FAPE." Ex. C, IHO Dec., pg. 8, Par. 1. With respect to the second complaint, Complaint No. 04-14, the IHO likewise held that less than one hour notice of a meeting about transportation was insufficient and "…denied the Student FAPE." Ex. C, IHO Dec., pg. 9, Par. 7. The IHO went on to say about the transportation issues that "This violation was inexcusable and a violation of Student's entitlement to FAPE." Ex. C, IHO Dec., pg. 9, Par. 8.

The IHO awarded clear remedies for the violation of N.S.'s right to FAPE for the failure to have an IEP and for the transportation issues. As to Complaint No. 04-04, she awarded financial reimbursement for the parents to privately obtain the 25 hours of compensatory hours

N.S. et al. v. Anchorage School District                                                    Page 5 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

due for N.S. As to Complaint No. 04-14 she awarded a corrected transportation arrangement, transportation cost reimbursement, and future costs if needed totaling some $727.00. Ex. C, IHO Dec., pg. 9-10, and Ex. D, IHO Additional Order. The IHO found a "violation of this section" as the IDEA mandates, and awarded remedies. Thus, there can be no question that under the IDEA, Plaintiffs are prevailing parties.

**B**.     **Plaintiff Is A Prevailing Party Under *Hensley* and *Farrar*.**

Defendants' claim that the Supreme Court case of *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) and *Farrar v. Hobby*, 506 U.S. 103 (1992) require this Court to find that Plaintiffs are not prevailing parties. It should first be noted that neither of those cases was based upon the IDEA, and that both were general civil rights cases. As explained in the *Fischer* case, the point of this matter was enforcement. But for the need of Plaintiffs to enforce the already ordered Corrective Actions, the underlying administrative claim would not have been necessary. Thus, under *Hensley* and *Farrar*, there was a change of legal relationship, there was a settling of some dispute which affected the behavior of the Defendants towards N.S. – the compensatory education amount was set and transportation arrangements were ordered and reimbursement awarded. Defendants did not even attempt in any way to distinguish any of the special education cases more on point cited by Plaintiffs in their brief because the case law is clear under the IDEA. *McSomebodies, et al., v. Burlingame Elementary School District*, 897 F.2d 974 (9th Cir. 1989); *Noyes v. Grossmont Union High Sch. Dist*., 331 F. Supp. 2d 1233, 1248-1251 (S.D. Cal. 2004). In each of these cases, the Court awarded attorney fees.

The Ninth Circuit has held in *Seattle School Dist. No. 1 v. State of Washington*, 633 F. 2d 1338 (9th Cir. 1980) that there are legitimate reasons to impose attorneys fees in civil rights cases

N.S. et al. v. Anchorage School District                                           Page 6 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

and these reasons apply analogously to N.S.'s IDEA rights:

> "The congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law. S.Rep.No.1011, 94th Cong., 2d Sess., reprinted in (1976) U.S.Code Cong. & Ad.News, p. 5908; H.R.Rep.No.1558, 94th Cong., 2d Sess. (1976)."

Here, the reason for the litigation was the lack of compliance with the Corrective Action orders. Defendants were not voluntarily complying with the law and enforcement was necessary. After N.S.'s parents had attempted to gain compliance by filing two successful complaints with DEED that still did not result in compliance, they had to request the hearing and needed DCL's help to participate effectively in that hearing. Clearly, the intent of the IDEA is met by awarding fees in this case of egregious noncompliance by the Defendant ASD. The very definition of a free appropriate public education is that it meets the standards of the state educational agency. 20 U.S.C. 1401(8) (1997); 1401(9) (2004). Having failed to comply with state ordered Corrective Action orders, the Defendant ASD denied N.S. a FAPE as the IHO found. Remedies of compensatory education, a changed transportation plan and transportation reimbursement were ordered by the IHO. This changed the relationship between the parties. Plaintiffs are prevailing parties.

## II.    Counsel's Hourly Rate of $225 is Appropriate and Time Spent Reasonable.

Defendants assert that the hourly rate for Counsel Kerr should be reduced solely because the DLC is a nonprofit legal center. That is not the law. The United States Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984) awarded fees to a nonprofit legal center. In *Blum,* the Legal Aid Society of New York brought a case involving Medicaid issues and sought fees on

N.S. et al. v. Anchorage School District
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

Page 7 of 11

behalf of their clients. The Court awarded those fees. Defendants erroneously suggest that Judge

Singleton's December 16, 2005 order referencing *Blum* supports their view. A full review of

Judge Singleton's order shows that the comment is taken out of context. Reducing or refusing

fees to a law firm solely because it is a nonprofit center is completely contrary to the *Blum*

decision. *M.S. v. New York City Board of Education*, 2002 WL 31556385 (2nd Cir. 2002)

(applying Blum to non-profit law center and refusing to treat non-profit lawyers as "second class

citizens" for purposes of attorneys fees.) Moreover, since Defendants have provided no evidence

to rebut the accuracy and reasonableness of Counsel Kerr's hourly rate as well as time spent, and

thus, they have waived their right to object to same. *Blum*, supra. The Court awarded Counsel

Kerr $225.00 previously in *Noon v. State.*  The Court cannot reduce the hourly rate or amount of

time spent in this case, particularly without any evidence to the contrary suggested by

Defendants, and in light of the affidavits submitted by Plaintiffs, including local counsel

McClintok, two experienced special education counsel, Philpot and Liles. The Court should set

Counsel Kerr's rate no lower than $225.00. *Fischel v. Equitable Life Insurance Soc'y*., 307 F.3d

997 (9th Cir. 2002) (reduction of fees without evidence on which such decision would be based

would constitute reversible error). An hourly rate of $225.00 for an attorney with Counsel Kerr's

experience is well within a range other courts have found acceptable, and is amply supported by

affidavits of local and other counsel. Defendants who have completed failed to offer any

evidence to the contrary cannot now complain about the rate. *Shapiro v. Paradise Valley,* 374 F.

3d 857 (9th Cir. 2004) (approving fees at a rate of $250.00 where Defendants failed to offer

evidence that rate should be reduced); *M.S. v. New York City Board of Education*, 2002 WL

31556385 (2nd Cir. 2002) (awarding $350 per hour).

N.S. et al. v. Anchorage School District                                        Page 8 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

### III.    Plaintiff's Bill is Sufficiently Detailed under the *Hensley* Standard.

Defendants argue that Plaintiffs' bill is not detailed enough and then, for the first time,

in their response brief, rather than in response to discovery by Plaintiffs, as requested,

Defendants state three specific complaints about the billing. Each of these complaints is without

merit.  The billings are consistent under the *Hensley* standard. In *Hensley,* the Court explained

that it expected attorneys to list the general subject matter worked on. The hours reflect this.

*Hensley* does not require billing to be in great detail and record every minute as defendants

assert. It is enough to give the general topics worked on or work completed. See, *Davis v. City*

*and County of San Francisco*, 976 F. 2d 1536 (8th Cir. 1992), vacated on other grounds by *Davis*

*v. City and County of San Francisco*, 984 F. 2d 345 (9th Cir. 1993) (record of meeting listed

generally what was discussed and same was sufficient).

Defendants' criticism of Ms. Holt's 1.33 hour of billing for attendance at an initial

meeting with the clients and Ms. Kerr is not justified. Ms. Holt prepared a file review prior to

that time and thus reduced attorney time for that endeavor. And, payment for Ms. Holt's

presence in an initial meeting with a client is therefore, appropriate.

Defendants' unsupported suggestion that 2.5 hours of Ms. Kerr's time to review the

single spaced ten page IHO decision is "too long" is without merit. Defendants offer no rebuttal

to the affidavits of experienced special education attorneys Philpot and Liles who both indicate

that the amount of time spent was reasonable Careful review of any IHO decision is necessary to

avoid unnecessary appeals and to be prepared to explain same to the clients.

Finally, Defendants allege that it is unclear from the billing whether Plaintiffs "block-

N.S. et al. v. Anchorage School District                                                    Page 9 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

billed" for the research and drafting of the post hearing brief. (Def. Brief, pg. 9). Post hearing briefing is a time-intensive task in special education cases, as counsel is requested to assist the hearing officer not only by clarifying the law but by providing detailed facts. Here, the facts included those found by the first complaint investigation, the second complaint investigation and the hearing officer. It was necessary to compare and contrast those findings as well as discuss legal standards. Notably, when the total billing for post hearing briefing is compared between Plaintiffs and Defendants counsel, it appears that Plaintiffs actually spent less total time than Defendants on the post hearing briefing process. Plaintiffs' total post hearing briefing time was just 17.83 hours, while Defendants' bill for post hearing briefing time was 19.10 hours. Cf. Ex. 6, pg. 15, 16 and Ex. 1, pg. 40. Plaintiffs' billing clearly states the activities engaged in, and the amount of time spent. More detail is not required. Under these circumstances, the billing is not excessive, duplicative or improper and the Court cannot, under *Hensley*, reduce the amounts for such services on that basis.

## CONCLUSION

The Court should award all fees requested at a total of $12,024.90 or in its discretion, the Court may award a total of 49.67 hours for Counsel Kerr at $225.00 ($11,175.50) for Counsel Kerr and $266.40 for Ms. Holt's time, eliminating the hours in response to DEED's motion to dismiss. Plaintiffs obtained relief that changed the relationship between the parties, including private compensatory education, a changed transportation plan, and reimbursement for transportation costs as a result of the administrative hearing for N.S. Plaintiffs' $225 per hour rate is reasonable as is time spent. Finally, the billing statements are consistent with *Hensley*. For all of these reasons, the Court should grant Plaintiffs' summary judgment accordingly.

N.S. et al. v. Anchorage School District                                                    Page 10 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment

Respectfully submitted this 30th day of March, 2006.

_____/s Sonja D. Kerr_____

Sonja D. Kerr, 0409051

The Disability Law Center of Alaska

3330 Arctic Blvd., Suite 220

Anchorage, AK 99503

907-565-1002

907-565-1000 Fax

skerr@dlcak.org

Certificate of Service

I hereby certify that on the 30th day of
March, 2006, a copy of this document
was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

____/s__Sonja D. Kerr_____
Sonja D Kerr

N.S. et al. v. Anchorage School District                                   Page 11 of 11
Case No. 3:05-cv-0177(TMB)
Reply to Opposition to Summary Judgment