IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S.,<br><br>Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br><br>Defendant. | Case No. A05-0177 CV (TMB)<br><br>O R D E R |

   Plaintiffs filed this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.*, against the Anchorage School District ("ASD"), and received a favorable ruling from the hearing officer. Plaintiff now seeks an award of attorney fees. The fees sought are solely for fees incurred at the administrative level. ASD did not appeal the adverse decision of the hearing officer. Plaintiff relies upon 20 U.S.C. § 1415(i)(3)(A).

  In an Order dated December 16, 2005, Judge James K. Singleton addressed the an award of attorney fees in the context of a motion to compel discovery. Docket 20. Judge Singleton noted that in order to award fees, a court must first determine if the plaintiff was the prevailing party.[1] *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001). If so, then fees will initially be determined on the basis of the lodestar, which requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983). Once the lodestar is determined, the award may be adjusted upward or downward based upon consideration of the particular case. *Id.* at 434-436. A court may reduce a lodestar amount to reflect the extent of a plaintiff's success.

---

[1] In this case, it is undisputed that Plaintiffs were the prevailing party. They seek fees for their lead attorney, Sonja D. Kerr, Esq., whose affidavit indicates that she has over 17 years experience litigating under the IDEA and related statutes.

1

It may also increase or allow an "upward adjustment," where appropriate. *Blum,* 465 U.S. at 896-902. In this case, Judge Singleton noted that Plaintiff does not seek an upward adjustment, so the rate ultimately approved would be the market rate. Judge Singleton noted that "[i]n determining what hourly fees are reasonable, a court looks primarily to market rates for comparable services in the district in which it sits. While the actual fees charged may be considered, they are not controlling, particularly where legal services are provided by a non-profit corporation or by an attorney working fully or partially pro bono." Docket 20, *citing Blum*, 465 U.S. at 895-96.

Judge Singleton observed that the *Blum* court offered the following guidance, recognizing that it could not provide a formula for resolving fee disputes:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to– for convenience–as the prevailing market rate.

*Id.* at 896 n.11.

Judge Singleton suggested that Ms. Linda Cerro, Esq., the hearing officer, be appointed as a special master to review the fee requests. Docket 20. "Absent such a stipulation to refer the matter to Ms. Cerro, the Court would expect the parties to survey those lawyers who provide comparable services in cases providing for fee shifting and determine the rates they charge their paying clients and, in addition, survey fee awards in state and federal court to see what the prevailing rates are for attorneys with the education, experience, and reputation of Plaintiff's counsel." Id., (citation omitted). The parties did not stipulate to the appointment of Ms. Cerro as a special master. The Disability Law Center now seeks attorney fees of $225 per hour for its representation of Plaintiffs,

ORDER

in the total amount of $12,024.90.[2] Docket Nos. 22, 23 & 24. Plaintiffs note that Judge Singleton previously has awarded the same attorney $225 per hour in <u>Noon v. State</u>. Docket 29 at 8. Counsel for Plaintiff also has filed supplemental authority indicating that Judge Bolger in State court recently has awarded her $225 per hour for her work. Docket 34.

Defendant opposes the amount of attorney fees sought, arguing that "the amount of fees requested is not proportionate to the extent of their success." Docket 28. ASD suggests that the attorney fee award should be reduced to reflect their "limited success," noting that "of the six issues raised by plaintiffs, the Anchorage School District prevailed outright on two. In addition, plaintiffs only partially prevailed on some issues . . ." Docket 28 at 3 & 6. ASD further complains that Plaintiff should not recover for hours spent responding to a successful motion by a different Defendant. Docket 28 at 7. ASD suggests that $1,143.23 in attorney fees was spent litigating an issue that Plaintiffs lost against the Ak. Dept. Of Education and Early Development, (DEED), and that the Disability Law Center should not be able to collect that amount. It argues that the bill should be reduced where "duplicative, excessive, or unclear" and that the hourly rate for the Disability Law Center attorney should be reduced because it "is a federally-funded agency that does not charge clients. Accordingly, it is asking for additional income, not recouping expenses. While $225/hour may be within the range for comparable attorneys with plaintiff's experience, the fact that plaintiff is federally-funded and does not charge clients should be considered in setting an appropriate rate." Docket 28 at 8. ASD has not cited any authority for this latter argument.

As Judge Singleton suggested, "the Court will determine a reasonable number of hours based upon the hourly records kept by Plaintiff's counsel, measured against the nature of the issues presented to the agency and the results achieved, evaluated in light of any specific objections ASD might have to items on the records." Docket 20. Having done so, the Court agrees that the Disability Law Center should not be able to collect $1,143.23 in attorney fees was spent litigating

---

[2]57 hours at $225 per hour totals $12,024.90.

ORDER

an issue that Plaintiffs lost against DEED. However, based on the evidence of market rate presented by Ms. Kerr, and the complete absence of evidence provided by Defendant, this Court finds that $225 per hour is a reasonable rate in these circumstances. Plaintiff's proposed award of $12,024.90 minus $1,143.23 for time spent on the failed motion yields $10,881.67. The Court sees no reason to reduce the award further.[3]

**IT IS THEREFORE ORDERED:**

The Motion for Summary Judgment at **Docket No. 22 is GRANTED**. Plaintiffs are awarded attorney fees in the amount of **$10,881.67**. The hearing scheduled before this Court on September 1, 2006, is VACATED.

Dated at Anchorage, Alaska, this 17th day of August, 2006.

s/ Timothy Burgess
Timothy M. Burgess
District Court Judge

---

[3] As Judge Singleton noted, "[o]ne important consideration is the extent of a plaintiff's success. Where it is contended that the plaintiff was only partially successful and the defendant seeks a reduction in fees on that basis, the court must identify the extent of plaintiff's success and failure. In making this identification, the court must distinguish between related and unrelated claims. A plaintiff should not recover for time spent on unrelated claims. On the other hand, where the successful and unsuccessful claims are related, the court must focus on the significance of the overall relief obtained by the plaintiff in relation to the total hours reasonably expended on the litigation." Docket 20, *citing Hensley*, 461 U.S., at 435, and especially note 11. In this case, the Court finds that of the six claims, two of which the Plaintiffs did not prevail on, all of the claims are adequately related to warrant a full award of attorney fees.

ORDER

C:\Documents and Settings\elisa\Local Settings\Temp\notes06E812\~8502309.wpd