Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S.,<br><br>   Plaintiffs,<br><br> vs.<br><br>Anchorage School District,<br><br>   Defendant. | <br><br><br><br><br><br><br><br>Case No. 3:05-cv-0177 (TMB) |

**OPPOSITION TO PLAINTIFFS' MOTION
FOR ATTORNEY FEES**

  The Defendant, Anchorage School District ("ASD"), by and through its attorneys, Jermain Dunnagan & Owens, submits its opposition to Plaintiffs' Motion for Attorney Fees.  On August 17, 2006, this court issued its decision granting plaintiff's motion for attorney's fees in the amount of $10, 881.67 to partially compensate plaintiff's counsel for the fees incurred in the administrative hearing.  On August 22, the court entered judgment for the fees awarded.  On September 1, plaintiff's counsel filed another motion

for attorney's fees claiming an additional amount of $10,832.50 for fees and $102.97 in costs.[1]

ASD opposes this motion on a variety of grounds: First, ASD made an offer of settlement that exceeded the amount awarded by the court in its order of August 17, and therefore the plaintiff is not entitled to additional fees. Second, based on a decision issued by the Ninth Circuit only days after the court awarded attorney's fees in this case, if any fees are to be awarded at all, this court should reconsider its original award specifically addressing and analyzing the factor of plaintiff's degree of success in the administrative hearing.[2] Third, plaintiff's counsel unreasonably protracted the final resolution of the controversy. Finally, the amount of fees requested by plaintiff's counsel include time and services that were excessive considering the nature of the proceeding. For these reasons, ASD respectfully requests this court to exercise its discretion and deny plaintiff's motion.

## 1. FACTS

Plaintiff filed this action in July 2005 seeking attorney's fees and costs incurred in a due process hearing under the Individuals with Disabilities Education Act ("IDEA"). Although this is the very first lawsuit filed against ASD for attorney's fees under the IDEA, plaintiff's counsel states she has practiced in special education law under the

---

[1] Plaintiff's Motion consists of allegations in seven paragraphs in two pages and includes no analysis of any case authority or statutory provisions at all. ASD submits that it is unfair to allow plaintiff to include or offer any such analysis <u>for the first time</u> in his reply to this opposition.

[2] The recent decision is *Aguirre v. Los Angeles Unified School District*, __ F.3d __, (Case No. 03-57138, August 29, 2006).

IDEA for many years and has had substantial experience in this type of litigation.[3] Despite these years of experience and her professed desire to refrain from engaging in a "second litigation," and avoiding "additional discovery," plaintiff submitted unnecessary discovery requests to defendant and noticed the depositions of several ASD employees, including the Superintendent and Executive Director of Special Education. In addition, ASD was required to file a motion to compel information about materials withheld based on a claim of privilege. After filing that motion to compel, plaintiff submitted the requested logs and the motion was denied.[4]

In November, ASD sent an offer of judgment to plaintiff concerning the claim for fees in the due process hearing. Although that offer was not accepted, it resulted in settlement discussions and counteroffers. In December, plaintiff's counsel made a written offer to settle this matter, along with two other lawsuits pending in federal court, seeking a specified amount for attorney's fees incurred in IDEA due process hearings.[5] ASD responded by making a written counteroffer concerning all three matters. By the end of January, the parties had reached agreement as to the amounts for settlement of these three matters.[6] As part of this written settlement offer, ASD agreed to pay plaintiff's counsel the sum of $29,000 total, of which $12,525.75 would cover the fees and costs incurred in this matter and the remainder would cover the claims in the other two matters. However, the settlement agreement was not signed and this matter

---

[3]   See Exhibit 1, letter dated November 22, 2005 and Plaintiff's Discovery Responses.

[4]   Even though the motion to compel was denied, the court did not award any fees or costs to either side.

[5]   See, Exhibit 2, letter dated December 16, 2005.

[6]   See Exhibit 3, letter dated January 30, 2006.

proceeded to decision in August.[7] Subsequently, the plaintiff filed a motion for additional fees which ASD now disputes.

## 2. IDEA

The IDEA provides that reasonable attorney's fees may be awarded to a prevailing parent. 20 U.S.C. § 1415(i)(3)(B)(i)(I). However, the IDEA also provides a limitation on the attorney's fees a court can award under certain circumstances: no fees or costs may be awarded for services performed after a written offer of settlement has been made when the offer to settle was not accepted and the relief finally awarded is not more favorable than the offer of settlement. 20 U.S.C. § 1415(i)(3)(D)(i). That is what occurred during this lawsuit.

In addition, the IDEA provides that the court may reduce the amount of fees whenever it finds that the parent or his counsel unreasonably protracted the final resolution of the dispute. 20 U.S.C. § 1415(i)(3)(F)(i). Finally, IDEA allows the court to reduce the amount of fees when the time spent and legal services were excessive considering the nature of the action. 20 U.S.C. § 1415(i)(3)(F)(iii). Both of these limitations apply here as well.

A. **The amount of the written settlement offer was more favorable than the amount of fees awarded by the court.**

The written settlement offer was first made in December 2005. The final written offer of $29,000.00 was submitted December 30. The December offer was a global offer covering 3 separate matters. However, since the other two matters settled for a total of $14,300.00, the remaining $14,600.00 was far more favorable than the recovery

---

[7] The other two matters did settle for $7,000 and $7,300 respectively, thereby leaving the remainder of $14,700—substantially more than the $10,881.67 this court awarded on August 17—to cover the fees and costs in this matter.

eventually awarded by the court of $10,881.67. Under the IDEA, since the December written settlement offer was more favorable than the amount finally awarded, plaintiff's counsel is not entitled to recover additional fees in this matter.

**B.     Plaintiff's counsel unreasonably protracted the final resolution of this claim for fees.**

Even though plaintiff's counsel initially claimed in the November 22 letter that this matter should be resolved "without additional discovery," to keep the case from turning into a "second litigation," counsel thereafter proceeded to engage in substantial discovery. Counsel submitted several sets of interrogatories, requests for production, requests for admissions, and also noticed the depositions of the ASD Superintendent as well as the Executive Director of Special Education, both <u>before and after</u> the November 22 letter.

In addition, although plaintiff's counsel withheld documents in response to ASD discovery requests on a claim of privilege, causing ASD to file a motion to compel disclosure of the privilege logs, she nonetheless submitted several supplemental discovery responses, which included the privilege log but still opposed the motion to compel. Thus, through both the discovery submitted by plaintiff and the unnecessary resistance of plaintiff to legitimate discovery, plaintiff unreasonably protracted the final resolution and needlessly increased the fees claimed in this matter.

**C.   The time spent and legal services furnished were excessive considering the nature of the claim.**

It bears noting, again: the Disability Law Center is a federally funded agency that does not charge clients.[8]  Accordingly, there is no invoice sent to its "client" and thus no "check" against unnecessary hours or charges.  In fact, DLC is able to charge whatever hours and amounts it wants since no client reviews or pays any bills.  In addition, since DLC is not recovering fees or costs paid by plaintiff, in reality it is simply seeking additional income, not recouping expenses.  While $225/hour may be within the range for comparable attorneys with plaintiff's experience, the fact that plaintiff is federally funded and does not charge clients should be considered in determining this claim for additional fees.

Many of the hours recorded by counsel were unnecessary, excessive, or unclear. For example, despite plaintiff's counsel's "many years" of experience in practicing special education law, she recorded **2.68 hours** on March 22, 2005 for "research regarding attorney's fees."  She then recorded an additional **1.03 hours** on March 31, 2005 for "Letter to Brad Owens regarding fees, legal research regarding Brad's letter of the 31st."  As the First Circuit has noted, "[F]irms that would justify high hourly charges presuppose particular familiarity and expertise, which should reduce the time needed to do the work."[9]  As another example, counsel recorded **3.69 hours** on July 27, 2005 for "preparation of pleadings, attorney's fees, final version," and to "draft, filing of fees

---

[8]   December 16, 2005 Order, at p. 3. (Docket 20).

[9] *Ackerley Communications of Mass. v. City of Somerville*, 901 F.2d 170 (1st Cir. 1990)(citation omitted).

complaint." With counsel's years of experience, this number of hours is excessive for this work.

On November 15, 2005, counsel recorded **1.87 hours** for "Letter to Brad Owens (dated 11/16/05) regarding discovery issues and supplementation of discovery regarding rate as set in Noon." Counsel then recorded an additional **2 hours** on November 19 for "Draft response to Brad's offer of judgment and discovery issues," a single page letter.[10] These hours are duplicative and excessive.

On November 30, counsel recorded **.74 hours** for a "Meeting with Dave/Tom to discuss defendant's motion and requests for discovery." This is a meeting between counsel's supervisor and colleague. This time should not be charged against ASD.

On December 1, 2005, counsel recorded **2.8 hours** for drafting a letter in response to ASD's objection to the depositions of the ASD Superintendent and Executive Director of Special Education, as well as for "further legal research on issue of depositions in attorney's fees case," and "draft final version of letter to Brad regarding depositions of Fleurant, Jill and myself." Although counsel professed to eschew discovery in this type of case, she nonetheless recorded time for research and noticed these depositions that never occurred. These hours should be reduced from any claim for fees in this motion.

Similarly, counsel recorded an additional **1.02 hours** on December 1, 2005 for "Legal research regarding ability to take deposition of party as part of discovery in attorney's fees claim," and **3.38 hours** on December 11 for "Legal research in preparation for deposition of client and SK on 12/12/05, review of Harris case and briefs in case to 9th circuit." Not only is this duplicative and excessive of time already recorded, but it is

---

[10] See Exhibit 1.

entirely unclear and unexplained what the "Harris case and briefs" have to do with this action. Of course, if any client were reviewing and paying these bills on a regular basis, the amount charged for "legal research" regarding depositions of 7.2 hours (the 2.8 and 1.02 hours on December 1 and the 3.38 hours on December 11) and these unexplained charges would be carefully scrutinized and questioned. Since there is no such review, these charges are excessive and unnecessary and should not be included against ASD.

Counsel recorded a total of **11.6 hours** between December 5-7 for research and drafting of plaintiff's opposition to the motion to compel the privilege logs. As previously noted, the opposition was without merit, since the time recorded also included preparation of the privilege logs sought in the motion. Lastly, all of the time recorded after the December 15 settlement letter, **7.96 hours**, should be excluded.

### 3. CONCLUSION

ASD respectfully submits that the Court should deny this motion for fees and costs, or substantially reduce the fees claimed here to reflect the written settlement offer, the unreasonable protraction of the resolution of this matter, and/or the excessive time and services provided considering the nature of this matter.

DATED at Anchorage, Alaska this 11th day of September 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: */s/ Bradley D. Owens*
Bradley D. Owens
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com
Alaska Bar No. 7610122

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of September, 2006, a true and correct copy of the foregoing was electronically mailed to:

Sonja D. Kerr and Megan Allison
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, AK 99503

*/s/ Bradley D. Owens*

3227.1141 - 130075