

**ANCHORAGE**
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

December 16, 2005                                    Via Email/Fax/Mail

Brad Owens
Jermaine, Dunnagan & Owens
3000 "A" Street, Suite 300
Anchorage, AK 99503

RE:   <u>N.S. v. ASD</u>
      <u>K.J. v. ASD</u>
      <u>K.S. v. ASD</u>

Dear Brad:

Recently, you expressed a desire to reduce litigation and to find means of resolution without more litigation. Consistent with your expressed desire to "collaborate," I have reviewed each of the fees disputes represented above which are now all presently pending in United States Federal District Court to determine a potential solution for your clients. Here is our offer which we would recommend to our clients and which we hope would resolve all three fee disputes:

   1.   <u>ASD Will Stipulate to an Hourly Rate for DLC's Primary Attorney.</u>

   The ASD will stipulate to an hourly rate of $225.00 for the legal services of Sonja Kerr (only) of DLC as to special education matters with DLC. This rate does not apply to any other attorney of DLC. That rate will be reviewed yearly with the ASD prior to the commencement of the school term for any revision or increase. DLC reserves the right to raise my rate but also agrees that if ASD wishes to dispute the fee increase, DLC will mediate any increase with DLC utilizing a third party neutral mediator.

   **Rationale:**   The DLC does not see any possibility that a Court will reduce the hourly rate from $225. This is particularly true given the vast experience I have as well as the Court already having set such a rate in the *Noon v. Alaska* case. The rate is commensurate within Alaska, since courts in Alaska have recognized as high as $240.00 per hour for administrative matters. (See, *State of Alaska v. Cowhill*). Moreover, the fact that you charge $150 does not support a reduction in my rate because courts will recognize the very contingent nature of my rate. That is, DLC is paid only if we prevail. Jermaine, Dunnagan and Owens, on the other hand, is paid "win or lose." The DLC does anticipate that, in the future, the rate for our primary special education attorney at administrative matters may be less because more matters may be handled by less experienced attorneys, thus reducing the costs. Nevertheless, for the ASD to dispute my rate is very disturbing to me given my nearly 18 years of special education law practice and my clearly

MEMBER·OF·THE
N A T I O N A L
ASSOCIATION·OF
PROTECTION·&
A D V O C A C Y
S Y S T E M S



1

EXHIBIT ____
Page __/__ of __5__

recognized expertise throughout the entire country. Please give this matter some careful thought.

### 2. The District Administrators Will Receive Training on Rule 68 Offers.

The ASD will agree to provide training to each of its special education administrators (executive director, secondary and elementary supervisors, director of compliance) on the issue of Rule 68 offers and how those offers can be utilized to mitigate or reduce potential attorneys fees claims by parents. DLC will be invited to participate in the training. The training will be provided each year prior to the start of the school year.

**Rationale:** Because the ASD is a large district, the district should develop a clear process of issuing fair Rule 68 offers 10 days before any administrative hearing in order to try to resolve matters. This is a mechanism that is widely recognized as an appropriate approach within the special education community and especially among special education attorneys for school districts. Such offers also have the effect of making parents feel that the district is concerned about their child and thus enhance opportunities for resolution before hearing. The timeline is important because both sides will have fewer costs if such an offer is made <u>before</u> the "five day" exchange date. If administrators could be informed of how to draft up Rule 68 offers for such cases, this might increase resolution and reduce attorney time costs.

### 3. The District Will Pay the Following Amounts for the Fees Presently Due.

DLC is willing to negotiate these three lawsuits concerning attorneys' fees in the spirit of collaboration and in an effort to try to improve relations with the ASD. We estimate ASD's current exposure (without any further litigation on any of the three matters) at **$42,245.55, plus fees and costs.** We offer to recommend full resolve for a total of **$29,030.80**.

**Rationale:** DLC believes that we are fully and totally entitled to the fees we have requested in these matters. However, we are also quite cognizant that both sides are spending more money on money issues which is not DLC's goal or desire. If the ASD will recognize that it can stop the clock from ticking on both sides and work in a genuine fashion with DLC as to the first two items, then DLC is willing to reduce the fees in an effort to collaborate. We therefore make the following proposal as to the fees for each matter:

As to N.S., the **current fees stand at $20, 422.21** prior to the sending of this letter. DLC offers to resolve this matter for the fees sum of $11, 175.75 which represents a voluntary reduction for the fees during the

2

EXHIBIT 2
Page 2 of 5

administrative hearing that were related to the state's motion to dismiss. We are not sure what a Court would do as to that fee amount and if the matter does not resolve, that is what we would tell the Court – that it appears to be an open question in Alaska. If ASD wants to resolve we would also ask that ASD pay the filing fee of $350.00, $200.00 for the initial filing and $800.00 for the work in Federal Court to date. **Total Resolution Offer: $12, 525.75.**

As to K.J., the **current fees are $9,268.19**. DLC offers to resolve the fees dispute for the fees sum of $5,560.93. This reflects a voluntary 30% reduction in the fees. We also ask that ASD pay the filing fee of $250.00 and the costs of our preparation of the complaint ($200.00). **Total Resolution Offer: $6010.93.**

As to K.S., the **current fees are $12,555.15**. DLC offers to resolve the fees dispute for the fees sum of $10, 044.12 which represents a voluntary 20% reduction in the fees. We also ask that ASD pay the filing fee of $250.00 and $200.00 for the work involved in filing the complaint in Federal Court. **Total Resolution Offer: $10, 494.12**.

Thus, given the present fees owed in excess of $40,000.00, DLC is willing to compromise in an effort to "collaborate" by reducing the total fees, filing fees and costs total for all three matters combined to **$29,030.80.**

If the ASD is interested in this offer, please advise within five business days of today's date, or no later than December 23, 2005. Otherwise, we cannot guarantee that the amounts will not increase given additional Federal Court work that must be done on each of the pending matters in a timely fashion.

If the ASD and DLC and clients were to come to agreement on these matters, the DLC would anticipate a settlement order by the Court encompassing the issues. You may find it helpful to know that I negotiated a similar arrangement with the Red Lake Tribe in Minnesota. In that agreement, the Tribe paid a portion of fees and also agreed to not contest soverign immunity for any special education fees claim of $10,000 or less. The Court found that a creative resolution and approved it.

I ask that you share this letter directly with Carol Comeau and Jerry Sjolander. I also look forward to hearing from you by no later than the close of business on December 23, 2005.

This letter and its contents are made within the spirit of settlement and protected by FRE 408 and case law concerning confidentiality of settlement.

Very truly yours,

Sonja D. Kerr
Supervising Attorney
C:    Clients

4

EXHIBIT 2
Page 4 of 5



**ANCHORAGE**
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

# Facsimile Cover Sheet

**To:** Brad Owens
**Company:**
**Phone:**
**Fax:** 563-7322

**From:** Sonja Kerr
**Company:** Disability Law Center
**Phone:** (907) 565-1002
**Fax:** (907) 565-1000

**Date:** 12-16-05
**Pages including this cover page:**

### CONFIDENTIAL

*This facsimile contains confidential information. This FAX is to be reviewed initially by only the individual or entity to whom it is addressed. If the reader of this Transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX, or the information contained herein, is prohibited. If you have received this FAX in error, please call us (collect) immediately at 907-565-1002, and return this FAX by mail to Disability Law Center of Alaska, 3330 Arctic Blvd., Ste. 103, Anchorage, Alaska 99503. Thank you.*

**Comments:**

MEMBER·OF·THE
NATIONAL
ASSOCIATION·OF
PROTECTION·&
ADVOCACY
SYSTEMS



EXHIBIT 2
Page 5 of 5