MEG K. ALLISON, ESQ. (0511091)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE: 907-565-1002
FAX:         907-565-1000
Email:       mallison@dlcak.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

_____

N.S. by and through
his parents,
J.S. and R.S.,
    Plaintiff,

v.                                                          Case No. A05-0177 CV (TMB)

Anchorage School District,
    Defendants
_____

**Reply to Opposition to Plaintiff's Motion for Attorney Fees**

**I. Introduction**

Plaintiff, N.S. sought a due process hearing under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. § 1400 *et seq.* against the Anchorage School District ("ASD") because of ASD's failure to provide a Free Appropriate Public Education. The hearing officer found in favor of N.S., ruling that that ASD had failed to comply with the Corrective Action orders issued by the Department of Education and Early Development and awarded N.S. additional remedies as a result. Defendant ASD did not appeal the hearing officer's decision. Subsequent to the hearing, N.S. brought this action in this Court to recover attorneys fees incurred in the hearing process. On August 17, 2006, this Court ruled that N.S. was entitled to recover fees in the amount of $10,881.67. [Docket

38]. On September 1, 2006, N.S. requested additional fees in the amount $10,935.41 for fees accumulated in this action to recover fees. [Docket 40]. Defendant ASD now opposes this request on the grounds that ASD made a Rule 68 Offer which was better than the final result; that the judgment in this case should be reconsidered in light of a recent 9th Circuit Decision; that Plaintiff unreasonably protracted this litigation, and that the fees charged are excessive. None of these contentions has merit.

## II.  ARGUMENT

### 1.  ASD Did Not Make a Valid Rule 68 Offer.

ASD claims that N.S. should not be entitled to any additional fees because ASD made Rule 68 Offer of Judgment that was more favorable than the final judgment attained by N.S. ASD, however, made no such offer. The letter (at exhibit 3 to ASD's Opposition) [Docket 41]. which ASD now claims to be a Rule 68 offer of judgment simply is not an offer of judgment, and does not meet the standards of Rule 68. The letter is a response to an offer of settlement proposed by N.S.'s counsel, but nowhere in the letter does ASD actually offer to allow judgment to be entered against them in this pending action.[1]

Not every attempt to settle a case qualifies as an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure. Rule 68 is quite specific in its requirements, and it must be narrowly applied. *Johnston v. Penrod Drilling Co.,* 803 F.2d 867 (5th Cir.1986) (analyzing *Delta Air Lines v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981)). Rule 68 provides that a defendant may "offer to allow judgment to be taken against the defending party for the money … specified in the offer with costs then

---

[1] Although the letter appears to be an acceptance, for various reasons not germane to this particular motion, no settlement agreement was ever consummated. ASD does not attempt to argue here that a binding settlement was ever agreed to by the parties.

*N.S. et al. v. Anchorage School District*                                                                 Page 2 of 7
Reply to Opposition to Plaintiff's Motion for Attorney Fees

accrued." ASD's letter is not an offer to allow judgment to be entered in this, or any other case. At most it can be construed as an offer to pay a certain amount of money. An offer to pay money is not the same thing as an offer to allow judgment to be entered. A judgment against one party gives the other party certain rights, such as the ability to collect on that judgment, which are not inherent in a simple agreement to pay money. *See, e.g.* Rule 69 of the Federal Rules of Civil Procedure. An agreement to pay money to resolve a lawsuit creates a contract, the enforcement of which is not guaranteed.

Moreover, the letter ASD refers to relates to an offer to settle three separate pending cases for the unapportioned sum $29,000. Such an unapportioned offer is not a valid offer for purposes of Rule 68. *See Doe ex rel. Doe v. Keala*, 361 F.Supp.2d 1171 (D. Hawaii 2005.) "Rule 68 is a mandatory rule designed to operate automatically by a comparison of two clearly defined figures." *Johnston,* 803 F.2d at 870. In this case, it is impossible to clearly compare the figures in the letter from ASD and the final judgment attained by N.S. ASD claims, without providing any evidence that the other cases referred to in the letter settled for a total of $14,600, and therefore the offer was not bettered by N.S. in this case. This logic is entirely inconsistent with express language of, as well as, the intent behind Rule 68. One party's liability for costs fees under Rule 68 should not depend upon the amount another party, in an entirely separate case, settled that case for.

**2. There is no reason to reconsider the judgment in light of *Aguirre v. Los Angeles Unified School District.***

Defendant ASD also makes a half-hearted attempt to argue that this Court should reconsider its award of attorney fees in light of the recent decision of *Aguirre v. Los*

*Angeles Unified School District.* Defendant's suggestion is neither substantively correct nor procedurally proper. Judgment has been entered against ASD in this case. If ASD now wishes this Court to review that judgment, ASD must file a motion under Civil Rule 60. ASD has not done so, and this Court's inquiry should end there.

Should this Court desire to revisit its decision in light of *Aguirre,* it is readily apparent that *Aguirre* has no impact on the judgment entered in this case, as this Court has already applied the legal standard espoused in that case. *Aguirre* held that the "degree of success" standard for determining attorney fee awards enunciated in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) applies to IDEA cases. Prior to *Aguirre* there was no ruling on this exact point by the 9th Circuit. However, as *Aguirre* noted, at least seven other circuits held that the *Hensley* standard applied to IDEA cases, and no Circuit had concluded otherwise.

In ruling on Plaintiff's request for fees in this case, this Court specifically noted that "Defendant opposes the amount of attorney fees sought, arguing that 'the amount of fees requested is not proportionate to the extent of their success.'" [Docket ] The standard applied by this Court was "a reasonable number of hours based upon the hourly records kept by Plaintiff's counsel, *measured against the nature of the issues presented to the agency and the results achieved*, evaluated in light of any specific objections ASD might have to items on the records." (Emphasis added) [Docket 38 p. 3]. This Court then concluded that Plaintiff was not entitled to recover $1,143.23 in fees spent litigating an issue that Plaintiff lost against DEED. [Docket 38, pp3-4]. Clearly, ASD had already advocated for the *Hensley* and *Aguirre* standard and that was the exact standard applied

by this Court.  The fact that the 9th Circuit issued a ruling that affirms what this Court already did, does not give this Court any reason to reconsider its decision.

### 3. Plaintiff's Counsel Did Not Protract Resolution of this Case.

ASD argues that N.S.'s counsel unreasonably protracted the final resolution of this case, because Plaintiff propounded discovery requests and opposed defendant's discovery requests.  This is a gross distortion of the record.  Defendant ASD initially served extensive discovery requests that went far beyond the scope of this case upon Plaintiff.[2]  It was only *after* it became apparent that Defendant intended to turn this fee application into a full scale litigation effort that Plaintiff's attorney determined that it was necessary to serve discovery requests of her own.  Although Plaintiff had no desire to turn this matter into full-scale litigation, it would not have been wise to be unprepared once it became clear that ASD intended to raise the stakes considerably.

ASD also calls plaintiff's resistance to its discovery requests "unnecessary."  It is difficult to understand how ASD comes to this conclusion when the Court denied its motion to compel responses to the discovery.  [Docket 20].

### 4. The Time Spent was Not Excessive.

Finally ASD argues that the time spent by N.S.'s attorney was excessive, and cites several examples.  Defendant claims that 2.68 hours recorded on March 22, 2005 for legal research is somehow inappropriate.  Again, it is difficult to understand how ASD comes to this conclusion.  No attorney should be faulted, or denied payment for doing basic legal research before filing a complaint in Federal Court.  By preventing frivolous claims and arguments, some basic research on the current state of the law saves time and money not only for the party filing a complaint, but also for the Court and opposing

---

[2] The full discovery request is contained as Exhibit 1 to Defendant's Motion to Compel.

party.  Even when combined with 1.03 hours billed on March 31, 2005, the total of 3.71 hours for research to make sure a claim is viable before presenting the matter to the court hardly seems excessive. ASD also takes issue with 3.69 hours billed for preparation and filing of the complaint in this matter.  Again, spending less than half of a day to make sure a complaint is well drafted, supported by the facts and the law, properly formatted and filed hardly seems excessive.

Defendant ASD also objects to an item recorded on November 30 for .74 hours for "Meeting with Dave/Tom to discuss defendant's motion and requests for discovery," claiming that a meeting between counsel's supervisor and a colleague should not be charged to ASD.  ASD manages to ignore the fact that ASD named Dave Fleurant in its witness list, and also sent notice that it intended to take his deposition, as well as that of Ms. Kerr.  Considering this highly unusual and aggressive move by ASD, a short meeting to inform Mr. Fleurant that he was named, as witness does not seem inappropriate.  In addition, after Ms. Kerr's deposition was noticed, Thomas Dosik entered an appearance in this case for the purpose defending her at the deposition.  A meeting of less than 45 minutes to deal with these issues is not disproportionate.

Likewise a total of 4.4 hours spent doing research in preparation for depositions of the client, and counsel herself can hardly be considered excessive.  Considering the unusualness of depositions of a client and of counsel in an attorney fee dispute, some research and preparation to make the client more comfortable and to address the privacy and privilege issues inherent in such a situation was absolutely necessary.

Every single minute of time that ASD takes issue was either to ensure the basic preparedness that should be expected of any attorney before filing a suit, or a direct

response to the overly aggressive posture and actions taken by ASD in defending this suit.

### III. Conclusion

Plaintiff N.S. prevailed at a due process hearing against Defendant Anchorage School District. Plaintiff was entitled to recover her attorney fees. Defendant refused to pay such fees, and N.S. filed this action in federal court. Defendant made every attempt to turn the fee dispute into a second, full-scale litigation, and Plaintiff responded appropriately. None of ASD's contentions regarding fees are meritorious. ASD claims it made a Rule 68 offer when it clearly did not; ASD argues that a recent decision by the 9th Circuit requires the court to review its judgment here, but ASD does not properly raise this issue and this Court already applied the exact standard espoused by the 9th Circuit; ASD claims that Plaintiff's resistance to discovery was inappropriate, however this Court denied ASD's motion to compel that very same discovery. Finally ASD asserts that even basic research and responses to their own aggressiveness should not be compensated. None of these contentions has merit, and this Court should award fees as requested.

Dated: September 20, 2006    /s Meg K. Allison
　　　　　　　　　　　　　　　Meg K. Allison (0511091)
　　　　　　　　　　　　　　　DISABILITY LAW CENTER OF ALASKA
　　　　　　　　　　　　　　　3330 ARCTIC BOULEVARD, SUITE 103
　　　　　　　　　　　　　　　ANCHORAGE, ALASKA 99503
　　　　　　　　　　　　　　　TELEPHONE: 907-565-1002
　　　　　　　　　　　　　　　FAX: 907-565-1000
　　　　　　　　　　　　　　　Email: mallison@dlcak.org

**Certificate of Service**
I hereby certify that on the 20th day of September, 2006, a true and correct copy of this document was served electronically on:
Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503
/s Meg K. Allison
Meg Allison

*N.S. et al. v. Anchorage School District*　　　　　　　　　　　　　　　　　　　　Page 7 of 7
Reply to Opposition to Plaintiff's Motion for Attorney Fees