Westlaw.

--- F.3d ----                                                                                                           Page 1

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

C
Briefs and Other Related Documents

United States Court of Appeals,Ninth Circuit.
Mara AGUIRRE, Plaintiff-Appellee,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT;
Victoria McKendal, in her official capacity as
Coordinator of the Los Angeles Unified School
District Due Process Unit, e/s/a Victoria
McKendall, Defendants-Appellants.
No. 03-57138.

Argued and Submitted Oct. 20, 2005.
Filed Aug. 29, 2006.

**Background:** Parent brought action against school district pursuant to Individuals with Disabilities in Education Act (IDEA) seeking to recover all of her fees incurred during her challenge of school district's implementation of free and appropriate education for her child. The United States District Court for the Central District of California, Christina A. Snyder, J., awarded parent a reduced award, and appeal was taken.

**Holding:** The Court of Appeals, Bybee, Circuit Judge, held that as a matter of first impression, amount of attorneys' fees parent was entitled to under IDEA was contingent upon the degree of success the parent attained on her claims.

Vacated and remanded.

Pregerson, Circuit Judge, concurred specially and filed opinion.

[1] Schools 345 €⇒155.5(5)

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(5) k. Judgment and Relief; Damages, Injunction, and Costs. Most Cited Cases
The amount of attorney fees parent of disabled child was entitled to under Individuals with Disabilities in Education Act (IDEA) was contingent upon the degree of success the parent attained on her claims. Individuals with Disabilities Education Act, § 615(i)(3)(B)(i), 20 U.S.C.A. § 1415(i)(3)(B)(i).

[2] Schools 345 €⇒155.5(5)

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(5) k. Judgment and Relief; Damages, Injunction, and Costs. Most Cited Cases
Attorney fees awarded under Individuals with Disabilities in Education Act (IDEA) are governed by the "degree of success" standard announced by the Supreme Court in *Hensley v. Eckerhart*, in which the Supreme Court held that a partially prevailing plaintiff generally may not recover fees for her unsuccessful claims and the level of a plaintiff's success is relevant to the amount of fees to be awarded. Individuals with Disabilities Education Act, § 615(i)(3)(B)(i), 20 U.S.C.A. § 1415(i)(3)(B)(i).

Barrett K. Green, Steven A. Groode, Littler Mendelson, Los Angeles, CA, for the defendants-appellants.
Paul M. Roberts and Michael E. Jewell, Roberts, Adams & Jewell, Huntington Beach, CA, for the plaintiff-appellee.

Appeal from the United States District Court for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                                                                                                          Page 2

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

Central District of California; Christina A. Snyder, District Judge, Presiding. D.C. No. CV-02-09753-CAS.

Before PREGERSON, CLIFTON, and BYBEE, Circuit Judges.
BYBEE, Circuit Judge.
*1 The question before us is one we have not previously addressed: Does the "degree of success" standard announced in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), apply to attorney's fees awards under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq. See id.* § 1415(i)(3)(B). We hold that it does, and we vacate the judgment and remand to the district court for further proceedings.

I. BACKGROUND

A. *The Individuals with Disabilities Education Act*

In the IDEA, Congress found that it was "in the national interest that the Federal Government have a supporting role in assisting State and local efforts to educate children with disabilities" and "ensure that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(c)(6), (d)(1)(A) (2000 & Supp.2005). *See generally Bd. of Educ. v. Rowley* ex rel. *Rowley,* 458 U.S. 176, 179-84, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) (discussing the predecessor to the IDEA, the Education of the Handicapped Act). States who elect to receive federal financial assistance must demonstrate that they have in effect "policies and procedures" to provide disabled children with a "free appropriate public education" through the creation of a tailored program known as an "individualized education program" or "IEP." 20 U.S.C. § 1412(a), (a)(1), (a)(4); *see* Cal. Educ.Code § 56341 (2003 & Supp.2005). The IEP is created by a team that includes the child's parents, teacher, a special education teacher, a school representative and others. 20 U.S.C. § 1414(d)(1)(B). The IDEA broadly requires participating states to provide a parent or guardian who is dissatisfied with either the IEP or the school system's implementation of the IEP with an opportunity to present complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). A parent or guardian who believes that the public school system has denied her child the appropriate education may pursue mediation, an "impartial due process hearing," and an appeal to the state educational agency. 20 U.S.C. § 1415(e), (f), (g). Ultimately, "[a]ny party aggrieved by the findings and decision" made by the state or local education agency may bring a civil action in state or federal court. 20 U.S.C. § 1415(i)(2), (3); *see* Cal. Educ.Code § 56505(k). Subject to certain restrictions not relevant here, "[i]n any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i).

B. *Facts and Proceedings*

Mara Aguirre challenged the Los Angeles Unified School District's ("LAUSD") implementation of a "free and appropriate public education" for her son, Carlos Castro, for the 1999-2000 and 2000-2001 school years. In a hearing before a California special education hearing officer ("SEHO"), Aguirre raised twenty-seven issues-contending, for example, that the school denied her son a "free and appropriate public education" because it failed to prepare daily reports on Carlos's work and behavior, did not provide him with a one-on-one aide, and failed to provide him with occupational therapy. She sought to recover tuition and other expenses incurred when she took Carlos out of public school and enrolled him in a private school, and to secure his continued placement there. Aguirre ultimately prevailed on four of the twenty-seven issues. The SEHO ruled that LAUSD failed to provide Carlos with a "free and appropriate education" as required by IDEA insofar as it failed to conduct a timely assessment for assistive technology and failed to provide the technology. As a result, the SEHO denied Aguirre's request for tuition and other expenses, and awarded

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                                                                                      Page 3

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

Carlos the use of assistive technology for a period not to exceed eight months. The court observed that even without the use of assistive technology-which consisted of a desktop computer, printer, and learning software-Carlos was making excellent progress and so he did not require compensatory counseling or a supplemental writing program. Though she sought reimbursement for a year of private tuition and fees, Aguirre obtained only a few months' use of educational equipment. The hearing officer concluded that "[t]he District prevailed on all issues heard and decided, except to the extent that it denied a ['free and appropriate public education'] in the 1999-2000 and 2000-2001 school year[s] when it failed to conduct the assistive technology assessment and provide devices in a timely manner." Neither LAUSD nor Aguirre sought further review.

**\*2 After the hearing, Aguirre sent the district a bill** for her attorney's fees and costs, totaling $42,104.92. LAUSD requested a detailed billing statement, indicating which fees had accrued for work done towards the successful claims. Aguirre failed to provide the statement and, after LAUSD refused to pay the fees, she filed a complaint in the district court. She argued that as the prevailing party she was entitled to recover all her fees, while the district claimed that, because she prevailed on only part of her claims, she should receive a reduced award or no award at all. The district court granted Aguirre $21,104.24, reasoning that the petitioner prevailed on a "significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit," but only raised the assistive technology issue partway through the litigation. The sum awarded was calculated based on "reasonable" attorneys' fees and costs incurred on and after the issue was raised. In calculating the amount of the fee award, the district court did not appear to consider the degree of success Aguirre attained. LAUSD appeals.[FN1]

II. ANALYSIS

[1] The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). In order for a court to award attorney's fees, the parent must (1) be a "prevailing party" and (2) seek "reasonable attorneys' fees."

The district properly found, and the parties do not disagree, that Aguirre was a prevailing party under the IDEA. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The parties, however, disagree on the standard used to determine a reasonable fee. Aguirre asserts that she is entitled to recover all her fees because she prevailed on a " significant issue." *See Parents of Student W. v. Puyallup Sch. Dist., No. 3,* 31 F.3d 1489, 1498 (9th Cir.1994) (noting that "[a] prevailing party for the purpose of awarding attorney's fees is a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit' " (quoting *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933)). She claims that once the California SEHO found fault in Carlos's IEP, the court must award full fees because he was denied a " free and appropriate public education." The LAUSD argues that the "significant issue" test is only the first step in a fee award analysis. It argues that passing the "significant issue" test merely makes Aguirre eligible for a fee award as a prevailing party; it does not mandate recovery of all fees. Accordingly, the school district argues, the court abused its discretion in failing to apply the " degree of success" standard announced by the Supreme Court in *Hensley,* a case brought under 42 U.S.C. § 1988.[FN2]

[2] We thus turn to the question whether *Hensley* applies to attorney's fee awards under the IDEA. We first observe that the IDEA's fee-shifting provision, 42 U.S.C. § 1415(i)(3)(B), is nearly identical to 42 U.S.C. § 1988. *Compare* 20 U.S.C. § 1415(i)(3)(B)(i) ("the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability") *with* 42 U.S.C. § 1988(b) ( "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....").

\*3 In *Hensley,* the Supreme Court considered "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:05-cv-00177-TMB   Document 49-2   Filed 09/22/2006   Page 4 of 8

Page 5 of 9

--- F.3d ----                                                                                                Page 4

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

whether a partially prevailing plaintiff may recover an attorney's fee [under § 1988] for legal services on unsuccessful claims." 461 U.S. at 426, 103 S.Ct. 1933. The Court held that a partially prevailing plaintiff generally may not recover fees for her unsuccessful claims: "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Id.* at 430, 103 S.Ct. 1933. The Court concluded that "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. ... [T]he most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. 1933. Significantly, the Court declared the standard announced in *Hensley* to be "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' " *Id.* at 433 n. 7, 103 S.Ct. 1933.

Just three years after *Hensley,* Congress enacted the fee-shifting provisions of the IDEA's predecessor statute, authorizing attorney's fees to a "prevailing party." *See* Pub.L. No. 99-372, 100 Stat. 796 (1986) (codified at 20 U.S.C. § 1415(i)(3)(B)); *Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell,* 940 F.2d 1280, 1286 (9th Cir.1991) (noting that the IDEA predecessor statute was " amended in 1986 to provide attorneys' fees for prevailing parents"). We must assume that when Congress enacted the fee-shifting provisions, it contemplated that the courts would construe it consistent with *Hensley.* Indeed, given the Court's clear directive that the *Hensley* standard would govern all cases in which Congress awarded attorney's fees to a "prevailing party," had Congress intended that the new fee-shifting provision in § 1415 *not* follow *Hensley,* Congress would be required to make that explicit. *See Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) ("We assume that Congress is aware of existing law when it passes legislation."); *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 783 n. 15, 105 S.Ct. 1620, 84 L.Ed.2d 674 (U.S.1985) ( "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it reenacts a statute without change"); *Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 147 (2d Cir.1999) ("Congress

is presumed ... to be aware of prior judicial interpretations of similar statutory provisions."). Thus, we have observed that "although [the predecessor to IDEA] grants the district court discretion to award fees, Congress intended [it] to be interpreted consistent with fee provisions under 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964." *Abu-Sahyun* ex rel. *Abu-Sahyun v. Palo Alto Unified Sch. Dist.,* 843 F.2d 1250, 1252 (9th Cir.1988).

The legislative history for IDEA's fee-shifting provisions confirms our assumption. The House report accompanying the 1997 amendments to the IDEA specifically addressed the application of *Hensley* to the IDEA:

*4 Questions have been raised regarding the relationship between the extent of success of the parents and the amount of attorneys' fees a court may award. In addressing this question, the Committee [on Education and the Workforce] believes the amount of any award of attorneys' fees to a prevailing party under part B shall be determined in accordance with the law established by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and its progeny.

As we stated in the 1986 report accompanying the legislation that added the attorneys['] fees provisions: "It is the committee's intent that the terms 'prevailing party' and 'reasonable' be construed consistent with the U.S. Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)."

H.R. Rep. NO. 105-95, at 105-06 (1997), *reprinted at* 1997 U.S.C.C.A.N. 78, 103-04; *see also* H.R. Rep. NO. 99-687, at 5-6 (1986), *reprinted at* 1986 U.S.C.C.A.N. 1807, 1808 (citing *Hensley* ); 132 Cong. Rec. 16,825 (1986) (statement of Sen. Hatch) (praising the new fees provision because it " includes the application of provisions from ... Hensley versus Eckerhart [and other] decisions to cases brought under part B of the Education of the Handicapped Act in order to protect against excessive reimbursement").

*Hensley* has been broadly approved. We have applied *Hensley's* degree of success principles to a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                                                                                                                    Page 5

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

variety of fee-shifting statutes, including civil rights claims, Americans With Disability Act claims, and even state claims. *See, e.g., Benton v. Or. Student Assistance Comm'n,* 421 F.3d 901, 905 (9th Cir.2005) (applying *Hensley* to civil rights claimant under § 1988); *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119-20 (9th Cir.2000) (applying *Hensley* to ADA claimant under 42 U.S.C. § 12205); *McGinnis v. Ky. Fried Chicken,* 51 F.3d 805, 809-10 (9th Cir.1994) (applying *Hensley* to employment discrimination suit under Washington law incorporating federal fee-shifting principles).

Although we have not previously ruled on whether *Hensley's* "degree of success" standard applies in IDEA cases, at least seven other circuits have held that it does, and so far as we can tell, no circuit has concluded otherwise. *See Linda T.* ex rel. *William A. v. Rice Lake Area Sch. Dist.,* 417 F.3d 704, 708 (7th Cir.2005) (noting that the "prevailing party inquiry 'does not turn on the magnitude of relief obtained,' but the size of the fee award does") (quoting *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)); *Wikol* ex rel. *Wikol v. Birmingham Pub. Schs. Bd. of Educ.,* 360 F.3d 604, 612 (6th Cir.2004) ("On remand, the district court should take into consideration the extent to which the Wikols succeeded on their claims.... [They] may well receive reimbursement for only a fraction of their total legal fees under the[ *Hensley v.] Eckerhart* standard but, under this court's precedents, their 'limited success' should not have acted as a total bar to recovery."); *Neosho R-V Sch. Dist. v. Clark,* 315 F.3d 1022, 1030-31 (8th Cir.2003) (approving district court's "discounted ... award of attorneys' fees for work on unsuccessful or abandoned claims"); *Holmes v. Millcreek Twp. Sch. Dist.,* 205 F.3d 583, 595-96 (3d Cir.2000) (allowing one-fourth of fees where student prevailed on some but not all claims); *Jason D.W.* ex rel. *Douglas W. v. Houston Indep. Sch. Dist.,* 158 F.3d 205, 208-09 (5th Cir.1998) (approving reduction of fees based in part on limited success achieved at hearing); *Urban* ex rel. *Urban v. Jefferson County Sch. Dist. R-1,* 89 F.3d 720, 729 (10th Cir.1996) ("Whether an award of attorney's fees is reasonable depends, in part, upon the degree of success obtained by the plaintiff."); *In re Conklin,* 946 F.2d 306, 316 (4th Cir.1991) (approving the district court's reduction of fees because of "the limited nature of the appellants' success").

*5 Some circuits that have yet to address the application of the degree of success test nonetheless approve the application of § 1988 principles to IDEA fee allocations. *See A.R.* ex rel. *R.V. v. N.Y. City Dep't of Educ.,* 407 F.3d 65, 73 n. 9 (2d Cir.2005) ("We therefore continue to interpret the IDEA's fee-shifting provisions in consonance with section 1988 and other federal civil fee-shifting statutes, unless there is a specific reason-such as with regard to expert fees-not to do so."); *Kathleen H. v. Mass. Dep't of Educ.,* 154 F.3d 8, 14 (1st Cir.1998) ("The standards governing the award of attorneys' fees under 42 U.S.C. § 1988 are applicable to awards under the IDEA."). Even where a circuit has not yet adopted the degrees of success test, district courts within those circuits have employed it. *See, e.g., Lopez v. Dist. of Columbia,* 383 F.Supp.2d 18, 22 (D.D.C.2005) (" When awarding fees for a partially successful plaintiff, it is crucial to first determine whether the claims on which plaintiff prevailed are related to those which were unsuccessful."); *Mr. R. v. Me. Sch. Admin. Dist. No. 35,* 295 F.Supp.2d 120, 121 (D.Me.2003) (noting that an award "may be adjusted up or down based[on] the plaintiff's degree of success in the lawsuit"). District courts within our circuit have likewise employed *Hensley* in IDEA cases. *See, e.g., Noyes v. Grossmont Union High Sch. Dist.,* 331 F.Supp.2d 1233, 1248 (S.D.Cal.2004) (noting that "plaintiff's degree of success is sufficient to support an award" of fees); *Miller v. San Mateo-Foster City Unified Sch. Dist.,* 318 F.Supp.2d 851, 864 (N.D.Cal.2004) ("Any award of attorneys' fees must take this degree of success into account.").

Secondary authorities regard the rule as well established. *See* James A. Rapp, 4 Education Law § 10.03(21)(f)(ii)(C) (2005) (noting that the application of *Hensley's* factors in IDEA litigation is "[a] well-established process"). If we were to hold that the degree of success need not be considered under the IDEA's fee-shifting provision, we would be alone in doing so.

Finally, there are solid policy reasons for applying

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:05-cv-00177-TMB   Document 49-2   Filed 09/22/2006   Page 6 of 8

Page 7 of 9

--- F.3d ----                                                                                          Page 6

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

*Hensley* in IDEA cases. First, *Hensley* represents the established standard for awarding attorney's fees in civil rights cases. Since the IDEA does not supply a standard different from other standards governed by *Hensley,* either we would have to create new criteria for judging awards under IDEA, or we would have to defer entirely to lower courts, thereby permitting fee awards to vary greatly from one case to the next, as each judge applies his or her own criteria for arriving at a reasonable fee. Second, the *Hensley* standard will not only guide courts, but allow parties themselves to better assess the prospective costs of legislation and make more informed choices about when to litigate and when to settle. The rule will help to deter parties (or their lawyers) from adding frivolous claims that exacerbate disputes and strain the resources of both parents and school districts. An established standard will also help parents and school districts settle post-litigation fee disputes without undertaking a second round of lawsuits. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933 ("A request for attorney's fees should not result in a second major litigation").

*6 The *Hensley* standard will help deter submission of multiple, nonmeritorious claims. It is understandable that without cost considerations, parents facing litigation would bring as many claims as possible, hoping to secure a larger share of the district's resources-whether in the form of reimbursements, additional staff time, or educational technology-than would be otherwise allotted to their children. Lawyers may also have incentive to bring baseless claims in order to increase billable hours devoted to a case. Acquiring a client with one strong claim should not give special education attorneys the green light to bill time on every conceivable issue. All children suffer when the schools' coffers are diminished on account of expensive, needless litigation. In order to balance the needs of IDEA claimants and school districts, *Hensley* offers parents and their lawyers an incentive to avoid making frivolous claims while preserving their ability to raise meritorious claims.

*Hensley's* rule will not bar parents from pursuing valid claims. It permits fees "adequate to attract competent counsel, but which do not produce windfalls to attorneys." *Hensley,* 461 U.S. at 430 n.

4, 103 S.Ct. 1933. Though parents do not always seek money under IDEA, they may still recover fees where they attain "other tangible results-such as sparking a change in policy or establishing a finding of fact." *Wilcox v. City of Reno,* 42 F.3d 550, 555 (9th Cir.1994).

*Hensley* does not strip the district court of its discretion in awarding fees, nor does it eliminate flexibility in granting them. The Court has acknowledged that the rule is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every contention. *See Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. On the other hand, there are circumstances when "even a plaintiff who formally 'prevails' ... should receive no attorney's fees at all." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566. As the Court summarized:

There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Hensley,* 461 U.S. at 436-37, 103 S.Ct. 1933.

### III. CONCLUSION

In sum, we hold that attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in *Hensley* and its progeny. The district court in this case made a partial attorney's fees award to Aguirre. It does not appear from the record that the district court applied *Hensley*-though the award may ultimately prove consistent with *Hensley*-because it did not consider Aguirre's degree of success. We therefore vacate the fee award and remand to the district court for apportionment of a fee award in accord with *Hensley* and its progeny.

*7 VACATED and REMANDED.
PREGERSON, Circuit Judge, specially concurring:
I concur in Judge Bybee's thorough and thoughtful

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                                                                                               Page 7

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

opinion. I write separately to make clear my view that, although the district court may have erred by failing to apply the "degree of success" test, it did not abuse its discretion when it awarded Aguirre $21,104.24.[FN1]

As discussed in the opinion, for a court to award attorney's fees under 20 U.S.C. § 1415(i)(3)(B), a parent (1) must be a "prevailing party" and (2) must seek "reasonable attorneys' fees." 20 U.S.C. § 1415(i)(3)(B)(I). Like my colleagues, I believe that Aguirre was a prevailing party in this case. Thus, the remaining issue is what constitutes "reasonable attorneys' fees" in this case.

When applying the degree of success test, the Supreme Court has recognized that a plaintiff who prevails in only part of her claims may not be entitled to recover fees for her unsuccessful claims. *See Hensley v. Eckerhart,* 461 U.S. 424, 430, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Rather, as a general rule, "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Id.* In this case, Aguirre prevailed on four of the twenty-seven issues she raised.

The school district contends that, because Aguirre prevailed on only a fraction of her challenges, her success was *de minimus* and that, had the district court applied the "degree of success" rather than the "significant issue" test, the attorney fee award would have been substantially lower. I disagree. Aguirre was awarded use of assistive technology for eight months because the school district failed to conduct a timely assessment for assistive technology and failed to provide the technology. The monetary value of this relief may be but a portion of all the relief sought in the twenty seven claims, but that does not render this relief *de minimus. See Thomas v. City of Tacoma,* 410 F.3d 644, 649 (9th Cir.2005) ("To deny an award of attorney's fees notwithstanding Plaintiff's clear victory on one of his claims for relief is an abuse of discretion; a reasonable fee in this case is *not* no fee at all.").

*Hensley* states that "unless special circumstances would render such an award unjust," a prevailing plaintiff "should ordinarily recover an attorney's fee." *Hensley,* 461 U.S. at 429, 103 S.Ct. 1933 (internal quotation marks omitted); *see also Herrington v. County of Sonoma,* 883 F.2d 739, 743 (9th Cir.1989) (stating that in civil rights cases, "fee awards should be the rule rather than the exception") (internal quotation marks omitted). Because there are no "special circumstances" in this case, Aguirre is entitled to a reasonable fee award. *See Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1119 (9th Cir.2000).

Further, the district court is not required to calculate a fee award by looking solely to the number of successful claims. That is, nothing in *Hensley* suggests that Aguirre is entitled to only 14.8% or 4/27 of the fee requested because she prevailed on only four of twenty seven claims. This is true because some claims may seek dramatic or more substantial relief, while others seek minor relief; the fee award must be calculated with careful consideration of the degree of success the prevailing party obtained. *See id.* at 436, 103 S.Ct. 1933.

*8 In formulating attorneys' fee awards, a district court can employ its discretion, a point recognized by our opinion. *See, e.g.,* Maj. Op. at ---- ("*Hensley* does not strip the district court of its discretion in awarding fees, nor does it eliminate flexibility in granting them."); *see also Neosho R-V Sch. Dist. v. Clark,* 315 F.3d 1022, 1030 (8th Cir.2003) (recognizing that the district court has the discretion to fashion fee awards based on its determination on the prevailing party's degree of success). "In exercising this discretion, district courts are given 'wide latitude.'" *The Traditional Cat Ass'n, Inc. v. Gilbreath,* 340 F.3d 829, 833 (9th Cir.2003) (internal citation omitted); *see also Hensley,* 461 U.S. at 435, 103 S.Ct. 1933 (acknowledging that the rule is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every challenge).

When determining the proper fee award, it is important for the court to determine whether Aguirre prevailed on claims that are related *or unrelated* to her unsuccessful claims. *See Thomas,* 410 F.3d at 649. To determine whether the claims are related, the district court should focus on whether the claims on which Aguirre did not prevail "involve a common core of facts *or* are based on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ---- Page 8

--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548
**(Cite as: --- F.3d ----)**

related legal theories," when compared to the successful claims. *Id.* To the extent the successful and unsuccessful claims are related, Aguirre should recover reasonable fees for prosecuting those claims. *See id.* However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims. *See id.*

In *Sorenson v. Mink,* 239 F.3d 1140 (9th Cir.2001), the defendant argued that the district court abused its discretion in failing to reduce the plaintiffs' award based on the "limited success" that the plaintiffs achieved in the litigation. *Id.* at 1147. However, because the plaintiffs' claims were all related-all focused on improving Oregon's disability determination system-we found that the plaintiffs were entitled to almost all of the requested fees. *See id.* We based our reasoning on the fact that the plaintiffs' claims " 'involve[d] a common core of facts' " and were " 'based on related legal theories.' " *Id.* (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933). Because "[m]uch of counsel's time will be devoted generally to the litigation as a whole ... [s]uch a lawsuit cannot be viewed as a series of discrete claims." *Id.* (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933).

In this case, Aguirre prevailed on four claims that asserted that the school district had failed to provide Carlos with the appropriate assistive technology. In comparing these claims with her twenty-three unsuccessful claims, the district court could reasonably find that all twenty-seven claims are sufficiently related because they all alleged that the school district failed to provide her son with the necessary components of a free and appropriate public education over the course of a two-year period. Because Aguirre's lawsuit involved a " common core of facts" and her various claims were "based on related legal theories," it would be reasonable for a district court to award her a substantial portion of the requested fees.

*9 Here, the district court recognized that Aguirre " achieve[d] some of the benefit the parties sought in bringing the suit." Because Aguirre obtained a benefit from her suit-a benefit that may be quite substantial to her and her son-and she prevailed on claims that are related to her unsuccessful claims, I believe that an attorneys' fee award of $21,104.24 is not an abuse of discretion, under the "degree of success" test.

> FN1. We review the district court's factual findings for abuse of discretion and its conclusions of law de novo. *M.L. v. Fed. Way Sch. Dist.,* 387 F.3d 1101, 1122 (9th Cir.2004) *amended by* 394 F.3d 634 (2005) ; *Abu-Sahyun v. Palo Alto Unified School Dist.,* 843 F.2d 1250, 1252 (9th Cir.1988).

> FN2. Section 1988 is the general fee-shifting provision for federal civil rights cases. 28 U.S.C. § 1988(b) (2003).

> FN1. The district court, acting in its discretion, awarded Aguirre approximately half of the $42,104.92 she requested.

C.A.9 (Cal.),2006.
Aguirre v. Los Angeles Unified School Dist.
--- F.3d ----, 2006 WL 2473479 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv. 8017, 2006 Daily Journal D.A.R. 11,548

Briefs and Other Related Documents (Back to top)

• 2004 WL 2019460 (Appellate Brief) Appellants' Reply Brief (Aug. 3, 2004) Original Image of this Document (PDF)
• 2004 WL 1935822 (Appellate Brief) Appellee's Answering Brief (Jul. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 1857237 (Appellate Brief) Appellants' Opening Brief (Jun. 17, 2004) Original Image of this Document (PDF)
• 03-57138 (Docket) (Dec. 11, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.