Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S.,<br><br>   Plaintiffs,<br><br> vs.<br><br>Anchorage School District,<br><br>   Defendant. | Case No. 3:05-cv-0177 (TMB) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

**I.  INTRODUCTION**

   Defendant Anchorage School District (ASD) moves the Court to provide relief from

judgment under Fed. R. Civ. Pro. 60(b). This motion is brought to request clarification of the

court's August 17 Order and reduction in the attorney's fees awarded in light of two Appellate

cases decided at and after the decision in this matter. On August 15, 2006, the Ninth Circuit

Court of Appeals issued a decision in *P.N. v. Seattle School District, No. 1*, 458 F.3d 983 (9th

Cir. 2006), holding that to recover attorney's fees under the IDEA, a parent must meet both

prongs of the definition of prevailing party set forth in *Buckhannon Bd. & Care Home, Inc v. W.

Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). A few days later, on August 29,

2006, the Ninth Circuit Court of Appeals issued a decision in *Aguirre v. Los Angeles Unified School District*, (__ F.3d __)(copy attached herewith for reference) holding that the "degree of success" rule applies in IDEA attorney fee cases, remanding to the lower court to conduct an analysis of the standard enumerated in *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

ASD is requesting the court to clarify the court's August 17 Order, in light of the two cases that were decided by the Ninth Circuit Court of Appeals on August 15 and August 29. ASD respectfully submits that the application of the explicit requirements of *Aguirre* and *P.N.* is likely to alter the court's August 17 decision. ASD therefore requests the court to apply these two decisions, clarify these issues for the parties in this case, and reduce the attorney's fee award accordingly.

**II.    RULE 60(B) – SUMMARY**

Fed. Rule Civil Pro. 60(b)(1) allows a party to file for relief from a judgment when there has been mistake, inadvertence, surprise, or excusable neglect. Courts have supported motions under this rule where there has been a change in the law that created a mistake by the court or in application of the law to the underlying case.  A court may recognize subsequent changes in either statutory or decisional law. *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (internal citations omitted). The Second Circuit held that relief from judgment under Rule 60 (b) should be granted where a subsequent Supreme Court decision, 11 days after the judgment, changed the way the law should have been applied by the court. *Tarkington v. U.S. Lines Cp.*, 222 F.2d 358, 360 (2d Cir. 1955).  Judge Friendly later commented on *Tarkington* that it made good sense to allow the trial court to correct a decision "in the light of new authority on application made within the time permitted for appeal" and specifically distinguished the 11 day

time period in *Tarkington* from a more lengthy delay. *Schildhaus v. Moe*, 335 F.2d 529, 531

(Second Cir., 1964). The Ninth Circuit is similar to the Second Circuit in that it also supports a

broad reading of Rule 60(b) relating to mistakes of law. See Wright, Miller & Kane, Federal

Practice and Proc: Civil 2d., sec. 2858, n. 50, and supp.; *Liberty Mut. Ins. Co. v. EEOC.* 691 F.2d

438, 441 (9th Cir. 1982); and also *Ward v. Kennard*, 133 F.Supp.2d 54, 63 ( D.D.C. 2000)

(motion allowed only to correct an error due to change in law, not as a substitute for appealing an

error in legal reasoning).  Because the Judgment was filed August 22, 2006, ASD is submitting

this Motion within the time authorized for appeal.

Rule 60(b)(6) allows the court to provide relief from judgment where there are

circumstances justifying relief. There is no time limit under this subsection, but relief cannot be

had under this subsection if it would have been available under subsections 1-5, which do have

more stringent time limitations. See generally Wright, Miller & Kane, Federal Practice and Proc:

Civil 2d., sec. 2864.

**III.    ARGUMENT**

ASD is requesting the court to provide relief from the judgment and Order of August 17,

2006, because of a change in law based on two new Ninth Circuit decisions imposing specific

standards for courts to consider in attorney fee disputes. Because both of these new decisions

have specific bearing on how district courts are to decide fee disputes, and both were issued after

the parties briefed the court though only one was issued after the court's Order, ASD submits

there was a mistake in the law the court applied to the decision in this matter.

### a.   Applying *P.N. v. Seattle School District*:  Prevailing Party Status

First, ASD submits the application of the standards just recently set forth in *P.N.* would lead to a different result in this case.  The Court of Appeals in *P.N.* held that *Buckhannon* is the controlling rule for determining any matter regarding prevailing party status in IDEA cases in the Ninth Circuit. *P.N.*, 458 F.3d at 988-989.  In *P.N.,* the Court of Appeals looked to and applied the two part test under *Buckhannon* and held that the parent was not a prevailing party, despite having reached a settlement agreement on her complaint against the school district. The Court of Appeals required the parent to show <u>both</u> a) a material alteration in the legal relationship of the parties, <u>and</u> b) judicial imprimatur, i.e., judicial sanction of such alteration.

In the case at bar, ASD seeks relief because the August 17 Order in this matter did not specifically apply and address the prevailing party standard clearly set forth in *P.N.*.  If this standard were applied to the case at bar, the plaintiffs would be unable to meet either prong. First, the IHO was asked simply to determine whether ASD had implemented the corrective action ordered by the State in a previous matter. Therefore, ASD submits that the IHO decision did not result in any material alteration in the relationship between the parties. Second, the decision by the IHO does not include any judicial sanction as required by Buckhannon.  Other than reimbursement, there is no ongoing corrective action that the district was required to make. Furthermore, in only three of eight <u>Conclusions of Law</u> did the hearing officer find a violation of the corrective action. See *DECISION AND ORDER, Conclusions of Law Nos. 2, 7, 8,* set forth in p. 32 of 48ff, Exhibit C of Docket 22.   In the other six, the district was either in compliance or the parties had reached agreement on their own with no order by the hearing officer imposed.

ASD submits that plaintiff was not a prevailing party on each of the issues sufficient to merit a full award of attorney's fees.

b.  **Applying *Aguirre v. Los Angeles Unified*:  Degree of Success**

ASD argues that applying the standards in *Aguirre* will likely lead to a different result in this case.  The August 17 Order briefly references *Hensley*, acknowledging the degree of success standard simply in a passing comment solely in a footnote. However, given the standards set forth in *Aguirre*, there should be specific reasoning provided of how the Court considered and applied the factors identified for determining degree of success.  While the district court may exercise discretion, it should at least determine whether the claims plaintiff prevailed on were related or unrelated to *unsuccessful* claims. See *Aguirre*, (Pregerson, J, specially concurring). In fact, in *Hensley*, the Court remanded the case for clarification, acknowledging that the district court could exercise discretion, yet stating:

> It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.

*Hensley*, 461 U.S. 424, 437.  The Court of Appeals remanded *Aguirre* for the same reasons.

If the Court had the benefit of *Aguirre* prior to issuing an order, the principles set forth in *Aguirre* would have guided the court's decision toward a clear consideration of the relationship between the amount of the fee awarded and the results obtained. *Aguirre* requires the court to provide an explanation of why it determined the issues which the parents lost were sufficiently related to the ones which they won to allow nearly a full award of the fees claimed.  Here, the parents prevailed in only three, while ASD prevailed on at least four of the eight findings in the

IHO's Order. See *DECISION, id.,* nos. 1, 4, 5, 6.  However, there is no explanation given for the court's finding, in one sentence, that "all of the claims are adequately related to warrant a full award of attorney fees." *Aug 17 Order*, fn.3.  The court's order adequately supports the amount of the lodestar, but then makes no effort to address the degree of success on the issues won and lost, relative to the number of hours claimed. The plaintiff prevailed in only three of the eight findings of the IHO. Thus, it is unclear what standards the court applied in concluding only 2 of plaintiff's 6 claims were unsuccessful, or whether the court simply concluded the plaintiff "prevailed sufficiently" as was argued in the Plaintiff's Motion to Dismiss.  Therefore, ASD respectfully requests the court to apply *Aguirre* and issue a new order accordingly.

## IV.    CONCLUSION

ASD respectfully requests this court to grant relief from the Order regarding Attorney's fees from this court dated August 17, 2006, and reduce the judgment in light of new case law and specific guidance from the Ninth Circuit Court of Appeal directly relevant to this Order. Properly applying the rules in the light of these decisions will inevitably lead the court to a different conclusion.

DATED at Anchorage, Alaska this 22nd day of September, 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Anchorage School District

By: /s/ Bradley D. Owens
       Bradley D. Owens
       3000 A Street, Suite 300
       Anchorage, AK  99503
       Telephone:  (907) 563-8844
       Facsimile:  (907) 563-7322
       bradowens@jdolaw.com
       Alaska Bar #7610122

Certificate of Service
This is to certify that on this 22nd day of
September, 2006, a true and correct copy of the
Foregoing was electronically  mailed to:

Megan Allison
Disaiblity Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, AK  99503


s/ Bradley D. Owens_____

3227 1141/130982