Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervener-Applicant
Email: mallison@dlcak.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| N.S., by and through his parents J.S. and R.S., ) ) ) Plaintiffs, ) ) vs. ) ) Anchorage School District, ) ) Defendants. ) | Case No. A05-0177 CV (JKS) |

**Opposition to Motion for Relief from Judgment**

ASD has moved for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure on the purported basis that two recent 9th Circuit decisions would have altered the result reached in this case.  ASD's motion is riddled with legal and factual inaccuracies, and provides no valid basis for this court to review its decision.

**1. Background**

Plaintiff, N.S., sought a due process hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et. seq.* against the Anchorage School District ("ASD") because of ASD's failure to provide a Free Appropriate Education.  The hearing officer found in favor of N.S., ruling that ASD had failed to comply with the Corrective Action orders issued by the Department of Education and Early Development and awarded N.S. additional remedies as well.  Those remedies included . [Docket 1]  ASD did not appeal this decision.  N.S. filed this suit to recover attorney fees incurred in the hearing process.  On August 17, 2006 this Court ruled that N.S. was entitled to

recover fees in the amount of $10,881.67 [Docket 38.] On September 1, 2006 N.S. filed a motion for additional fees in the amount of $10,935.41 for fees accumulated in this action to recover fees. [Docket 40.] In opposition to the fees-for-fees request, ASD argued that this court should reconsider its original fee award in light of *Aguirre v. Los Angeles Unified School District,* 2006 WL 2473479, (9th Cir. August 29, 2006). [Docket 45]. N.S., in Reply, pointed out that such a request was procedurally improper, and should have been brought as Rule 60(b) motion. [Docket 46]. Apparently ASD took this suggestion literally, and filed this request for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

**2. ASD has Not Specified a Basis for a Rule 60(b) Motion.**

ASD is not entirely clear as to which basis under 60(b) they wish the court to analyze their motion. Rule 60(b) provides 6 alternative bases upon which a court may relieve a party from the effect of a prior judgment:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence …
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Although ASD initially states that it is seeking relief under Rule 60(b)(1), ASD goes on to cite cases dealing with sections 60(b)(5) and 60(b)(6). ASD argues that "a court may recognize subsequent changes in either statutory or decisional law," and cites *Agostini v. Felton*, 521 U.S. 203, 215 (1997). *Agostini* dealt exclusively with Rule 60(b)(5), and confirmed a prior ruling, *Rufo v. Inmates of Suffolk County Jail* in which the Court held "it is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction or consent decree can show 'a significant change either in factual conditions or in law." *Agostini* says nothing about any other provision under Rule

60(b).  Because this case involves a monetary judgment, not an injunction or consent decree, Rule 60(b)(5) is not applicable here.  *See Kalamazoo river Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 587-88 (6th Cir. 2004).

*Tarkington v. U.S. Line Cp*, 222 F.3d 358, 360 (2nd Cir 1955) also cited by ASD, is also irrelevant here. ASD claims that *Tarkington* states that relief from judgment should be granted where a subsequent Supreme Court decision … changed the way the law should have been applied by the court.  *Tarkington* does not address that issue. *Tarkington* held that where a judgment was entered, and 10 days later party filed a motion for new trial (which should have been treated as a 60(b) motion) and then filed a notice of appeal after the motion for new trial was denied, the appeal from the district court's denial of the motion for new trial was timely, even though it was 64 days after the final judgment was entered.  Tarkington dealt solely with the timeliness of an appeal and did not address any other issues.

*Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, also cited by ASD does concern itself with Rule 60(b)(1); however a careful reading of that case demonstrates that the issue therein was whether the District Court had properly followed the directions and judgment of the Ninth Circuit on remand from a previous appeal. *Id.* at 440.  Failure to follow the directions of an appellate court which had established the law of the case is much more akin to a mistake by the court, cognizable under 60(b)(1), than is ASD's simple claim that this court made a mistake of law.

Finally, ASD simply recites the basic rule espoused in Rule 60(b)(6), without offering any reason or explanation why that particular provision should be applied here.

ASD has failed to articulate a rational explanation why this Court should, under any of the provisions of Civil Rule 60(b), revisit its prior judgment in this case.  For this reason, the Court should not even consider the merits of the motion.

**3. There has Been No Intervening Change in Law.**

Even if this Court were to find that it had the authority under Rule 60(b) to offer relief to ASD due to a change in the law since the date it entered judgment, there simply has been no such change in the law. The two cases cited by ASD—*P.N. v. Seattle School District No. 1*, 458 F.3d 983 (9th Cir. 2006) and *Aguirre v. Los Angeles Unified School*

*District*, 2006 WL 2473479, (9th Cir. August 29, 2006) are nothing more than applications of existing law, and did not work any substantive changes, which would warrant this court revisiting its prior decision.

### A. *P.N.* Applied Long Established Standards.

ASD argues that "the application of the standards just recently set forth in *P.N.* would have lead to a different result" and goes on to state that P.N. held that *Buckannon Bd. & Care Home, Inc. v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598 (2001), is the controlling rule for determining whether a party is the prevailing party. However, *P.N.* set forth no new standards, and merely involved a straightforward application of *Buckhannon*, which has been the standard in the 9th circuit for several years, at least. The application of *Buckhannon* to IDEA cases in the 9th Circuit, while recent in historical terms, predates *P.N.*, and the case at bar, by several years. There simply are no new standards "just recently set forth in *P.N.*" as ASD claims.

Section C of the *P.N.* decision is even titled "**We have adopted Buckhannon's definition of 'prevailing party' for IDEA cases.**" *P.N.* at 988. The *P.N.* court went on to state that "[a]ny questions as to whether we would apply *Buckhannon's* definition of 'prevailing party' to actions brought under the IDEA have been dispelled by our decisions in *Shapiro v. Paradise Valley Unified School District,* 374 F.3d 857, 865 (9th Cir. 2004) and *Carbonnel v. INS*, 429 F.3d 894, 899 (9th. Cir. 2005)." ASD's assertion that *P.N.* is the first application of Buckhannon to an IDEA decision in the 9th Circuit is directly contradicted by *P.N.* itself.

ASD had a full and fair opportunity to argue that Plaintiff did not meet the *Buckhannon* standard, or the *Shapiro* standard, or the *Carbonnel* standard, but simply

failed to do so. A post-judgment motion under Rule 60(b) should not be used as a substitute for adequate and timely legal research. The law was clear and explicit long prior to this court's ruling in this case that *N.S.* was the prevailing party.

Finally, even if this court were inclined to reconsider its decision in light of *P.N.*, there is no possible conclusion except that N.S. was the prevailing party. The standard reaffirmed in *P.N.* is that "in order to be considered a prevailing party after Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *PN.,* 458 F.3d at 988-89. In this case, the hearing officer ruled that ASD failed to comply with the corrective orders issued by DEED and failed to provide N.S. with a free appropriate public education. [Docket 1] This is a change in the legal relationship between the parties. Before the ruling there was no determination that ASD had violated N.S.'s right to a free appropriate public education by failing to take the correction action ordered by DEED and by failing to provide appropriate services to N.S. Additionally, the hearing officer order N.S. be compensated for the ASD's violation of N.S.'s rights.

### B. *Aguirre* also Applied Long Established Standards.

Likewise, *Aguirre,* also cited by ASD, worked no substantive change in the law, and this court has already properly applied the standard enunciated in *Aguirre*. *Aguirre* held that the "degree of success" standard announced in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) for determining attorney fee awards applies to IDEA cases. Prior to *Aguirre* there was no ruling on this exact point in the 9th Circuit. However, as *Aguirre* noted, at least seven other circuits held that the *Hensley* standard applied to IDEA cases, and no Circuit had concluded otherwise.

In ruling on Plaintiff's request for fees in this case, this Court specifically noted "Defendant opposes the amount of attorney fees sought, arguing that 'the amount of fees requested is not proportionate to the extent of their success.'" [Docket 38] The standard applied by this Court was "a reasonable number of hours based upon the hourly records kept by Plaintiff's counsel, *measured against the nature of the issues presented to the agency and the results achieved*, evaluated in light of any specific objections ASD might have to items on the records." [Docket 38 p. 3] (Emphasis added). This Court then concluded that Plaintiff was not entitled to recover $1,143.23 in fees spent litigating an issue that Plaintiff lost against DEED. [Docket 38, pp3-4]. Clearly, ASD had already advocated for the *Hensley* and *Aguirre* standard and that was the exact standard applied by this Court. The fact that the 9th Circuit issued a ruling that affirms what this Court already did, does not give this Court any reason to reconsider its decision. This Court already abided by the principles set forth in *Aguirre*.

At best, ASD is now claiming that this court failed to offer a "concise but clear explanation of its fee award." At most, this justifies a request to the Court to better explain its decision, it does not require the Court to reconsider its decision under Rule 60(b). *Aguirre* does not amount to a change in the law. It is instead an affirmation of the law already applied by this Court. *Aguirre* offers no basis for this court to review its decision under and of the subsections of Rule 60(b).

## Conclusion

For the foregoing reasons, ASD's motion for relief under Civil Rule 60(b) should be denied.

                                        __s/ Meg K. Allison_____
                                        Meg K. Allison, Esq. (AK Bar No. 0511091)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervener-Applicant
Email: mallison@dlcak.org

Certificate of Service

I hereby certify that on the 2$^{nd\ h}$ day of October, 2006, a copy of this document was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

Sonja D. Kerr, Esq.
1114 Covington Ct.
Anchorage, AK 99503

    s/ Meg K. Allison
Meg K. Allison