Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervenor-Applicant
Email: mallison@dlcak.org

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| N.S., by and through his parents J.S. and R.S., | ) | |
| Plaintiffs, | ) | Case No. A05-0177 CV (JKS) |
| vs. | ) | |
| Anchorage School District, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF INTERVENTION**

## I. INTRODUCTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, The Disability Law Center of Alaska ("DLC") hereby requests permission to intervene as a Plaintiff in this matter. This case is a petition for fees incurred in an administrative hearing under the Individuals with Disabilities Education Act. Plaintiff was the prevailing party in the administrative action, and filed this lawsuit to recover fees incurred in that forum. The substance of the administrative decision is not at issue in this case, only the entitlement to legal fees.

Plaintiff was represented by DLC until September 20, 2006, when he retained private counsel, Ms. Kerr. DLC is the non-profit legal organization that employed Ms. Kerr

when the fees in the underlying administrative matter were incurred. As a result, the DLC has a significant interest in any fee award resulting from the hearing. In order to protect its interest in this matter, DLC seeks to intervene in this action.

## II. INTERVENTION IS PROPER UNDER CIVIL RULE 24(a)

Rules governing intervention traditionally receive liberal construction in favor of applicants for intervention; courts are guided primarily by practical and equitable considerations. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). DLC seeks intervention in this action pursuant to Fed.R.Civ.Pro. 24(a), which reads:

> Upon timely intervention anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impede or impair the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

In *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir.1996), the Ninth Circuit held that the district court must grant a motion to intervene, pursuant to Rule 24(a)(2), "if four criteria are met: timeliness, an interest relating to the subject of the litigation, practical impairment of an interest of the party seeking intervention if intervention is not granted, and inadequate representation by the parties to the action." DLC meets these requirements, as discussed in turn.

### A. <u>This motion is timely</u>.

Three factors should be evaluated to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.*

The attorney fees at issue in this matter were incurred while DLC was representing the Plaintiff in an administrative proceeding where Plaintiffs were the

prevailing party. As a result of prevailing at the administrative level, DLC, on behalf of the Plaintiffs, brought this action for attorney fees and represented plaintiff through the judgment rendered by this court on August 22, 2006, [Docket 39], as well as the motion for attorney fees [Docket 40] still awaiting decision by the Court. On September 20, 2006, Plaintiffs discontinued their employment of DLC in this matter. On September 21, 2006, Defendants filed a motion for reconsideration of the Court's judgment. [Docket 49]. Because only a week and a half has lapsed since being notified by plaintiffs of termination of representation and the filing of Defendant's motion for reconsideration, DLC as intervenor-applicants have proceeded expeditiously and there is no question concerning the timeliness of this motion. Furthermore, none of the parties will be prejudiced because counsel for DLC is familiar with the proceedings, and DLC's involvement will not necessitate any additional motions or discovery.

B. <u>DLC has an interest in the subject matter of this action</u>.

The requirement of a significantly protectable interest is generally satisfied when "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410.

In this case, DLC has a protectable interest in the attorney fees awarded by the Court. As stated above, the attorney fees awarded to Plaintiffs were incurred by Ms. Kerr during her employment with DLC and are therefore DLC's fees. Additionally, the only claim at issue in this lawsuit is attorney fees, all incurred by DLC through Ms. Kerr.

Therefore, because there is a relationship between the interest DLC seeks to protect, its attorney fees, and the claim at issue, for attorney fees, DLC should be allowed to intervene, as it is the real party in interest. Finally, any resolution of the claim before the Court impacts Plaintiff's attorney fees award.

C. <u>DLC will be impaired in protecting its interest if intervention is not granted</u>.

"To be entitled to intervene under Rule 24(a)(2) the applicant must establish, among other things, that she is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect her interests." *Cunningham v. David Special Commitment Center*, 158 F.3d 1035, 1037-38 (9th Cir. 1998).

Because DLC is a non-profit organization, it does not charge its clients for legal services. However, DLC does reserve the right to retain any legal fees awarded by the court. If this fees action is settled for a nominal sum, DLC will not be able to collect any of the fees incurred in representing plaintiff. Although DLC is funded largely by various grants, awards of attorney fees do provide additional income to DLC, which in turn allows DLC to serve more clients, and serve them better. Therefore, any action by this Court or any of the parties to this matter has the ability to adversely affect DLC's interest in this litigation.

D. <u>DLC's interest is not adequately represented by the parties to the action</u>.

"The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests may be inadequate." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The Ninth Circuit considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is

such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986).

In this instance, DLC's interest are notadequately protected by Plaintiffs' representation. First, Plaintiffs have no stake in this litigation. As explained above, while DLC does not charge its clients, it does reserve the right to retain any fees awarded by the court. Because all that is at stake in this action is attorney fees, Plaintiff and his current counsel have no incentive to protect DLC's interests. It will simply make no difference to plaintiff whether this case is settled for a nothing at all, a nominal sum, or full fees. The result to plaintiff will always be the same. However, the loss of fees already earned by DLC will affect DLC's ability to serve all of its clients. Additionally, it is unknown whether Plaintiffs will want to continue on with this litigation, which is on appeal to the Ninth Circuit pending the outcome of the Defendant's motion for reconsideration, as they have no personal interest in the claims. Therefore, Plaintiffs have no incentive to protect the interest of DLC.

Obviously, Defendant, as the entity who will pay an fee award, has interests which are directly opposed to those of DLC, and therefore Defendant cannot adequately protect DLC's interest.

## III. INTERVENTION UNDER RULE 24(b) IS PROPER.

Under Rule 24(b), "permissive intervention may be permitted when an applicant's claim or defense and the main action have a common question of law or fact in common." F.R.Civ.P. 24(b).

As previously discussed, intervenor-applicants have a common question of law and fact in common with the parties in this action, an award of attorney fees under the IDEA. DLC is the real party in interest that incurred the attorney fees that are the subject to this lawsuit. Therefore, because DLC's claim to attorney fees is precisely what this lawsuit is about, permissive intervention is appropriate.

Dated: October 2, 2006

Respectfully submitted,

/s Meg K. Allison

Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervenor-Applicant
Email: mallison@dlcak.org

Certificate of Service

I hereby certify that on the 2nd h day of October, 2006, a copy of this document was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

Sonja D. Kerr, Esq.
1114 Covington Ct.
Anchorage, AK 99503

s/ Meg K. Allison
Meg K. Allison