SONJA D. KERR (AK BAR No. 040951)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: 907-222-9994
Email: nalaof608@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his Parents, J.S. and R.S., ) ) | |
| Plaintiffs ) | |
| ) | |
| Vs. ) | Case No. A05-0177 CV (TMB) |
| ) | |
| Anchorage School District, ) | |
| Defendant ) | |
| _____ ) | |

**PLAINTIFF N.S.' OPPOSITION IN RESPONSE TO
DEFENDANT ASD'S RULE 60(b) MOTION**

Plaintiff N.S. was the subject of two successful complaint decisions issued by the Alaska Department of Education and Early Development ("DEED") finding that Anchorage School District ("ASD") had denied him a free appropriate public education, and a special education hearing officer concluded likewise. (Dkt 1, Complaint, Ex. A, B, and C). This lawsuit was initiated in July of 2005 to recover attorneys fees and costs of the Disability Law Center ("DLC") for the representation necessary at the due process hearing. On August 17, 2006, the Court ruled in favor of DLC, awarding $10,881.67. (Dkt. 38). Judgment was entered on September 22, 2006. (Dkt. 39). On September 15, 2006, ASD appealed the award to the Ninth Circuit. (Dkt. 43). Seven days after appealing, ASD filed a Rule 60(b) Motion for Relief from Judgment contending that two Ninth Circuit cases issued following this Court's sound judgment require reversal or change in the Judgment of this Court. (Dkt. 50). ASD's Rule 60(b) motion is unfounded and must be denied.

## ARGUMENT

**I.  ASD's Rule 60(b) Motion Is Improper While Case is Pending Before the Ninth Circuit.**

There is no dispute that this is case is presently pending before the Ninth Circuit Court of Appeals. The Rule 60(b) motion to this Court was filed <u>after</u> ASD's appeal to the Ninth Circuit. A district court should not grant relief from a judgment while a case is pending on appeal. *U.S. Ex. Rel. Thomas v. Gramley*, 986 F. Supp. 502 (N. D. Ill. 1997).

**II.  ASD Has Failed to Provide a Basis Under Rule 60(b) for the Court's Review.**

ASD sets forth no factual basis for any reliance on Rule 60(b)(1)-(5).   Although it is not entirely clear, it appears that ASD is relying upon Rule 60(b)(6). Rule 60(b)(6) provides that the Court may upon motion and such terms as are just, relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6). The exclusive reason cited by ASD for relief is that the Court should entirely revisit the judgment based upon two recent IDEA fee cases decided by the Ninth Circuit. These two cases, ASD argues, lead to a "change in law" reason for reopening the judgment and redeciding the matter. ASD relies upon *Agostini v. Felton,* 521 U.S. 203, 215 (1997) where the Court revisited an injunction issued ten years earlier, based upon both a change in facts and a change in law since its issuance. ASD claims that the Court here has either "made a mistake in law" or that the law has "changed" since the decision was issued, necessitating a change. Neither is true. There has been no change in facts. There has been no change in the governing law since the August 22nd order of the Court. There has been no "mistake in law" by the Court. Therefore, the Court must deny the Rule 60(b) motion as there is no basis for its review.

### III. P.N. v. Seattle School Dist. No. 1 Is Inapplicable and Does Not Demonstrate A Change in Law or a Mistake in Law.

This Court carefully considered the issue of "prevailing party" in its August 17, 2006 order. So did Judge Singleton's earlier order concerning discovery. (Dkt. 38, Dkt. 20). Both orders referenced and applied the *Buckhannon* decision. The Court concluded that it was "undisputed" that Plaintiffs were the prevailing party. (Dkt. 38, n. 1). Notably, the ASD now attempts to raise, in post-judgment fashion, an argument that the Court has already rejected – that Plaintiffs did not "prevail enough" under *Buckhannon* as well as a wholly new argument - that the IHO is not a judge and therefore did not meet the judicial imprimatur on the case. Neither argument is persuasive.

ASD cannot now complain that Plaintiffs did not "prevail enough" and do so under the guise that they did not know that this was part of the standard before the Court. Even a cursory review of the ASD's own brief before the Court shows that ASD was aware of the standard as to prevailing party and simply failed to convince the Court. (Dkt. 28). Judge Singleton referenced the *Buckkannon* standard and issue of judicial sanction in an early decision concerning discovery so ASD was on notice.

*P.N. v. Seattle School District No. 1*, 458 F. 3d (9th Cir. 2006) is not "new law" or a change in the law when that case simply reiterated case law as to the ability of plaintiff attorneys to recover attorneys fees in a settlement situation. *P.N.* is wholly inapplicable to this one which was an enforcement case, not a settlement case. In *P.N.*, the conflict was solved by a settlement agreement signed only by the parties. Later, the parents brought an attorneys' fees action to recover their fees for their efforts to obtain the settlement. The *P.N.*Court, in reliance on *Buckhannon Bd. & Car Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001) denied the fees. Notably,

N.S. v. ASD, et al                                                                                                    3
Response to Defendant Motion for Rule 60(b)

this was not the first time that the Ninth Circuit had considered the *Buckhannon* case and Defendant ASD should have known that. See, *Association of California Water Agencies v. Evans,* 386 F. 3d 879 (9th Cir. 2004).

Case law since *Buckhannon* is clear that an IHO's finding that a child has been denied a free appropriate public education is an "administrative imprimatur" and therefore, the equivalent of a judicial imprimatur for purposes of IDEA attorneys fees. *A.R. ex rel. R.V. v. New York City Dept. of Educ.*, 407 F. 3d 65 (2nd Cir. 2005); *P.N. v. Clementon Board of Education*, 442 F.3d 848 (3rd Cir. 2006). *P.N. v. Seattle,* supra, is consistent with both the 2nd and 3rd circuit as it holds that the lack of an order from the IHO and reliance on a private settlement, was not an administrative imprimatur.

The instant case was not a settlement, and IHO Cerro issued an order providing an administrative imprimatur. Plaintiff N.S. had to engage DLC's services for a due process hearing to insist that ASD comply with the two DEED complaints. A full day evidentiary hearing occurred before IHO Cerro. Witnesses were called, exhibits offered. IHO Cerro issued an order finding that ASD had denied Plaintiff N.S. a free appropriate public education. Thus, on the facts alone, *P.N.* is completely distinguishable as a "settlement" case, rather than an adjudicated decision as was N.S. It would be reversible error for the Court to grant the Rule 60(b) motion on the basis of *P.N. v. Seattle,* supra., given the substantial differences in the facts. In addition, as Defendant ASD was on notice of the *Buckhannon* rule, and the Court addressed that rule, ASD cannot be heard to complain at this juncture.

N.S. v. ASD, et al                                                                                                                4
Response to Defendant Motion for Rule 60(b)

**IV.     The Court Applied Hensley; Aguirre v. LA Unified is a Hensley case.**

The District Court here, had the benefit of the *Hensley* standard and properly applied it. (Dkt. 20, Dkt. 38). ASD claims that *Aguirre v. LA Unified,* 2006 WL 2473479 (9th Cir. 2006) changes the law and should thus, change the result in this case as to the "degree of success" of Plaintiffs. ASD contends that had the Court had the "benefit of Aguirre" prior to issuing the order, the principles set forth there would have guided the court's decision towards a clear consideration of the relationship between the fees awarded and results obtained. (Dkt. 50, pg. 5) However, *Aguirre,* like other cases before it, does nothing more than apply the *Hensley* standard of which this Court was already aware. The Ninth Circuit had already recognized *Hensley* to some extent in *Parents of Student W. v. Puyallup Sch. Dist.*, 31 F. 3d 1489, 1498 (9th Cir. 1994). District courts within the Ninth Circuit have recognized *Hensley* in IDEA cases on the point of "degree of success." See, *Noyes v. Grossmont Union High Sch. Dist.*, 331 F. Supp. 2d 1233 (S.D. Cal. 2004), *Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2d 851 (N.D. Cal. 2004). Judge Singleton, in the earlier decision as to discovery, thoroughly explained the *Hensley* standard, and referenced the *Noyes* decision although for a different purpose. (Dkt. 20). This Court referenced Judge Singleton's earlier decision and referenced the *Hensley* standard in its August 17, 2006 decision. The Court itself recognized that the Plaintiffs prevailed on four of six claims, and that on the two claims where Plaintiffs did not prevail, Plaintiffs could have been awarded a full award of attorneys fees. (Dkt. 38, n. 3). The Court, however, with concession of the Plaintiffs, reduced the full award by $1,143.23 for time spent on Plaintiffs' failed motion as to the

state defendants. Clearly, the Court considered the "degree of success" issue raised in *Hensley*.

Notably, unlike *Aguirre*, this case was one about enforcement. A prevailing party is one which changes the relationship between the parties because of the litigation, especially where there is a deliberate failure to comply with state standards. *Evanston Community Consolidated School Dist. Number 65 v. Michael M.*, 356 F. 3d 798 (7th Cir. 2004) (finding plaintiffs prevailing parties where occupational therapy services were increased as a result of violation of state licensing violations). Here, Plaintiff N.S. had to go to a due process hearing to insist that ASD comply with the DEED Corrective Action Orders. Plaintiffs prevailed because ASD was found in violation and the IHO Cerro ordered them to comply with the Corrective Action Orders for Complaint No. 04-04 and 04-14. Finding a denial of FAPE to Plaintiff N.S., the IHO ordered ASD to provide the compensatory education services required by Complaint 04-04 order. (Dkt. 1, Complaint, Ex. C, pg. 7-8). The IHO ordered ASD to ensure transportation services for Plaintiff N.S. as required by Corrective Action Order for Complaint 04-14. (Dkt. 1, Complaint, Ex. C, pg. 9). The IHO found that the ASD's actions regarding transportation matters were "inexcusable and a violation of the Student's entitlement to FAPE." (Dkt. 1, Complaint, Ex. C, pg. 9) The ASD even failed to even comply with the IHO's order on the transportation reimbursement issue. (Dkt 1, Complaint, Ex. D). This case, unlike *Aguirre*, was an enforcement case. Fom the beginning to the end, the ASD continued to refuse to comply with simple and reasonable requirements imposed upon it by DEED and even by the IHO.

In light of the ASD's apparent resistence to following the DEED and IHO orders, and the IHO's findings and conclusions, the Court properly found that Plaintiffs prevailed and that "all of the claims are adequately related to warrant a full award of attorneys fees." (Dkt. 38, n.1) The Court clearly examined the "degree of success" standard as required by *Hensley*, properly applied it, and issued the fees, with a small reduction. *Aguirre* adds nothing to the standard that was available and used by the Court as a result of the *Hensley* decision and therefore, the Court must deny the Rule 60(b) motion.

## CONCLUSION

The Court should deny the Rule 60(b) motion.

Dated this 16th day of October, 2006.

    s/Sonja D. Kerr_____
SONJA D. KERR (AK BAR NO. 0409051)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: (907)-222-9994
Email: nalaof608@yahoo.com

Attorney for Plaintiffs N.S., et al

Certificate of Service
I hereby certify that on the 16th
day of October, 2006, a true and
correct copy of this document was
served electronically on:

Brad Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Meg Allison, for Intervenor
Disability Law Ctr. of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

    s/Sonja D. Kerr
Sonja D. Kerr