SONJA D. KERR (AK BAR No. 040951)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: 907-222-9994
Email: nalaof608@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his Parents, J.S. and R.S.,        Plaintiffs | ) ) ) ) |
| Vs. | )    Case No. A05-0177 CV (TMB) ) |
| Anchorage School District,        Defendant | ) ) ) ) |

**PLAINTIFF N.S.' RESPONSE TO MOTION FOR INTERVENTION**

Disability Law Center of Alaska, (hereafter, "DLC") has filed a motion for intervention in this case pursuant to F.R.C.P. Rule 24(a)(2). DLC asserts and Plaintiff N.S. agrees that DLC has an interest in the attorneys fees which are the subject of this action. However, Plaintiff N.S. believes that he can adequately protect the interest of DLC in the pending attorneys fees litigation against Anchorage School District ("ASD") as has been the case throughout this litigation. Because Plaintiff N.S. has the same ultimate objective as proposed Intervenor DLC, a presumption of adequacy arises which proposed Intervenor DLC must refute. *Arakai v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). DLC must establish that its interests are unprotected. *California Ex Rel Lockyer v. U.S.*, 450 F.3d 436 (9th Cir. 2006). That is not the case here, and thus intervention as of right under Rule 24(a)(2) must be denied. However, the Court may, in its discretion allow permissive intervention, under Rule 24(b) since no one will be hurt by the intervention

and greater justice could be attained. *Sierra Club v. Espy*, 18 F. 3d 1202, at 1205 (5th Cir. 1994).

**FACTS**

This case began when Ms. Simmons exercised self-help measures by the filing of two complaints with the State Department of Education and Early Development contending that ASD denied Plaintiff N.S. the free appropriate public education to which he is entitled. (Dkt. 1, Complaint, Par. 6-10) Later, DLC, by Counsel Kerr, assisted her with a due process hearing when ASD did not comply with those complaint rulings. (Dkt. 1, Complaint, Par. 11-14).

After successfully completing the hearing, in July of 2005, Ms. Simmons participated in the filing of the present lawsuit which asked and requested attorneys' fees on DLC's behalf and participated as necessary in the prosecution for such fees. (Dkt. 1, Complaint) All along, Ms. Simmons has been a vigorous and diligent advocate on behalf of her son, N.S. and insisted that ASD comply with the requirements of the IDEA, including payment of attorneys' fees. To suggest that at this juncture, she has lost interest is simply incorrect.

In September, 2006, Ms. Simmons employed counsel herein, Sonja Kerr, who while employed at the DLC, represented N.S. at the original administrative hearing and before this Court for the attorneys fees. Aff. Jill Simmons, Par. 3, 7. As a result of the prior representation, Counsel Kerr is intimately familiar with all of the pleadings and proceedings before this Court that form the basis for the litigation about these attorneys fees. Plaintiff N.S. has engaged Counsel Kerr privately to continue representation of this matter in both the Federal District Court and the Ninth Circuit. Aff. Jill Simmons, Par. 7.

It is uncontested that the underlying fees "belong" to DLC and that the Court should sustain the fees award against the Rule 60(b) motion of ASD and any appeal. Ms. Simmons has assured DLC that she is interested in continuing to pursue the fees matter on behalf of DLC. Aff. J. Simmons, Par. 3, 4, 5. Counsel Kerr has likewise assured DLC that while Ms. Simmons has retained Counsel Kerr to represent Plaintiff N.S. on the fees matter, the underlying fees "belong" to DLC. Aff. J. Simmons, Ex.2.

Notwithstanding that the underlying fees "belong" to DLC, Ms. Simmons still has an important and vital stake in this litigation. Aff. J. Simmons, Par. 4. The failure of the Anchorage School District to provide appropriate educational services for N.S. lead to the litigation. Ms. Simmons has incentive to pursue the fees because this is an enforcement action; ASD needs to understand that violating the law will cause them to incur attorneys' fees. As one of the first positive IDEA attorneys' fees cases in Alaska, Ms. Simmons has a direct interest in the outcome of the litigation- she wants to be sure that there will be attorneys to assist them in the future, if necessary. That is made more likely if attorneys fees can be recovered after successful due process hearings. Aff. J. Simmons, Par. 4. In addition, from the point when she engaged Ms. Kerr, Ms. Simmons has a direct interest in the "fees on fees" recovery for the prosecution of this claim.

Finally, Ms. Simmons confirms that it is not necessary for DLC to intervene because the case is being handled by Counsel Kerr who was not only counsel below but who is nationally recognized in special education law and clearly capable of prosecuting the claim. Aff. J. Simmons, Par. 7. Counsel Kerr herein has filed a Notice of Appearance in both the District Court and the Ninth Circuit to ensure protection of the claim. (Dkt. 52-55; 66-1).

N.S. v. ASD, et al                                                                                                                    3
Response to DLC Motion for Intervention

## INTERVENTION UNNECESSARY UNDER RULE 24(a)(2)

The purpose of a motion to intervene is to protect the interest of a party who is not a party to the original action. There is simply no reason for DLC to intervene in this matter. F.R.C.P. Rule 24(a)(2) intervention as of right permits intervention if: 1) it is timely; 2) the intervenor has an interest in the subject matter; and 3) the intervenor's interest cannot be adequately protected by the present parties. Plaintiff N.S. agrees that the motion is timely. Plaintiff N.S. agrees that DLC has an interest in the subject matter. However, Plaintiff N.S. disagrees that DLC's interest will be impaired if not made a party because Plaintiff N.S. and his mother, Jill Simmons have and will continue to ensure that the fees claim is adequately represented by them. Thus, DLC's intervention is not needed.

**I.     DLC's Interest Not Impaired.**

DLC's sole basis for assuming its interest will be impaired rests upon an unfounded assumption that the fees action would be "settled for a nominal sum." (DLC Memo, pg.4). No facts are put forth in support of this assumption. In reality, DLC has been assured in writing by both Plaintiff N.S. and Counsel Kerr that they intend to vigorously prosecute the claim. Aff. Simmons, Ex. 1, Ex. 2.  Plaintiff N.S. and Counsel Kerr have also explicitly informed DLC that there is a clear recognition that DLC is wholly entitled to the underlying award of $10,800 as well as the "fees on fees" filed shortly after that award. Aff. Simmons, Par. 6, Ex. 2. There is no basis for the suggestion that Plaintiff N.S. intends to settle at all at this juncture[1], let alone for a nominal sum that

---

[1]     Counsel have all participated in a mediation assessment with the 9th circuit and concurred that no such discussion will even occur until after the Court's determination of the motions presently before it. This mediation assessment process is a routine part of the 9th Circuit's handling of matters and was not in any way initiated by Plaintiff N.S. or Counsel Kerr.

N.S. v. ASD, et al                                                                                                                    4
Response to DLC Motion for Intervention

would impair DLC's interests. There is simply no indication that Plaintiff N.S. intends to compromise the fees in this case.

## II.     DLC's Interest Amply Represented by Nationally Recognized Counsel Kerr.

Here, Plaintiff N.S. and DLC have the same ultimate objective, -- payment of the fees to DLC. *Arakai v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). Since that objective is the same, DLC must establish that its interests are unprotected. *California Ex Rel Lockyer v. U.S.*, 450 F.3d 436 (9th Cir. 2006). DLC's asserts that Plaintiff N.S. is disinterested in the litigation and contends that Plaintiff N.S.'s representation by nationally recognized Counsel Kerr will not adequately represent DLC's interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 93 S. Ct. 630, 30 L. Ed.2d 686 (1972). That is simply not the factual situation here.

Ms. Simmons has an important stake in this litigation. N.S. is young, and he will continue to need to receive special education services from the ASD for several years in the future. Because of this, Ms. Simmons has a clear interest in assuring that ASD follows the law, and she has a strong interest in ensuring that she is able to obtain counsel in the future, if she suspects ASD is not following the law. Toward that end, Ms. Simmons is interested in ensuring that this case succeeds so that, if necessary, she can hire counsel who can recover attorneys' fees to require ASD to follow the law. It will make a crucial difference to Ms. Simmons and N.S. if the case is vigorously prosecuted and if they successfully prevail or not. If they do not, there will be little hope that ASD will comply with other orders. Thus, it is untrue that Plaintiff and Counsel Kerr have "no incentive to protect DLC's interests." (DLC Memo, pg. 5).

This is an enforcement action of significance and Ms. Simmons has hired experienced counsel to handle the matter. Ms. Kerr is widely recognized as an experienced special education lawyer and as such is committed to the full prosecution of this claim. The fees that are at issue in this case were made necessary by the dilatory and illegal actions or inactions of the ASD. Ms. Simmons wants to ensure that ASD ceases such behavior. Moreover, Ms. Simmons and Counsel Kerr have specifically advised DLC that they intend to proceed with the litigation in the Ninth Circuit. Aff. J. Simmons, Ex. 1, Ex. 2. A Notice of Appearance was filed in this Court and in the Ninth Circuit. (Dkt. 52-55; 66-1)[2] Here, the interest of Plaintiff N.S. is the same as the interest of DLC – ensuring payment of the underlying fees to DLC. DLC has failed to rebut the presumed adequacy of representation pursuant to Rule 24(a)(2), especially as both Plaintiff N.S. and DLC maintain the same objective: that ASD pay the fees to DLC.

**PERMISSIVE INTERVENION – RULE 24(b)**

While Plaintiff N.S. does not believe that intervention by DLC is necessary because of inadequate representation by Plaintiff N.S., and although DLC has failed to meet the necessary requisites for intervention, Plaintiff N.S. would agree that permissive intervention could be granted, in the Court's discretion pursuant to Rule 24(b). Permissive intervention is allowed when there is a question of law or fact in common and courts have more discretion to order such intervention. *Kootenai Tribe of Idaho v. Veneman*, 313 F. 3d 1094, 1110 (9th Cir. 2002). As one Court has noted, permissive intervention pursuant to Rule 24(b) can be granted "where no one would be hurt and

---

[2] Any brief delay in doing so was simply due to transferring of the Simmons files and all documents from DLC which occurred on or about Oct. 3, 2006, the day after the motion to intervene was filed.

greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994); and see, *Bush v. Viterna,* 740 F. 2d 350 (5th Cir. 1984).  Plaintiff N.S. does not oppose permissive intervention pursuant to Rule 24(b) provided that there is no finding of inadequacy of representation by Plaintiff N.S. and Counsel Kerr.

## CONCLUSION

The Court should deny the intervention as of right under Rule 24(a)(2) but the Court may, in its discretion, grant DLC permissive intervention pursuant to Rule 24(b).

Dated this 16th day of October, 2006.

\_\_\_\_s/Sonja D. Kerr_____
SONJA D. KERR (AK BAR NO. 0409051)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: (907)-222-9994
Email: nalaof608@yahoo.com

Attorney for Plaintiffs N.S., et al

Certificate of Service
I hereby certify that on the 16th
day of October, 2006, a true and
correct copy of this document was
served electronically on:

Brad Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Meg Allison, for Intervenor
Disability Law Ctr. of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

\_\_\_\_s/Sonja D. Kerr
Sonja D. Kerr