SONJA D. KERR (AK BAR No. 040951)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: 907-222-9994
Email: nalaof608@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

N.S., by and through his             )
Parents, J.S. and R.S.,              )
      Plaintiffs                )
                                     )
Vs.                                  )   Case No. A05-0177 CV (TMB)
                                     )
Anchorage School District,           )
      Defendant                 )
_____)

State of Alaska

## AFFIDAVIT OF JILL SIMMONS

Comes now, Jill Simmons, and being first duly sworn, deposes and states as follows:

1. I am the mother of N.S., the child whose special education needs necessitated litigation and the attorneys fees encurred. I have three children with disabilities, including N.S. and have found it necessary to file complaints or participate in due process hearings and to consult legal counsel to ensure my children's rights under the Individuals with Disabilities Education Act.

2. I have personally read and reviewed the affidavit of David Fleurant that was submitted in support of DLC's Motion to Intervene. I have reviewed DLC's Motion to Intervene memorandum.

3. On or about September 20th, 2006, I requested that this particular case for N.S., be handled by Ms. Kerr in District Court and the Ninth Circuit Court of Appeals. I have still requested advocacy services from DLC on other matters for my other sons.

4. I disagree with DLC's assertion that I have no stake in this litigation. This litigation is the result of the failure of ASD to provide appropriate educational services for my son. While it is true that DLC does not charge me attorneys' fees, I do have incentive to protect the original award of attorneys' fees which was made to DLC. I have incentive because the ASD needs to understand that violating the law will cause them to incur attorneys' fees. I have incentive because, to my knowledge, this is one of the first positive cases in Alaska about

the ability of attorneys to recover attorneys' fees. I and my family have a direct interest in the litigation because we want to be sure that there will be attorneys who can assist us in the future, should that be necessary. Those attorneys are more likely to be available if they can recover attorneys fees.

5. I disagree that it is unknown whether Plaintiffs will want to continue on with this litigation. I have personally written DLC to this effect and so has my present counsel, Ms. Kerr advising them of my interest in pursuing this litigation. Ex. 1.

6. I agree that the fee award already granted to DLC by Judge Burgess belongs to DLC and neither I nor my present counsel seek those fees. We have so informed DLC of this in writing. Ex. 2.

7. I do not agree that it is necessary for DLC to intervene in this case on the basis that I cannot adequately protect the underlying claim already obtained by Ms. Kerr when she was counsel for me while working at DLC. Ms. Kerr is nationally known in special education law and is very capable of representing the issues in this matter before this Court and the Ninth Circuit Court of Appeals.

Dated this 14 day of October, 2006.

_Jill Simmons_
Jill Simmons, Mother of N.S.

Subscribed and sworn to before me this
14 day of October, 2006.

_Mary Rice_
Notary Public

My commission expires: My Commission Expires December 21, 2009