Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>Anchorage School District,<br><br>        Defendant. | Case No. 3:05-cv-0177 (TMB) |

**RESPONSE TO MOTION FOR INTERVENTION AND
REQUEST FOR LIMITATIONS**

Comes now defendant Anchorage School District (ASD), by and through its attorneys Jermain, Dunnagan & Owens, P.C., who submits its response to this motion filed by Disability Law Center of Alaska (DLC).  While ASD does not oppose the intervention of DLC in this action, since it is the real party in interest, ASD does request this court to restrict or limit the participation of the parents, through their counsel, as they are nominal parties only who have no stake in the outcome of this particular claim for attorney's fees.

## INTERVENTION

DLC points out in its motion—and it is undisputed—the subject matter of this lawsuit is a claim to recover attorney's fees incurred in an administrative proceeding under the Individual with Disabilities Education Act (IDEA), 20 U.S.C. 1415(i)(3)(A).  It is also undisputed that, based on the agreement between plaintiffs and DLC, any attorney's fees incurred or awarded in this matter were exclusively the property of DLC—in fact, the decision whether or not to even pursue attorney's fees belongs to DLC, not the plaintiffs.  Thus, it is DLC that is the real party in interest since any award of fees is the property of DLC, not the plaintiffs.  In this lawsuit, the plaintiffs are merely nominal parties who have no stake in the outcome of this lawsuit whatsoever—that is, whether the court awards or does not award attorney's fees will neither benefit nor adversely impact plaintiffs in any manner.  Although the plaintiffs consented to the withdrawal of DLC as their counsel and the substitution of Ms. Kerr (after her employment with DLC terminated in September), that substitution did not alter in any way the fact that the fees claimed in this lawsuit remain the property of DLC as the real party in interest while the plaintiffs are nominal parties.

DLC has sufficiently satisfied the elements necessary to allow intervention as a matter of right under Rule 24(a)(2): this motion was filed in a timely manner; DLC has a significantly protectable interest in any fees awarded by this court; the disposition of the claims in this action will as a practical matter impair or impede its ability to protect an award of fees in its absence; and the plaintiffs, as nominal parties with no stake in the award of fees in this action, may not

adequately represent the interests of DLC.[1]  While it might be more advantageous for ASD to litigate or negotiate the claims in this matter with plaintiffs and their current counsel, since they have no protectable interest in the outcome of the lawsuit, that is not a proper basis for ASD to oppose the intervention of DLC in this action.

## LIMITATIONS

Where a likelihood of conflict or divergence between the intervenor and the plaintiffs exists, the court may, in exercise of its discretion, impose conditions, even where the intervention is a matter of right.  *See Cotter v. Massachusetts Association of Minority Law Enforcement Officers*, 219 F.3d 31, 36 n.2 (1st Cir. 2000).  Here, since DLC is the real party in interest and plaintiffs are only nominal parties, ASD submits that it would be more sensible and fair to allow DLC to intervene, but limit the further participation of plaintiffs to a nominal role, such as monitoring the proceedings but not active participation in the proceeding.

As DLC has shown, it has far greater incentive to protect its interests in this action than do plaintiffs.  Moreover, with the intervention of DLC, ASD will be faced with having to respond to <u>both</u> DLC and plaintiffs on various motions.  Indeed, that is presently the case—DLC has filed an opposition to ASD's Motion for Relief from Judgment while plaintiffs' counsel has also submitted a separate opposition—an opposition that disagrees and is inconsistent with that filed by DLC.  This raises the problem that ASD will be forced to double its efforts and costs in replying to both oppositions.  That would be unfair and inefficient.  It also raises the distinct

---

[1] The possibility of conflicting or competing interests between plaintiffs' present counsel, Ms. Kerr, and DLC is sufficiently present due to the termination of her employment with DLC that the adequacy of representation by plaintiffs in protecting the interests of DLC in this action is clearly open to question.

RESPONSE TO MOTION FOR INTERVENTION                                                Page 3 of 4
*N.S. et al. v. ASD, Case No. 3:05-cv-0177 (TMB)*

possibility that both DLC and plaintiffs may separately claim entitlement to additional fees each may incur in proceeding separately in this action.

ASD respectfully submits that the court should limit the participation of the plaintiffs and their counsel under the unique circumstances of this action. ASD respectfully submits the court should allow only DLC, as intervenor and the real party in interest, to proceed in this action to protect its interests and restrict plaintiffs, as nominal parties, to a monitoring role.

Dated in Anchorage Alaska this 16th day of October 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Anchorage School District

By: /s/ Bradley D. Owens
   Bradley D. Owens
   3000 A Street, Suite 300
   Anchorage, AK  99503
   Telephone:  (907) 563-8844
   Facsimile:  (907) 563-7322
   bradowens@jdolaw.com
   Alaska Bar #7610122

Certificate of Service

This is to certify that on this 16th day of October, 2006, a true and correct copy of the foregoing was electronically mailed to:

Megan Allison (mallison@dlcak.org)
Disability Law Center of Alaska

Sonja D. Kerr (nalaof608@yahoo.com)


s/ Bradley D. Owens

3227 1141 - 133174