Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Anchorage School District,<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-0177 (TMB) |

## REPLY TO PLAINTIFF N.S.' OPPOSITION TO RULE 60(b) MOTION

### INTRODUCTION

  Plaintiff originally filed a complaint for attorney's fees in July of 2005. The parties litigated the claim through briefing. A motion for oral argument was filed by Plaintiff in April, 2006. In May, the case was reassigned. Oral argument was scheduled for September 1, 2006. After reviewing the parties' briefing on the matter, the Court issued a written order on August 17 granting summary judgment to plaintiff and vacating oral argument. A judgment was issued against Anchorage School District (ASD) awarding attorney fees to plaintiff for Disability Law Center (DLC) on August 22, 2006, which ASD appealed to the Ninth Circuit. At the same time,

DLC filed a subsequent motion for "fees on fees" which continues to be litigated before this District Court. Briefing in the appeal before the Ninth Circuit has been suspended pending a decision on this motion and the motion to intervene by DLC.

After ASD filed this pending Motion for Relief from Judgment, Sonja Kerr filed a substitution of counsel. Ms. Kerr separated from DLC in September, 2006; thus, the plaintiff NS through his guardian has privately hired Ms. Kerr instead of the publicly funded DLC. On October 2, 2006 DLC filed a Motion to Intervene which is also pending before this court. Both DLC and Ms. Kerr have now filed separate oppositions to ASD's motion for Relief from Judgment. Ms. Kerr twice sought unopposed extension of time to file an Opposition. Meanwhile, DLC filed an Opposition to this motion while its Motion to Intervene is still pending. ASD opposes having two separate counsel in the matter for the same party, and two separate timelines to reply to oppositions. However, ASD believes that DLC is the real party in interest in this matter. ASD also opposes the accrual of more fees by a private counsel when DLC is the real party in interest in this fee dispute. By court Order (Docket 69), ASD has been granted extended time to reply to DLC's Opposition, if DLC is allowed to intervene in this matter.

**ARGUMENT**

    **I.    Status of a Rule 60 Motion is not determined by the status of Appeal.**

Private counsel for plaintiff opposes this motion based on the appeal of the decision filed with the Ninth Circuit Court of Appeals. However, the Ninth Circuit has suspended briefing pending decision on this motion. Counsel states that a district court should not grant relief when a case is pending on appeal. This argument has no merit. Counsel cited to another District Court's holding from the Northern District of Illinois, *US Ex Rel. Thomas v. Gramley*, 986 F.

Supp. 502, (ND Ill.1997). First of all, there is no binding precedent there. More importantly, in *Thomas*, the District Court discusses the two distinct lines of decisions regarding R60(b) motions, and reports that there are two specific situations when a Court will grant relief, one of which is present here: "where the 60 (b) movant filed his motion prior to the deadline for filing an appeal (though after the deadline for a Rule 59(e) motion). Granting this sort of 60(b) motion (actually a 60 (b)(1) motion) allows the district court to correct a clear error of law, a correction which renders the appeal unnecessary." 986 F. Supp. 504. The Dist. Court then cites to *Peacock v. Bd of School Com'rs of Indianapolis*, 721 F.2d 210, 214 (7th Cir.1983) (discussing cases where an intervening controlling appellate decision justifies a R60(b) motion) and also to *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964)(Friendly, J.) (previously cited in ASD's Memorandum, Docket 49.

Further, DLC specifically referred to ASD's right to file a R 60(b) Motion in the subsequent Memorandum in support of its Motion to Intervene, Docket 59. The fact that Plaintiff's private counsel argues against the filing of this motion is one more reason to find that DLC is the real party in interest here and to limit private counsel in this matter.

## II.   Basis for Rule 60 Motion

N.S.'s private counsel has improperly concluded that this motion for relief is not warranted. This motion for relief from judgment has merit under section (1), as supported by the cases cited above. It also has merit under (5) and in the alternative under (6). *P.N. v. Seattle School District, No. 1*, 458 F.3d 983 (9th Cir. 2006) was decided on August 25, 2006 and *Aguirre v. Los Angeles Unified School District*, 461 F.3d 1114 (9th Cir. 2006) was decided on August 29, 2006. This argument would have basis for relief under a Rule 59(e) Motion

requesting the court for reconsideration. This Motion allows the court to at least clarify, if not alter, and perhaps amend a judgment, because the Ninth Circuit will apply the same standards applied these recent decisions.

As argued in ASD's Memorandum in support of Motion (Docket 59), ASD is seeking a clarification of this Court's Order supporting the Judgment issued against ASD on August 22, 2006. The parties' briefing on the fees matter was completed prior to the *Aguirre* and *PN* decisions. The court issued a decision without oral argument, where the District would have argued the rule relating to degree of success and supported an argument that *NS* degree of success was limited, which entitled NS to only a partial award of fees. The court did not apply the "degree of success" rule as set forth in *Aguirre*, nor address the "prevailing party" standard (set forth clearly in *PN* though applied in other cases previously). These cases applied to the Plaintiffs claims and the orders of the Hearing Officer herein. As the following argument delineates, the School District asserts relief from judgment is appropriate under these circumstances.

### III. P.N. and Agguirre are not novel but are remarkable as they apply to the judgment in this case.

#### A. *P.N.* is instructive as to the reasoning the Ninth Circuit expects the court to apply when determining whether Plaintiff was a "prevailing party."

In deciding whether NS is a prevailing party, there is a two part test that must be applied, according to the instruction handed down by the Ninth Circuit in *PN*. Contrary to assertions by private counsel, it is not clear that the court carefully considered the prevailing party rule announced in *Buckhannon*, since this court concluded that NS was a prevailing party in a footnote without any discussion of the issue. Further, Judge Singleton's Order did not determine

**Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion**        Page 4 of 7
*N.S. et al. v. ASD, Case No. 3:05-cv-0177 (TMB)*

the matter, as the end of the order stated "if a fee is awarded." (Docket 20, p.5.) ASD submits that because the administrative hearing was an enforcement of a DEED decision, there was no legally enforceable change in the nature of the relationship between the parties. Thus, the court must analyze whether NS is a prevailing party under the standard described in *PN v. Seattle* which sets forth the Ninth Circuit rule for prevailing party. Ms. Kerr errantly relied in her briefs on *Hensley* for the prevailing party rule, not *Buckhannon*. (Dkt. 24 p. 8 of 12.) "A party who succeeds on any significant issue" is not the correct rule. Thus, *PN* warrants review by the court applying this clearer standard to the current case.

PN is applicable despite the differences in the underlying issues. Applying *Buckhannon* is not novel, but the insistence that it be applied is clearly a distinctive standard. In PN, the Ninth circuit is not announcing new law so much as reaffirming the two-part test which the district court did not applied. Should the court apply the two part test here, ASD submits that at best, NS is only a partially prevailing plaintiff.

**B.    *Aguirre* is instructive as to the degree of inquiry necessary to determine "degree of success."**

*Aguirre* is applicable because the court answered the same question that is presented here: what to do with a partially prevailing plaintiff. The Ninth Circuit emphasis in *Aguirre* turns not on whether the claims were "sufficiently related," but on an analysis of the degree of success.

This rule has been discussed by other Ninth Circuit cases, and was indeed discussed by ASD in prior briefs. However, *Aguirre* sets forth the criteria that the Ninth Circuit expects a district court to use in determining attorney's fees. *Aguirre* shows litigants that *Hensley* is not optional. The Plaintiffs submit, and ASD agrees, that *Hensley* is the controlling case, referenced

**Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion**                    Page 5 of 7
*N.S. et al. v. ASD, Case No. 3:05-cv-0177 (TMB)*

by both Judge Sedgewick and Judge Burgess. However, the Court did not use *Hensley* for guidance to the same degree as required by *Aguirre*; there is no discussion by the District court about how the *Hensley* principles were applied to determine either degree of success or the reasonable number of hours expended in the litigation of the claims.

ASD specified the areas of the bill that were duplicative and unreasonable. The Court did not address the reasonableness of allowing these duplicative claims, or the merit in allowing DLC to bill for Teresa Holt. In a minor matter of correction, the hours billed should not be termed at "57 hours at $225 per hour totals 12,024.90" (Dkt.38, fn 2) because some of those 57 hours were claimed for an advocate, Teresa Holt, and staff attorney Edie Z. at a lower rate.

The Ninth Circuit tells us why a close review of the degree of success standard is important in education cases:

> The *Hensley* standard will help deter submission of multiple, nonmeritorious claims. It is understandable that without cost considerations, parents facing litigation would bring as many claims as possible, hoping to secure a larger share of the district's resources…than would be otherwise allotted to their children. Lawyers may also have incentive to bring baseless claims in order to increase billable hours devoted to a case. . .All children suffer when the schools' coffers are diminished on account of expensive, needless litigation.
> *Aguirre,* 461 F.3d at 1120.

ASD asserts that Ms. Kerr has done exactly what *Aguirre* says the *Hensley* rule was meant to deter, cause needless and wasteful litigation. Indeed, Ms Kerr and her client have indicated their desire in defending this litigation is to punish ASD rather than compensate DLC for appropriate hours billed in defense of meritorious claims. However, if counsel's assertion is true, that this is "one of the first positive IDEA attorney's fees cases in Alaska" (Dkt. 72, p.3), then it is true that the parties are looking to this court for guidance in future cases as well. For this reason, it is important for the court to apply the *Hensley* standard *as set forth in Aguirre* to the facts of this case.

**Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion**          Page 6 of 7
*N.S. et al. v. ASD, Case No. 3:05-cv-0177 (TMB)*

**CONCLUSION**

For the reasons set forth above, the School District requests relief from the judgment previously imposed by this court. The Court in its discretion may properly hear this motion and reconsider the legal basis for awarding nearly full compensation for attorneys fees to plaintiffs. ASD respectfully requests this Court to review the Order imposing judgment and provide relief.

DATED at Anchorage, Alaska this 20th day of October, 2006.

                                    JERMAIN, DUNNAGAN & OWENS, P.C.
                                    Attorneys for Anchorage School District

By: /s/ Bradley D. Owens
      Bradley D. Owens
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Telephone:  (907) 563-8844
      Facsimile:  (907) 563-7322
      bradowens@jdolaw.com
      Alaska Bar #7610122

Certificate of Service
This is to certify that on this 20th day of October, 2006, a true and correct copy of the foregoing was electronically  mailed to:

Megan Allison
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, AK  99503

s/ Bradley D. Owens

3227 1141/133436

**Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion**      Page 7 of 7
*N.S. et al. v. ASD, Case No. 3:05-cv-0177 (TMB)*