Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervener-Applicant
Email: mallison@dlcak.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| N.S., by and through his parents J.S. and R.S., </br></br> Plaintiffs, </br></br> vs. </br></br> Anchorage School District, </br></br> Defendants. | Case No. A05-0177 CV (JKS) |

**REPLY TO PARTIES' OPPOSITION AND NOTICE TO INTERVENTION**

Comes now, the Disability Law Center of Alaska ("DLC"), and files its reply to N.S.'s opposition and the Anchorage School District's ("ASD") notice regarding DLC's intervention.

### I.   N.S. cannot adequately represent DLC's interests.

N.S. argues in his opposition to DLC's motion for intervention that N.S. can adequately protect DLC's interests in this litigation because he has recognized DLC's right to the attorney's fees (N.S. Opp., p. 1) and that N.S. is interested in making ASD comply with hearing officer orders in the future.  N.S. Opp., pg. 3.  However, N.S. still fails to indicate what incentive he has in protecting DLC's right to recover its full

attorney fees. This lawsuit has nothing to do with the ASD complying with hearing officer's orders. In fact, N.S. has provided no evidence to establish that because of this attorney fees action that ASD has complied with any order of a hearing officer. Therefore, the reasons stated by N.S. are not sufficient to establish that he can adequately protect DLC's interests in this matter.

### II. DLC will not be entitled to recover attorney fees for representing itself.

The ASD raises its concern that DLC's entry into this litigation will perpetuate additional fees for its work to defend the current fee award, which DLC will then seek to recover from ASD if successful. ASD Brief, pg. 4. However, this is simply not the case. DLC in representing itself is unable to recover attorney fees for its work.

### CONCLUSION

Because both parties recognize DLC's interests in this matter and there is no party that can adequately represent DLC's interests, DLC's motion to intervene as a matter of right should be granted. In the alternative, if the Court finds an existing party adequately represents DLC's interests, DLC should be allowed to permissively intervene because commons questions of fact and law exist.

Dated: October 23, 2006     Respectfully submitted,

/s Meg K. Allison
Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Intervener-Applicant
Email: mallison@dlcak.org

Certificate of Service

I hereby certify that on the 23rd day of October 2006, a true and correct copy of this document was served by electronically on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Sonja Kerr
1114 Covington Court
Anchorage, Alaska 99503


/s Meg K. Allison
Meg K. Allison