SONJA D. KERR (AK BAR No. 040951)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: 907-222-9994
Email: nalaof608@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| N.S., by and through his | ) | |
| Parents, J.S. and R.S., | ) | |
| Plaintiffs | ) | |
| | ) | |
| Vs. | ) | Case No. A05-0177 CV (TMB) |
| | ) | |
| Anchorage School District, | ) | |
| Defendant | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S "REQUESTS" TO LIMIT PARTICIPATION
OF NAMED PLAINTIFF IN THIS CASE**

Without submitting any motion to the Court, and in their "response" and "reply"

Defendants have "requested" the Court to limit the participation of the named Plaintiff

N.S., J.S. and R.S., and their chosen private counsel in this case. (Dkt., 73-1, and Dkt.

74). Defendants have also submitted a "proposed order" in that regard. (Dkt. 73-2).

Consistent with Fed. R. Civ. Proc. Rule 12(f), Plaintiffs N.S., J.S. and R.S. respectfully

move the Court to strike those portions of Defendant ASD's submissions which "request"

limitations on Plaintiff N.S., et participation by their chosen private counsel, Sonja D.

Kerr. Specifically, the Court should strike  Dkt 73-1 (Defendant ASD's Response to

Motion for Intervention and Request for Limitations) at  pg. 1 and 3 and Dkt 74

(Defendant ASD's Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion) at pg. 2,

lines 11-14. Fed. R. Civ. Proc. Rule 12(f) provides that a party may move the court in

such a situation upon motion within 20 days after the service of the pleading to strike a

portion of a pleading. Specifically, the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Proc. Rule 12(f).

**I.       The Court Must Strike the Defendant ASD's "Requests" Per Rule 12(f).**

Defendant ASD's "requests" and comments as to limitations on private counsel should be striken.  Defendant ASD has filed no specific  "motion."  Defendant ASD's response to the motion to intervene was not filed until after Plaintiff N.S. responded, thus, depriving Plaintiffs of an opportunity to respond to the purported "request."  Defendant ASD's comment in their reply brief is also inappropriate because Defendant ASd did not oppose DLC's intervention and now seeks to complain about having to respond to "two plaintiffs." [1]

Defendants had their opportunity to object to the motion to intervene as of right and failed to do so. They should not now be attempting to argue that DLC's intervention will be prejudicial to them. They have waived that argument. Plaintiff N.S. objected to intervention as of right, Rule 24(a) because the adequacy of representation portion of the rule was not met. This Court must take into account three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986).

---

[1]      Defendant ASD asserted: "ASD opposed having two separate counsel in the matter for the same party, and two separate timelines to reply to oppositions. However, ASD believes that DLC is the real party in interest in this matter. ASD also opposes the accrual of more fees by a private counsel when DLC is the real party in interest in this fee dispute." (Dkt. 74, pg. 2).

Memorandum in Support of Motion to Strike                                                    2
N.S. v. Anchorage School District

Clearly, Plaintiff N.S. and his parents are capable of making DLC's argument – indeed, Counsel Kerr successfully made them below. Plaintiff N.S. and his parents have offered an affidavit assuring the Court and DLC that they will continue to make such arguments and protect the underlying fees of DLC, even in the Ninth Circuit should the appeal proceed. Thus, the only question is whether adding DLC will somehow add to the proceeding. Because Plaintiff N.S. does not object to the permissive intervention, to allow DLC to add whatever it may to this case, the Court may allow it. But the Court cannot "substitute" DLC for Plaintiff N.S. and his private counsel. That would be reversible error and a gross abuse of the Court's discretion.

## II.    The Court Has No Legitimate Basis to Limit Plaintiff N.S.'s Participation.

Defendants cite to *Center v. Massachusetts Association of Minority Law Enforcement Officers*, 219 F. 3d 31, 36 n. 2 (1ˢᵗ Cir. 2000) but that case is wholly inapplicable. In that case, the Court was placing limitations on the proposed *intervenors*, and not on the original plaintiffs. Under the *Center v. Massachusetts Association* case, Defendant ASD could seek limits on DLC, but the Court has no basis upon which to limit the original plaintiff and selected private counsel.

Plaintiff N.S. and his parents have a clear stake in this case. This case is an enforcement action. Part of enforcement is responsibility for attorneys' fees for failure to comply with the law. While attorneys fees are not to "punish" the district, the IDEA, at 20 U.S.C. 1415(g) specifically provides that attorneys fees are not to be limited or reduced where the school district has violated the law. That provision states: "The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final

resolution of the action or proceeding or "there was a violation of this section." 20 U.S.C. 1415(g). Clearly, since the Plaintiffs in this case used "self-help" measures to file complaints with DEED initially and only sought counsel when those failed, this case would not be before the Court if Defendant ASD had complied with the law and not "violated" the IDEA as 20 U.S.C. 1415(g) provides.

There is no prejudice to Defendant ASD if there are two counsel at this juncture. First, Defendant ASD has waived any objection by its complete non-opposition to the DLC's motion to intervene. Second, DLC has also now conceded it will seek no fees for the present litigation forward. Defendant ASD did not oppose DLC's motion to intervene as of right under Rule 24(a), and given DLC's concession, there is no prejudice to Defendant ASD for two counsel to be part of the case.

**III.     Purpose of Plaintiff N.S.'s Involvement.**

Plaintiffs N.S. et al seek to uphold the IDEA consistent with 20 U.S.C. 1415(g). They are not are seeking to "punish" ASD by running up exorbitant attorneys fees now as private counsel. Plaintiff N.S. had no indication prior to hiring Counsel Kerr privately that DLC would seek to intervene in this action. Plaintiff N.S. made a logical decision to attempt to avoid higher fees for all concerned by maintaining on the case, Counsel Kerr, the counsel most familiar with his case. Defendant ASD seeks simply to take advantage of counsel Kerr's separation from DLC by preferring as his opponent DLC without Ms. Kerr. Clearly, Ms. Kerr, has the most significant special education experience and fully and successfully litigated the case below. The Court cannot choose for Plaintiff N.S. who his counsel is, and there is no basis for ASD's purported "requests." If ASD did not want

two "plaintiff counsel" then ASD should have opposed DLC's motion to intervene as of right.

## CONCLUSION

There is no basis upon which to "limit" or to "restrict" in any way the rights of Plaintiffs N.S., et. al to participate in this process. The Court must DENY any such proposed action or order.

Dated this 26th day of October, 2006.                    *s/Sonja D. Kerr*
                                                          Sonja D. Kerr, AK No. 0409051
                                                          1114 Covington Court
                                                          Anchorage, AK 99503
                                                          (907)-222-9994
                                                          (866)-310-9252
                                                          nalaof608@yahoo.com

Certificate of Service

This is to certify that on this 26th day of
October, 2006, a true and correct copy of
foregoing was electronically mailed to:

Brad Owens (bradowens@jdolaw.com)
Meg Allison (malison@dlcak.org) (for proposed intervenor)

*s/Sonja D. Kerr*