Bradley D. Owens, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Anchorage School District,<br><br>    Defendant. | Case No. 3:05-cv-0177 (TMB) |

**OPPOSITION TO MOTION TO STRIKE**

On October 26, Sonja Kerr, counsel for the parents in this matter, filed a Motion to Strike. This motion requests the court, "consistent with Fed. R. Civ. Proc. Rule 12(f)," to strike portions of the pleadings submitted by ASD[1] which request the court to limit the participation of the parents in this matter involving an award of attorney's fees[2] to a role of monitoring the proceedings. Although this motion provides no analysis or discussion of the basis for striking these requests under Rule 12(f), Counsel Kerr nonetheless asserts that any limitation on her

---

[1] Specifically, Counsel Kerr identifies "ASD's Response to Motion for Intervention and Request for Limitations at pgs. 1 and 3," as well as "ASD's Reply to Plaintiff N.S.' Opposition to Rule 60(b) Motion at pg.2, lines 11-14." Memorandum at p. 1.

[2] It is undisputed that any award of attorney's fees in this matter belongs solely to DLC, even though the award is made in the name of the plaintiffs.

participation in this proceeding for the parents, who are clearly nothing more than nominal parties, would be "reversible error and a gross abuse of the Court's discretion." Memorandum at p. 3.  Again, Counsel Kerr provides no analysis or discussion, nor any citation to any supporting decisional authority for this conclusory assertion.

### I.   This Motion is Improper and Unsupported

Both because striking a portion of a pleading is a drastic remedy and because it often is used by a party "simply as a dilatory or harassing tactic," numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts.[3]  While the court possesses considerable discretion in disposing of a Rule 12(f) motion to strike "redundant, impertinent, immaterial, or scandalous matters," district court judges have made it clear, in numerous opinions, that Rule 12(f) motions to strike on these grounds[4] are disfavored, but are often considered by the courts as "purely cosmetic" or "time wasters" and should be denied unless the challenged matters "have no possible relation or logical connection to the subject matter of the controversy."[5]

Counsel Kerr asserts that "ASD's response to the motion to intervene was not filed until after Plaintiff N.S. responded, thus, (sic) depriving Plaintiffs of an opportunity to respond to the

---

[3]   *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380, p. 394 (and the cases cited in the margin.)

[4]   Counsel Kerr does not indicate or discuss in this motion on which of these grounds she relies.  However, it does not appear that any of these grounds apply in this matter.  *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1382, p. 456-67 (and the cases cited in the margin.)

[5]   *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1382, p. 433-36 (and the cases cited in the margin.)

**Opposition to Motion to Strike**                                                                 Page 2 of 5
*NS v. ASD*, Case No. Case No. 3:05-cv-0177 (TMB

purported 'request.'" Memorandum at p. 2.[6]  What this indicates is that the real reason Counsel Kerr filed this motion was to be able to have an additional opportunity to "respond" on the intervention issue, but not for any legitimate purpose under Rule 12(f).  In fact, pages 2-4 of the Memorandum contain arguments about the intervention motion, but not any Rule 12(f) discussion or analysis.

## II.    This Court has the Discretion and Authority to Impose Limitations

ASD does not oppose the intervention by DLC in this matter—either of right or by permissive intervention.  Moreover, Counsel Kerr does not oppose permissive intervention by DLC in this matter—it is only intervention as of right under Rule 24(a) that Counsel Kerr opposes.[7]  Thus, the court need not rule on intervention of right but may grant permissive intervention based on the non-opposition of the parties.  Furthermore, since this court has full discretion to grant or deny a permissive intervention under Rule 24(b), it may also impose conditions on its grant of intervention.[8]

ASD does not argue that the intervention of DLC will be prejudicial, as Counsel Kerr asserts at p.2 of the Memorandum.  In fact, ASD asserts quite the opposite—it is DLC that is the real party in interest here, not the plaintiffs.  The only prejudice that occurs is from a denial of the motion by DLC to intervene in this action as the real party in interest.  It is the current

---

[6]    The court can take judicial notice that the response filed by ASD was filed the same morning as that filed by Counsel Kerr.  Furthermore, plaintiffs had no right to reply to this response by ASD in any event.

[7]    Counsel Kerr has asserted in the plaintiffs' response to intervention that since she is a "nationally recognized counsel" in these matters, she will provide adequate representation to protect the interests of DLC in the fee award—even though her employment with DLC terminated recently.

[8]    *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1922, p. 502 (and the cases cited in the margin.)

**Opposition to Motion to Strike**                                                    Page 3 of 5
*NS v. ASD*, Case No. Case No. 3:05-cv-0177 (TMB

plaintiffs who have no stake or interest in the subject matter of this lawsuit, since the award of attorney's fees is the <u>only</u> subject at issue here.

Counsel Kerr asserts that she is "capable of making DLC's argument" here as she "successfully made them below" in the administrative proceeding. Memorandum at p. 3. However, this endeavors to blur the distinct differences between what occurred below and what is at issue in this action. The administrative proceeding below was an "enforcement action" concerning an order for corrective action issued by the Alaska Department of Education and Early Development. However, the decision by the Hearing Officer issued in that administrative proceeding was not appealed by ASD, nor is this lawsuit an "enforcement action" of the Hearing Officer's decision. In fact, this lawsuit has <u>nothing whatsoever to do with enforcement of that decision</u>.

This lawsuit is entirely derivative of that decision—it is solely an action to claim and recover attorney's fees incurred by DLC on behalf of the plaintiffs' during the administrative proceeding. Because the plaintiffs cannot and do not assert any claim to the attorney's fees award, they are nothing more than nominal parties who have no stake at all in the recovery of attorney's fees by DLC. Indeed, shortly after the employment between DLC and Counsel Kerr was terminated, plaintiffs substituted her as their private counsel in place of DLC, thereby further separating the interests between plaintiffs and DLC. Because Counsel Kerr is no longer employed by DLC, her further representation of the plaintiffs as nominal parties in this action affords no certain protection of the attorney's fees award for DLC who is the real party in interest.

### III.  Conclusion

Based on the pleadings before the court, ASD respectfully requests this court to deny the Motion to Strike filed by Counsel Kerr because it is unsupported and without merit.  This motion appears to have been filed as a "dilatory or harassing tactic" and the court should consider whether sanctions should be awarded to ASD for the complete lack of support and analysis of this motion under Rule 12(f).  Instead, this motion appears to have been filed simply to allow Counsel Kerr to make additional arguments about the Motion to Intervene.  Therefore, ASD respectfully requests that the court grant the Motion to Intervene, permitting DLC to substitute as the plaintiff, while limiting Counsel Kerr and plaintiffs to a non-participatory role in this action for attorney's fees.

Dated in Anchorage Alaska this 30th day of October 2006.

/s/ Bradley D. Owens
Bradley D. Owens
Alaska Bar #7610122
3000 A St., Suite 300
Anchorage AK 99503
Phone: 907-563-8844
Fax:  907-563-7322
Email:  bradowens@jdolaw.com

Certificate of Service

I hereby certify that on October 30, 2006,
a copy of foregoing Opposition to Motion to
Strike was served electronically on

Megan Allison (mallison@dlcak.org)

Sonja D. Kerr (nalaof608@yahoo.com)

s/ Bradley D. Owens
3227.1141 - 134493