SONJA D. KERR (AK BAR No. 040951)
1114 Covington Court
Anchorage, Alaska 99503
Telephone: 907-222-9994
Email: nalaof608@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

N.S., by and through his )
Parents, J.S. and R.S., )
       Plaintiffs )
)
Vs. )   Case No. A05-0177 CV (TMB)
)
Anchorage School District, )
       Defendant )
_____)

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S "REQUESTS" TO LIMIT PARTICIPATION
OF NAMED PLAINTIFF IN THIS CASE**

Fed.R.Civ. Proc. 12(f) specifically provides that the Court may strike an "insufficient defense" relied upon by a party. As Defendant ASD has no factual or legal basis for its "request" that Plaintiffs N.S., J.S. and R.S. and their privately chosen counsel are to be limited in any way due to DLC's request to intervene in the action, the Court should strike the insufficient defense and "request."

**I. Rule 12(f) Motion to Strike Should Be Granted.**

Defendant has claimed an insufficient defense to rely upon based on *Cotter v. Massachusetts Association of Minority,* 219 F. 3d 31 (1st Cir. 2000). That Court did not impose any limitations upon the original plaintiffs, certain white police officers, in that case; rather the question involved restrictions or limits on the proposed intervenors, certain minority police officers. Nor has Defendant ASD provided any other legitimate sound legal basis for its view that the Court can impose limitations on the original

plaintiff. In its response to the motion to strike, Defendant ASD refers to the footnote in the *Cotter* case, but the cases cited in the footnote did not place any limitations on the original plaintiffs either. In each instance, the Court placed conditions only on the proposed intervenors, not the original plaintiffs to the action. *Beauregard, Inc. v. Sword Serv LLC*, 107 F. 3d 351 (5th Cir. 1997) (proposed intervenor ordered to seize property as condition of intervening and failing to do so was dismissed); *Southern v. Plumb Tools*, 696 F. 2d 1321 (11th Cir. 1983) (workmen's compensation insurer permitted to intervene in personal injury action and no conditions imposed on intervenor); *DLC. Columbus-America Discovery Group v. Atlantic Mut.Ins.Co.,* 974 F. 2d 450 (4th Cir. 1992), cert. denied, 507 U.S. 1000 (1993) (reversal of grant of intervention where court conditioned the intervention on the trial proceeding at the previously scheduled time). *Columbus-America Discovery Group*, at 469 and see 479, n. 114. Wright, Miller & Kane at Sec. 1922, 505, does not support limitations on the original plaintiffs; rather conditions are discussed in the context of proposed intervenors. Defendant ASD has argued a completely baseless "insufficient defense" for limitations on Plaintiffs N.S. and their counsel and as such that should be stricken consistent with Fed.R.Civ.Proc. Rule 12(f).

**II.     Payment of Fees, and Costs as Sanctions.**

Defendant ASD's claim for fees and costs to respond to the motion to strike is meritless. Such a claim amounts to sanctions that are unwarranted. [1] *Barber v. Miller,* 146 F. 3d 707 (9th Cir. 1998) and see, *Franklin v. H.O. Wolding, Inc.,* 2004 U.S. Dist. LEXIS 36592(S.D. Ind. Dec. 8, 2004). Nor was the simple motion to strike specific language under Rule 12(f) inappropriate, let alone unreasonable or vexatious. Under

---

[1]     The basis for Defendant ASD's suggestion of sanctions is unstated; presumably it is either Rule 11 (which requires the 21 safe harbor day rule with which Defendant did not comply) or 28 U.S.C. Sec. 1928. Neither is appropriate in this instance.

these circumstances, it would clearly be reversible error for the Court to award fees and costs as sanctions in this case.

## CONCLUSION

Plaintiffs N.S., J.S. and R.S. respectfully move the Court to strike those portions of Defendant ASD's submissions concerning the motion to intervene which improperly "request" limitations against the original plaintiffs, rather than intervenors.[2] There was and remains no legal basis for Defendants to make said "request" to "limit" or to "restrict" in any way the rights of Plaintiffs N.S., et. al to participate in this process. The Court must DENY any such proposed action or order, as well as deny fees and costs to Defendant ASD.

Dated this 5th day of November, 2006.

*s/Sonja D. Kerr*
Sonja D. Kerr, AK No. 0409051
1114 Covington Court
Anchorage, AK 99503
(907)-222-9994
(866)-310-9252
nalaof608@yahoo.com

Certificate of Service

This is to certify that on this 5th day of November, 2006, a true and correct copy of foregoing was electronically mailed to:

Brad Owens (bradowens@jdolaw.com)
Meg Allison (malison@dlcak.org) (for proposed intervenor)

*s/Sonja D. Kerr*

---

[2]   Contrary to Defendant ASD's suggestion, this case is an enforcement action because part of enforcement is Defendant ASD owning up to its responsibility for attorneys' fees for failure to comply with the law. 20 U.S.C. 1415(g) specifically provides that attorneys fees are not to be limited or reduced where the school district has violated the law. This case would not be before the Court if Defendant ASD had complied with the law and not "violated" the IDEA as 20 U.S.C. 1415(g) provides.

Reply Memorandum in Support of Motion to Strike                                        3
N.S. v. Anchorage School District