IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents J.S. and R.S.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>Anchorage School District,<br><br>　　　　　　　Defendant. | Case No. 3:06-cv-0184   TMB<br><br><u>ORDER GRANTING<br>MOTION TO INTERVENE</u> |

　　　　Plaintiff N.S. filed this lawsuit to recover legal fees incurred in an administrative hearing under the Individuals with Disabilities Education Act. The Disability Law Center ("DLC") represented Plaintiff in the administrative hearing and until September 2006 in this proceeding for attorney fees. Attorney Sonja Kerr was employed by the DLC, and represented N.S. at the administrative hearing and before this Court. In September 2006, N.S. engaged Ms. Kerr as private counsel to continue representing N.S. in this proceeding in this Court and before the Ninth Circuit. The DLC moves to intervene as plaintiff to protect its interest in any attorney fee awards.

　　　　Under Federal Rule of Civil Procedure Rule 24(a):

　　　　Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
　　　　In determining whether intervention is appropriate, courts apply a four part test:

　　　　(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[1]

　　　　Because the DLC meets all of the above criteria, the Court grants DLCs motion to intervene as a matter of right. It is undisputed that the motion to intervene is timely. It is also undisputed that

---

[1]　*California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006).

1

DLC has a significantly protectable interest in this litigation because it is entitled to any attorney fees awarded in this action for the time period in which Ms. Kerr represented N.S. as an employee of DLC. But the parties dispute whether DLC's interests in the litigation will be impaired if intervention is not granted, and whether DLC's interest is adequately represented by N.S.

> In order to determine whether a party's interests are adequately represented, courts consider:
>
> whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect. The applicant is required only to make a minimal showing that representation of its interests may be inadequate.[2]

While N.S. and Counsel Kerr contend that they intend to vigorously prosecute the claim for attorney's fees and the Court does not doubt the sincerity of this contention or the capabilities of Counsel Kerr, it is undisputed that DLC is the real party in interest to the fees at issue. The incentive N.S. has to litigate the claim for attorney fees therefore differs from that of DLC. Since the interests of DLC and N.S. could at some point diverge, and DLC's ability to protect its interest in the litigation could be impaired if it is not permitted to intervene, the Court concludes that DLC is entitled to intervene as a matter of right.

The Court notes that the parties agree that permissive intervention under Rule 24(b) would be appropriate in this case. Since the Court agrees, even if the Court determined that DLC was not entitled to intervene as a matter of right under Rule 24(a), DLC's motion to intervene would be granted.

In conclusion, DLC's motion to intervene at Docket No. 58 is hereby GRANTED.

Dated at Anchorage, Alaska, this 16th day of February, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[2] *People of State of California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)(citations omitted).