Kimberly J. Allen, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S., <br><br>  Plaintiffs <br><br> vs. <br><br> ANCHORAGE SCHOOL DISTRICT, <br><br>  Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. A05-0177 CV (TMB |

### REPLY TO DLC'S OPPOSITION TO RULE 60 (b)
### MOTION FOR RELIEF FROM JUDGMENT

INTRODUCTION

Plaintiff filed the original complaint for attorney's fees in July of 2005. After significant litigation, this court issued an order granting summary judgment to the Plaintiff on August 17, 2006, and a judgment against Anchorage School District (ASD) on August 22, 2006. Subsequently, several things occurred: the plaintiff filed a "fees on fees" motion; the Ninth Circuit issued two new decisions regarding attorney's fees issues; and the plaintiff's attorney Sonja Kerr separated from the Disability Law Center (DLC).  The defendant filed a Motion for Relief from Judgment under Civil Rule 60 (b) based on the subsequent controlling case law, which both Ms. Kerr and DLC opposed. DLC represented plaintiff in the underlying case and in

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                                                     Page 1 of 6

the claim for attorney's fees. Sonja Kerry entered an appearance as private counsel for plaintiff NS and his parents. On October 2, 2006, DLC filed an opposition to the defendant's Motion for Relief from Judgment while simultaneously filing a Motion to Intervene. On October 6, 2006, the ASD motioned and was granted permission to reply to DLC's Opposition after the court ruled on DLC's Motion to Intervene at Docket 65. DLC was granted permission to intervene on February 21, 2007 at Docket 84. The School District now replies to DLC's Opposition, overlapping somewhat with the District's previous Reply to plaintiff N.S.'s Opposition, which was filed October 20, 2006 at Docket 74.

## ARGUMENT

1. <u>ASD has cited a basis for Rule 60(b).</u>

DLC attempts to obscure the issue by complaining that ASD's motion was not clear in citing a basis for the motion. Yet each case cited by DLC supports defendant's position that a Rule 60(b) motion is appropriate here. The defendant's Memorandum relies on Rule 60(b)(1) and in the alternative, on 60(b)(6), either of which is appropriate. Docket 50, p. 2 of 7. *See also,* ASD's Reply to Plaintiff at Docket 74, p. 3 of 7, discussing two distinct lines of decisions that support a Motion for Relief from Judgment. As counsel astutely pointed out, *Agostini*[1] is a case dealing with a Rule 60(b)(5) claim. However, while the facts may diverge, the principle of law applies regardless of what subsection is used to grant relief: the court may provide relief when it recognizes a change in decisional law that impacts the original decision. Here, there have been two Ninth Circuit cases handed down subsequent to briefing but yet necessary for the court's consideration. ASD is asking the court to review its decision in light of these controlling cases to assure there was no mistake in the judgment.

---

[1] 521 U.S. 203 (1997)

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                                 Page 2 of 6

In the alternative, should the court for any reason not accept a motion under Rule 60(b)(1), then subsection (6) applies: "any other reason justifying relief from the operation of the judgment." While a motion under subsections 1-5 must be brought with reliance on the specified elements, subsection (6) applies where there are circumstances justifying relief that cannot be addressed by subsections 1-5. Here, the parties have new, direct guidance from the Ninth Circuit. The Oral argument scheduled for September 1, 2006 was vacated by order of the court, where ASD would have had the opportunity and the duty to argue these cases. Subsequent briefing in the "fees-on-fees" litigation raised the cases to the court's attention. DLC invited the defendant to pursue a Rule 60(b) motion while opposing the litigation on the "fees-on-fees" petition. Docket 46, p. 4 of 7. ASD also has filed an appeal with the Ninth Circuit (currently suspended pending decision on this motion) which will be informed by the District Court's clarification of the issues in the underlying decision. This motion was invited by DLC, the issue is relevant for the court to consider, and it is timely brought. There being no other legal impediment, this motion for relief is proper.

2. <u>The introduction of controlling case law should be considered by the Court in fashioning judgment.</u>

It is not simply an intervening change of law but rather the introduction of specifically controlling case law that is relevant here. Two recent Ninth Circuit rulings decided in August of 2006 form the foundation for this motion for relief.[2] These cases are important because they are instructive in the analysis that the Ninth Circuit will apply on appeal. They are important because the analysis was missing from the Decision issued in this matter. The importance of the

---

[2] *P.N. v. Seattle School District, No. 1*, 458 F.3d 983 (9th Cir. 2006) decided August 25, 2006; *Aguirre v. Los Angeles Unified School District*, 461 F.3d 1114 (9th Cir. 2006) decided August 29, 2006.

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                          Page 3 of 6

cases is not because of their novelty, but rather is seen because of their distinctive analysis. Applied to the facts of this case, the analysis leads to a different conclusion.

*P.N. v. Seattle School District* specifically adopts *Buckhannon's* two part definition of prevailing party, and models the analysis expected by the Ninth Circuit in reaching a conclusion. DLC's Opposition misses the mark, because it fails to show how the Court's order in this case is adequate in light of the newly controlling and precedential Ninth Circuit cases. The Court's August 17th decision passes quickly over *Buckhannon* and jumps to the conclusion that the defendant prevailed without analysis. How can the parties know whether the court applied the two part test, as required now by *P.N.*, when the only mention of prevailing party is seen in a footnote? The Plaintiff's original briefing failed to rely on *Buckhannon* at all, failed to cite the correct definition of prevailing party as defined by the 2-part test in *P.N.*, and used the incorrect definition of "prevailing party" as used previously in *Hensley*.[3]  *P.N.* clarifies that *Buckhannon* is the correct rule, not *Hensley*. Thus, if the Court simply adopted the plaintiff's position in granting Summary Judgment, then application of the correct analysis was missing. The importance of *Buckannon* was seen in *PN v. Seattle,* which newly sets forth the <u>controlling</u> case law for the Ninth Circuit.

Likewise, if the Court had the benefit of *Aguirre v. Los Angeles Unified*, the analysis in this case would have been different. *Aguirre* is the first application in the Ninth Circuit of the "degree of success" test to IDEA cases, and shows the proper use of *Hensley*.[4]  *Aguirre* answers the same question facing the Court in this case: how to address a partially prevailing plaintiff. There is no question that N.S. did not prevail on all of the initial claims.  The question for the

---

[3] As cited in ASD's *Reply to Plaintiff N.S.'s Opposition*, the DLC *Memorandum in Support of Summary Judgment* cites incorrectly to *Hensley* as the prevailing party rule, at p. 8 of 12 of the DLC Memorandum.

[4] *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (establishing the standard for degree of success).

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                                                                         Page 4 of 6

court was whether he prevailed on substantial versus insignificant claims. *Aguirre* stands for the proposition that *Hensley's* degree of success standard must be used each time a plaintiff is partially prevailing, and holds that a fee award must be based on whether the party prevailed on significant issues, that is, those that are related to successful claims. *See Aguirre,* Docket 49, at p.8 of 9 (2006 WL 247347).  Here, the Court's August 17th order did not have the benefit of this controlling Ninth Circuit rule, and did not once address the degree of success of the plaintiff in this case.  A prior Order from Judge Singleton referred to the *Hensley* rule, stating that the "court must identify the extent of Plaintiff's success and failure…must distinguish between related and unrelated claims."[5]  However, the analysis was not present in the final Decision.  Contrary to DLC's assertion, the Court rejected the defendant's position, and short-cut the application of the *Hensley* standard. *Aguirre* is novel in holding that although the Court does have great discretion, yet the Court must go through the analysis of the degree of plaintiff's success before making a determination of fees.

## CONCLUSION

For the foregoing reasons, the Anchorage School District respectfully moves this Court for relief from judgment. In so doing, the School District requests this court to reconsider the previous decision as to the awarding of summary judgment and attorney's fees to the plaintiff. The request is for reconsideration in light of two Ninth Circuit controlling cases, which in application, will alter the final award by this court.

---

[5] Order, denying Plaintiff's Motion to Compel Discovery, at Docket 20, page 2. Unfortunately, Judge Singleton used the incorrect number of hours at page 3, which should have been correctly summed as 49.4, not 57.

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                                                    Page 5 of 6

Dated in Anchorage Alaska this 26th day of February, 2007.

JERMAIN, DUNNAGAN & OWENS, P.C.

 _Kimberly J. Allen_____
By:   Kimberly J. Allen
      Alaska Bar No. 0305014

CERTIFICATE OF SERVICE

I hereby certify that the above document
was served on the 26th day of February, 2007,
via first class mail, prepaid, on:

Meg Allison
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 102
Anchorage, Alaska  99503

Sonja Kerr
1114 Covington Court
Anchorage, AK 99503

_Kimberly J. Allen_

3227.1141/146315

Reply to DLC's Opposition to Rule 60 (b) Motion for Relief from Judgment
*N.S. v. Anchorage School District*
Case No. 3:06-cv-0177 TMB                                                                                             Page 6 of 6