IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

N.S., by and through his parents, J.S. and R.S.,

Plaintiff,

vs.

ANCHORAGE SCHOOL DISTRICT,

Defendant.

Case No. A05-0177 CV (TMB)

O R D E R

Plaintiffs filed this action on under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.*, against the Anchorage School District ("ASD"), and received a favorable ruling at the administrative level. ASD did not appeal the adverse decision of the hearing officer, and Plaintiffs filed this action seeking an award of attorney fees for fees incurred at the administrative level. On August 22, 2006, Judgment was entered in this matter, granting Plaintiff an award of $10,881.67.

On September 1, 2006, Plaintiffs moved for an award of attorney fees incurred for bringing the action in *this* Court.[1]

On September 15, 2006, ASD filed a Notice of Appeal, indicating that the underlying award had been appealed to the Ninth Circuit.

On September 22, 2006, ASD moved this Court to Amend/Correct Judgment, requesting relief from the Judgment under Rule 60(b).

[1] This matter has been fully briefed by the parties, and will be addressed by the Court in a separate order.

On October 2, 2006, the Disability Law Center ("DLC") moved to intervene.[2] ASD did not oppose intervention, but asked that the involvement of the parents and their counsel be limited accordingly. Plaintiffs N.S. and his parents moved to strike ASD's request that their involvement be limited in any way. In February, 2007, the DLC was permitted to intervene as a plaintiff to protect its interest in any attorney fee awards.[3]

**Relief from Judgment**

ASD requests relief from the Judgment and Order of August 17, 2006, pursuant to F.R.C.P. 60(b), because of a change in law based on two new Ninth Circuit decisions. ASD argues that because both of these new decisions have specific bearing on how district courts are to decide fee disputes in IDEA case, and both were issued after the parties briefed the Court, there was a mistake in the law the Court applied to the decision in this matter.

A notice of appeal was filed in this case one week prior to the Rule 60(b) motion. The filing of an appeal typically strips the district court of jurisdiction over a case.[4] The Ninth Circuit has

---

[2]The DLC represented Plaintiffs in the administrative hearing and, until September 2006, in this proceeding for attorney fees. Attorney Sonja Kerr was employed by the DLC, and represented N.S. at the administrative hearing and before this Court. In September 2006, N.S. engaged Ms. Kerr as private counsel to continue representing N.S. in this proceeding in this Court and before the Ninth Circuit.

[3] The Court finds that it properly considered DLC's Motion to Intervene, because the Motion to Intervene directly related to the issue of attorney fees, over which this Court still has jurisdiction.

[4]*Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.")

specifically explained that "[o]nce an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment."[5] *Davis v. Yageo Corp.* outlines the procedure which must be followed if a party wants a district court to entertain and decide a Rule 60(b) motion after notice of appeal is filed. Defendant has not followed this procedure. Accordingly, this Court lacks jurisdiction to consider ASD's Rule 60(b) motion.

**Motion to Strike**

Plaintiffs have moved to strike portions of Docket nos. 73 & 74. Pursuant to the analysis above, the issue is moot as to Docket 74. Having previously ruled on the Motion to Intervene, the issue also is moot as to Docket 73.

**IT IS THEREFORE ORDERED:**

The Motion to Amend/Correct Judgment at **Docket 49**, and the Motion to Strike at **Docket 76** are **DENIED** as moot. An Order on the Motion for Attorney Fees at Docket 40 will issue separately.

Dated at Anchorage, Alaska, this 20th day of September, 2007.

s/ Timothy Burgess
Timothy M. Burgess
District Court Judge

---

[5] *Davis v. Yageo Corp.,* 481 F.3d 661, 685 (9th Cir. 2007), *citing Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir.1986).