IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S., <br><br> Plaintiffs, <br><br> vs. <br><br> ANCHORAGE SCHOOL DISTRICT, <br><br> Defendant. | Case No. 3:05-cv-0177 CV (TMB) <br><br><br> O R D E R RE: ATTORNEY FEES |

Plaintiffs filed this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.*, against the Anchorage School District ("ASD"), and received a favorable ruling at the administrative level. On July 27, 2005, Plaintiffs filed this action seeking an award of attorney fees for fees incurred at the administrative level. On August 22, 2006, Judgment was entered in this matter, granting Plaintiff an award of $10,881.67.

On September 1, 2006, Plaintiffs moved for an award of attorney fees incurred for bringing the action in *this* Court pursuant to Fed.R.Civ.P. 54(d) and D. Ak. LR 54.3. In Judge Singleton's Order dated December 16, 2005, he anticipated the motion that is presently before this Court.[1] Judge Singleton observed that "[n]aturally, if a fee is awarded Plaintiff for work before the

---

[1] This matter was transferred to the undersigned on January 23, 2006.

administrative agency, it will have prevailed at this level as well, and will be entitled to an award of fees incurred in this Court."[2]   Plaintiffs seek an additional $10,935.47.[3]

ASD opposes this motion on a variety of grounds: 1)ASD says it made an offer of settlement that exceeded the amount awarded by the court in its order of August 17, and therefore the plaintiff is not entitled to additional fees. 2) ASD argues that based on a decision issued by the Ninth Circuit, this court should reconsider its original award specifically addressing and analyzing the factor of plaintiff's degree of success in the administrative hearing. 3) ASD argues that Plaintiffs' counsel unreasonably protracted the final resolution of the controversy.  4) ASD argues the fees requested include time and services that were excessive considering the nature of the proceeding.

**Settlement Offer**

The exhibits submitted by the parties show a partial picture of the settlement negotiations in this and two other IDEA lawsuits.  On November 22, 2005, a letter from the Disability Law Center ("DLC") to ASD's counsel indicates "This is in response to your Rule 68 Offer of Judgment forwarded late last week."  The DLC declined the Offer of Judgment of $7,800, and proposed a counter-offer in excess of $13,000.  On December 16, 2005, DLC again sent a letter to ASD's counsel, this time agreeing to resolve this matter for $12,525.75.  (The letter encompassed three

---

[2] Docket 20, *citing Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1991). *See also* 20 U.S.C. § 1415(i)(3)(B)(i)("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability.)

[3] $10,832.50 (approximately 48 hours at $225 per hour) plus $102.97 in costs.  Counsel states that she spent 51.71 hours on this matter.  The court cannot account for the discrepancy in the number of hours, but the error is in the favor of the non-moving party.

pending cases, proposing to resolve all three for a total of $29,030.80). On January 30, 2006, counsel for ASD agreed to pay $29,000 to resolve all three matters, of which it now claims $14,600 was agreed would cover the fees and costs incurred in this matter and the remainder ($14,300) would cover the claims in two other matters. For reasons unclear to this Court, this matter did not ultimately settle, although it does appear that the other two matters resolved for $14,300.

The IDEA provides, in relevant part:

**(D) Prohibition of attorneys' fees and related costs for certain services**
**(i) In general**

Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section *for services performed subsequent to the time of a written offer of settlement* to a parent if–

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.[4]

Plaintiffs argue that Federal Rule of Civil Procedure 68 should govern this matter, and that because ASD's offer was not in the form of an "offer of judgment," the prohibition against attorney fees is not applicable.[5] In opposition, ASD argues that the IDEA prohibits an award of attorney's fees and

---

[4] 20 U.S.C. § 1415(i)(3)(D)(i)(I)(emphasis added).

[5] **Rule 68** states in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property . . . with costs then accrued.. . . . If the judgment finally

costs after a "written settlement offer," and argues that the IDEA does not require that the written offer of settlement be an "offer of judgment" pursuant to Rule 68.

The January 2006 letter from ASD was a written offer of settlement, rather than an offer of judgment, but nevertheless adequate under § 1415(i)(3)(D)(i)(I).  Section 1415(i) expressly contemplates a "written offer of settlement" pursuant to the time limitations imposed by Rule 68.  Had Congress intended that parties use the "offer of judgment" mechanism exclusively, it would have used the words "offer of judgment" instead of "written offer of settlement."[6]  It further satisfies § (III) of this provision, in that the offer to settle this matter for over $14,000 was more favorable to the parents than the relief provided by this Court's order at docket 39 ($10,881.67).  What the parties fail to recognize is that the language of § 1415 provides that "Attorneys' fees may not be awarded . . . for services performed *subsequent to the time of a written offer of settlement*."  Accordingly, the attorney fees incurred by the parents *prior to* January 30, 2006, still are

---

obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

[6]The letters between counsel specifically discussed "Rule 68 Offers" and the need to train special education administrators "on the issue of Rule 68 offers and how those offers can be utilized to mitigate or reduce potential attorneys fees claims by parents."  DLC counsel specifically refers to the November 22, 2005, offer from ASD as an "Offer of Judgment."  Somewhere between January and May 2006, settlement negotiations in this case apparently broke down, although the other two matters settled.  ASD's reasoning for making one offer of judgment, and subsequently making written offers of settlement, may have been a tactical choice.  There is no indication that the parties mis-communicated about whether they were dealing with an offer of judgment or an offer of settlement.

ORDER
C:\Documents and Settings\pam.AKD-ALASKA\Local Settings\Temp\notes06E812\305-cv-177.OrderAttyFees.wpd          4

legitimately sought by DLC as the prevailing party. Accordingly, a reduction of $1,298.75 for attorney fees incurred after January 30, 2006, is appropriate.[7]

**Reconsideration of Original Award**

This Court already has declined to reconsider the previous award due to a lack of jurisdiction.[8]

**Unreasonableness of Plaintiff's Counsel**

ASD argues that through both the discovery submitted by Plaintiff, and the unnecessary resistance of plaintiff to legitimate discovery, Plaintiffs' counsel unreasonably protracted the final resolution and needlessly increased the fees claimed in this matter.

A review of the record reveals that ASD sought copies of representation agreements between the Disability Law Center and its clients, to the extent that they discussed attorney fees. Plaintiff provided form documents, but declined to produce the actual agreements contending that they contained information protected by the attorney client privilege. ASD responded that Plaintiff was required to produce a detailed privilege log, which it failed to do. Plaintiff argued that the form representation agreement provided all of the fee information contained in the individual representation agreements. Ultimately, Judge Singleton agreed with DLC that the personal information found in individual representation agreements was irrelevant, and ASD's Motion to

---

[7] This calculation reduces the amount of appropriate attorney fees to $9,533.75.

[8] *See* Order at Docket 88.

ORDER
C:\Documents and Settings\pam.AKD-ALASKA\Local Settings\Temp\notes06E812\305-cv-177.OrderAttyFees.wpd 5

Compel Discovery was denied. Nothing in Judge Singleton's order indicates that the DLC's resistance to producing discovery was unreasonable.

**Excessive Fees**

Plaintiffs argue that the majority of the hours spent on this matter were incurred opposing the Defendant's Motion for Discovery, which was denied.

ASD, in contrast, argues that many of the hours recorded by DLC's counsel were unnecessary, excessive, or unclear.[9] Specifically, ASD disputes the following entries:

- **2.68 hours** on March 22, 2005 for "research regarding attorney's fees."

- **1.03 hours** on March 31, 2005 for "Letter to Brad Owens regarding fees, legal research regarding Brad's letter of the 31st."

- **3.69 hours** on July 27, 2005 for "preparation of pleadings, attorney's fees, final version," and to "draft, filing of fees complaint."

- **1.87 hours** for "Letter to Brad Owens (dated 11/16/05) regarding discovery issues and supplementation of discovery regarding rate as set in Noon."

- **2 hours** on November 19 for "Draft response to Brad's offer of judgment and discovery issues," a single page letter.

- **.74 hours** on November 30 for a "Meeting with Dave/Tom to discuss defendant's motion and requests for discovery."

- **2.8 hours** on December 1, 2005, for drafting a letter in response to ASD's objection to the depositions of the ASD Superintendent and Executive Director of Special Education, as well as for

---

[9]ASD also reiterates its argument that the Disability Law Center is a federally funded agency that does not charge its clients, and therefore it is not recovering fees or costs paid by plaintiff. "In reality it is simply seeking additional income, not recouping expenses." The Court previously has noted that ASD has provided no authority for this argument. *See* Docket 38.

ORDER
C:\Documents and Settings\pam.AKD-ALASKA\Local Settings\Temp\notes06E812\305-cv-177.OrderAttyFees.wpd       6

"further legal research on issue of depositions in attorney's fees case," and "draft final version of letter to Brad regarding depositions of Fleurant, Jill and myself."

- **1.02 hours** on December 1, 2005, for "Legal research regarding ability to take deposition of party as part of discovery in attorney's fees claim."

- **3.38 hours** on December 11 for "Legal research in preparation for deposition of client and SK on 12/12/05, review of Harris case and briefs in case to 9th circuit."

- **11.6 hours** between December 5-7 for research and drafting of plaintiff's opposition to the motion to compel the privilege logs.

The Court's review of the foregoing finds little indication of excessive or duplicative entries. As discussed above, the denial of ASD's motion to compel discovery justifies time spent by DLC opposing the motion. Furthermore, preparation for depositions that had been noticed was prudent, despite the fact that the depositions never took place.

**IT IS THEREFORE ORDERED:**

In light of the foregoing, the Motion for Attorney Fees at **Docket 40 is GRANTED**. Counsel for Plaintiffs is awarded **$ 9,533.75** in attorney fees as the prevailing party in this litigation.   Dated at Anchorage, Alaska, this 26th day of September, 2007.

s/ Timothy Burgess  
Timothy M. Burgess  
District Court Judge

ORDER
C:\Documents and Settings\pam.AKD-ALASKA\Local Settings\Temp\notes06E812\305-cv-177.OrderAtfyFees.wpd