Meg K. Allison (Alaska Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org

Attorney for Intervener

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| N.S., by and through his parents J.S. and R.S., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:05-cv-0177 CV (TMB) |
| vs. | ) ) ) | |
| Anchorage School District, | ) ) | |
| Defendant. | ) | |

## RESPONSE TO DEFENDANT'S MOTION TO INTERPLEAD FEES

## INTRODUCTION

This Court has already decided the issue of which party is entitled to attorney's fees in this matter when it ruled on the Disability Law Center's application to intervene. The Court was very clear that those fees incurred while Ms. Kerr was an employee of the Disability Law Center were rightly the Disability Law Center's attorney's fees. Additionally, N.S., J.S. and R.S. (hereinafter "N.S.") have conceded these attorney's fees should be paid to the Disability Law Center. However, N.S. has made a belated attempt to recover all or a portion of the attorney's fees awarded at Docket No. 89. As such, the Disability Law Center respectfully requests this

Court follow its previous decision and order that the attorney's fees at Docket No. 89 are to be paid to the Disability Law Center.

## ARGUMENT

### I. PLAINTIFFS HAVE CONCEDED THE ATTORNEYS' FEES AT ISSUE ARE THE DISABILITY LAW CENTER'S.

The Disability Law Center agrees with Anchorage School District (the "District") that the attorney's fees awarded at Docket No. 89 rightfully belong to the Disability Law Center. Docket No. 92. N.S. belatedly asserted an interest to these attorney's fees during proceedings in the Ninth Circuit. Exhibit A to Affidavit of Meg Allison. N.S. claimed that, in Alaska, attorney's fees belong to the client and that it is not clear that N.S. assigned their interest to the attorney's fees awarded at Docket No. 89 to the Disability Law Center. *Id*., pg. 5. However, regardless of the existence of a written assignment[1], the Court can find that N.S. has conceded that these attorneys' fees are the Disability Law Center's and order payment by the District accordingly.

N.S. was initially represented by Ms. Kerr while an attorney at the Disability Law Center. When Ms. Kerr's employment with the Disability Law Center ended, N.S. terminated his attorney client relationship with the Disability Law Center. Docket No. 59. Subsequently, N.S. obtained Ms. Kerr as counsel. Docket No. 52. Once N.S. ended his relationship with the Disability Law Center, the Disability Law Center moved to intervene on its own behalf to protect its interest in the attorney's fees awaiting decision at Docket No. 40. Docket No. 58.

---

[1] It appears that the written representation agreement that would have been executed by the attorney handling the case at the time, Ms. Kerr, and N.S. when the Disability Law Center was retained was not created or is missing. The Court can rely on the sample representation agreements that the Disability Law Center produced to the District in response to its discovery requests. The request by the District for the original representation agreement was objected to by the Disability Law Center as being protected by attorney client privilege. *See* Exhibit B to affidavit of Meg Allison. Both sample representation agreements contain explicit assignment provisions regarding attorney's fees that may be recovered. *Id*. at pgs. 19-20 and 26.

The motion to intervene was opposed by N.S. Docket No. 72. In opposition, N.S. conceded that "there is a clear recognition that DLC is wholly entitled to the underlying award of $10,800 *as well as the 'fees on fees'* filed [at Docket No. 40] shortly after that award." Docket No. 72, pg. 4 (emphasis added). N.S. goes on to assert that any interest he claims is that "ASD needs to understand that violating the law will cause them to incur attorney's fees. …Ms. Simmons has a direct interest in the outcome of the litigation – she wants to be sure that there will be attorneys to assist them in the future, if necessary." *Id*, pg. 3. Nowhere within N.S.'s opposition to the Disability Law Center's application to intervene does he make any claim or state any interest to any attorney's fees incurred by the Disability Law Center. Docket No. 72. Accordingly, the Court can find that N.S. cannot now assert some new found interest in attorney's fees when N.S. clearly recognized the attorney's fees sought at Docket No. 40 and later awarded by the Court at Docket No. 89 belong to the Disability Law Center.

## II. THE ATTORNEY'S FEES AT ISSUE WERE INCURRED WHEN MS. KERR WAS AN EMPLOYEE OF THE DISABILITY LAW CENTER.

If Court does not find that N.S. conceded that the attorney's fees at issue should be paid to the Disability Law Center, the Court can still find they have no claim to the award. A review of the proceedings in this matter illustrate why neither Ms. Kerr nor N.S. has any claims to these attorney's fees.

This matter was brought as an original action to recover attorney's fees on behalf of N.S. Docket No. 1. At that time, the Disability Law Center, through Ms. Kerr, represented N.S. *Id*. Following cross motions for summary judgment, Court ruled in favor of N.S. and awarded attorney's fees to N.S. Docket No. 38. N.S. through counsel, the Disability Law Center, on September 1, 2006, then made a motion pursuant to Rule 54(d) of the Federal Rules of Civil

*N.S. et al. v. Anchorage School District*  
Response to Defendant's Motion to Interplead Fees  
Page 3 of 5

Procedure and Local Rule 54.3 to recover the attorney's fees incurred in litigating the original action. Docket No. 40. That motion, subsequently decided at Docket No. 89, was supported by an affidavit and a billing summary of the attorney's fees incurred. *Id*. The affidavit sworn to and signed by Ms. Kerr, states that that the Disability Law Center "diligently attempted to avoid unnecessary litigation and expense during this matter. DLC did not charge costs such as copying, or faxing." *Id*. The billing detail shows that the bill is from the Disability Law Center and all of the time incurred is by the Disability Law Center. *Id*. Moreover, the bill includes not just the time of Ms. Kerr as an employee of the Disability Law Center, but also the time of Meg Allison, also an attorney with the Disability Law Center, working on the matter.[2]

Ms. Kerr's employment with the Disability Law Center ended on September 8, 2006. Docket No. 59. On September 12, 2006, Meg Allison of the Disability Law Center entered an appearance on behalf of N.S. Docket No. 42. The Disability Law Center, through Ms. Allison on behalf of N.S., filed a reply to the District's opposition of the attorney's fees motion on September 19, 2006. Docket No. 46. At this time, the motion at Docket No. 40 was completely briefed and awaiting the Court's decision. N.S. discontinued his relationship with the Disability Law Center on September 20, 2006. Docket No. 59. On September 28, 2006, Ms. Kerr entered an appearance on behalf of N.S. Docket No. 52. At no time since her entry of appearance has Ms. Kerr moved this Court for attorney's fees that N.S. may have incurred through their retention of Ms. Kerr as private counsel.

Accordingly, the Court must order that the attorney's fees awarded at Docket No. 89 be paid to the Disability Law Center.

---

[2] Ms. Allison's time on the billing is denoted by the $100 per hour rate. *See* Docket No. 40, pg. 5.

*N.S. et al. v. Anchorage School District*  
Response to Defendant's Motion to Interplead Fees  
Page 4 of 5

**CONCLUSION**

Because this Court can find that N.S. has assigned and/or conceded that the attorney's fees at Docket No. 89 are the Disability Law Center's and that all of the attorney's fees awarded at Docket No. 89 were incurred by the Disability Law Center, the Court must order that the District pay the Disability Law Center the attorney's fees ordered with Docket No. 89.

Date: April 21, 2008                                Respectfully submitted,

/s/ Meg K. Allison
Meg K. Allison (Alaska Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org

Attorney for Intervener

Certificate of Service

I hereby certify that on the 21st day of April 2008, a true and correct copy of this document was served by ECF on:

Bradley Owens
Jermain Dunnagan & Owens, PC
bradowens@jdolaw.com

Sonja Kerr
Kerr Law Office
Nalaof608@yahoo.com

/s Meg K. Allison
Meg K. Allison