Sonja D. Kerr, Esq., AK Bar No. 0409051
KERR LAW OFFICE
1205 E. International Airport Road
Suite 104
Anchorage, AK 99518
Telephone: (907)-561-2222
Facsimile: 1-866-310-9252
skerr@skerrlaw.com

Counsel for Plaintiffs-Appellees



RECEIVED
NOV 2 6 2007
BY:_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| N.S. by and through<br>His parents, J.S. and R.S., | No. 06-3518 |
| Plaintiffs-Appellees, | D.C. No. CV-05-0177-A-TMB<br>District of Alaska, Anchorage |
| Vs. | |
| Anchorage School District, | |
| Defendant-Appellant. | |

**OPPOSITION TO MOTION FOR SUBSTITUTION OF PARTIES**

Anchorage School District (hereinafter, "Defendant ASD") has moved to substitute DLC, the former attorneys for N.S. in place of N.S. and his parents (hereinafter, "N.S."). N.S. opposes the motion because he and his parents have a protectable interest in this litigation and wish to continue to participate in it to ensure that right is protected.

**HISTORY AND PROCEDURAL BACKGROUND**

N.S. is a disabled minor who remains a student within the Anchorage School District in Alaska. As a result of his disabilities, N.S. is entitled to all of the rights and protections of the

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                 Page 1

Exhibit A
1 of 12

Individuals with Disabilities Education Act, 20 U.S.C. 1400, et seq. ("IDEA"). N.S., by and through his parents, represented by Sonja Kerr an experienced attorney working at DLC, successfully brought an administrative hearing against the ASD for its failure to provide him the free appropriate public education to which he is entitled. Afterward, N.S., who was still represented by Sonja Kerr while at DLC, moved the Court for attorneys' fees, pursuant to the IDEA, which motion was granted awarding $10,881.67. (Doc. 38, 39). In addition, DLC again by Sonja Kerr, next filed for the fees incurred in the district court litigation, the "fees on fees" award of $9,533.75. (Doc. 40). This motion was already granted.

In September, 2006, current counsel, Sonja D. Kerr, left the DLC and N.S. elected to hire her privately. There is no dispute that Counsel Kerr is an experienced special education practitioner.

Thereafter, DLC moved to intervene in the fees case to protect its right to the fees awarded. N.S. agreed to permissive intervention but opposed intervention as of right because DLC suggested Counsel Kerr was not able to protect the award and vigorously prosecute it. N.S. contended that N.S. had an interest to insure that the litigation proceeded successfully because it was one of the first cases in Alaska concerning fees pursuant to the IDEA, and that N.S. had a protectable interest, as a disabled student who might need a lawyer again in the future, to protect the Court's decision. The Court found that DLC had a protectable interest in the fees awarded and allowed DLC to intervene. However, the District Court also noted that:

> "While N.S. and Counsel Kerr contend that they intend to vigorously prosecute this claim for attorney's fees and the Court does not doubt the sincerity of this contention or the capabilities of Counsel Kerr, it is undisputed that DLC is the real party in interest to the fees at issue. ***The incentive N.S. has to litigate the claim for attorney fees therefore differs from that of DLC.*** Since the interest of DLC and N.S. could at some point diverge, and DLC's ability to protect its interest in the litigation could be impaired if it is

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                                                    Page 2

Exhibit A
2 of 12

not permitted to intervene, the Court concludes that DLC is entitled to intervene as a matter of right." Order of the District Court, February 16, 2007. "(Doc. 84). (Emphasis added.)

The Defendant ASD attempted to limit or exclude N.S. and his experienced Counsel Kerr from participation before the District Court which refused to rule on that motion. (Doc. 88) The Defendant ASD did not request a substitution of parties at any point before the District Court.

N.S. remains a student receiving special education services in the Defendant ASD and his parents remain concerned that this litigation be successfully litigated. The litigation is the result of Defendant ASD's failure to provide appropriate educational services to N.S. The parents of N.S. believe that the success of this litigation may well impact N.S. in the future if other disputes arise with Defendant ASD. Aff. J. Simmons, Par. 1-3. In other words, it is not just an issue of money. Rather, N.S. believes that if Defendant ASD understand that violating the law may cause them to incur attorneys' fees they are less likely to do so in the future, with respect to N.S., who remains a student receiving special education services in the district. In contrast, if this case is lost, Defendant ASD may well believe that violating the law has no consequences financially which could have repercussions in terms of N.S.'s education. In addition, N.S.'s incentive is that this is one of the first positive cases in Alaska about the ability of parents' attorneys to recover attorneys fees. N.S. and his family have a direct interest in the litigation because they want to be sure that there will be attorneys who can assist them in the future, should that be necessary. Those attorneys are more likely to be available if attorneys' fees are recoverable. N.S. contends that having an experienced special education attorney, Counsel Kerr, representing his interests is more likely to result in the fees being upheld on appeal.

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                 Page 3

Exhibit A
3 of 12

Moreover, it is somewhat unclear if, as Judge Burgess anticipated, N.S.'s interests may have slightly diverged from those of DLC. Apparently N.S.'s parents did not sign any representation agreement assigning fees to DLC for the "fees on fees" part of the matter, the award of $9533.76. Inquiries to DLC have not yet surfaced any such representation agreement. Aff. J. Simmons, Par. 4, Ex. A. Research on this is continuing. Aff. J. Simmons, Par. 6. If such an interest was not assigned, then N.S.'s parents also may retain a direct interest in the "fees on fees" award, and certainly that is a sufficient interest to allow them to remain in the litigation.

## ARGUMENT

### I. Substitution of Parties Was Not Raised Below and Cannot Be Raised Now.

Defendant ASD did not request a substitution of the parties before the District Court. FRCP Rule 25(d) would have allowed the Defendant ASD to raise this issue to the District Court. But, Defendant ASD did not do so. Defendant ASD cannot raise it now on appeal.

### II. Plaintiff N.S. Has a Protectable Interest and that Interest Cannot Transfer

Defendant ASD claims that the reason it wants to substitute DLC for N.S. is because DLC is the "real party" in interest as to the fees. Defendant ASD cites to FRAP 43(b) which allows for substitution of the parties. Defendant ASD apparently proceeds on the basis that there has been a "transfer" of the interest between DLC and N.S. For this proposition, Defendant ASD cites to Judge Burgess' order regarding the original fees petition and not to the "fees on fees" award issued later. N.S. and his parents' interess is not just a monetary one; they want the award upheld in the hopes that it would be incentive to Defendant ASD to better comply with the IDEA in the future, thus resulting in less disputes and better education for N.S.

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                 Page 4

Exhibit A
4 of 12

In the State of Alaska, fees belong to the client, here, N.S. and his parents, unless explicitly assigned to the lawyer(s) involved. As such, N.S. ought to be able to direct the course of the litigation at least to the extent of ensuring the involvement of private counsel to argue the issues that N.S. believes are critical to success of the case and protection of N.S. in the future. Alaska law is clear that fees belong to the client. *Bliss v. Bobich,* 971 P.2d 141, 158-49 (1998) (fees are not awarded directly to the prevailing attorney; they are instead part of the judgment awarded to the prevailing party); *Childs v. Copper Valley Elec. Ass'n,* 860 P.2d 1184, 1191 n. 7 (1993) ("The attorneys fee award is to [the client], not to any particular attorney. How [the client] might allocate this award is a matter for him and his attorneys to settle.) It is not clear that N.S. by his parents has assigned any of the "fees on fees" to the DLC. Thus, N.S. clearly has an interest in those fees, an interest that is at least sufficient to allow N.S. to participate in the litigation to protect the award to avoid an adverse impact on N.S. in the future. N.S. has a direct interest in this litigation being successful that is beyond a monetary interest and is not a "transferable" interest. It is N.S.'s education and his parents' rights in that education that began this litigation. To suggest at this juncture, that N.S. cannot be a party is without precedent.

## CONCLUSION

The Court must deny the motion to substitute parties.

Dated this 21st day of November, 2007.

Sonja D. Kerr, AK Bar No. 0409051
KERR LAW OFFICE
1205 E. International Airport Road, #104
Anchorage, AK 99518
Telephone: (907)-561-2222
Facsimile: 1-866-310-9252
skerr@skerrlaw.com

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                 Page 5

Exhibit A
5 of 12

## CERTIFICATE OF SERVICE

I certify that on the 21st day of November, 2007, a true and correct copy of this document was mailed by U.S. Mail to:

Counsel for Appellants ASD
Brad Owens
Jermain, Dunnagan & Owens, PC
3000 "A" Street, Suite 300
Anchorage, AK 99503

Counsel for Intervenor DLC
Meg Allison
Disability Law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

*/s/ Sonja D. Kerr*

Sonja D. Kerr

Opposition to Motion for Substitution of Parites
*N.S. et al v. Anchorage School District*
Case No. 06-35813                                                                                 Page 6

Exhibit A
6 of 12

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

N.S. by and through
His parents, J.S. and R.S.,

    Plaintiffs-Appellees,

Vs.

Anchorage School District,

    Defendant-Appellant.

No. 06-3518

D.C. No. CV-05-0177-A-TMB
District of Alaska, Anchorage

State of Alaska

    Comes now, Jill Simmons, and being first duly sworn, deposes and states:

1. I am the mother of N.S., and make this affidavit of my own personal knowledge.

2. I understand that the Anchorage School District has moved to substitute DLC as the party for N.S. through his parents. I object to this substitution.

3. N.S. continues to attend the Anchorage School District, where he is a seventh grader at Romig Middle School. It is my desire to see this litigation through to completion as N.S. is a young child and I believe this litigation will have a bearing in how the Anchorage School District treats me and my son in the future. Moreover, I am concerned that DLC lacks sufficiently experienced counsel to represent the issues on appeal, including N.S.'s issues and interests.

4. Further, at this time, I am of the belief that I did not sign any representation agreement assigning all fees to DLC as to the "fees on fees" case. I have diligently searched my records for such a representation and have inquired of DLC as to same. Attached as Ex.

A. are true and correct emails from DLC concerning their inability to find such a representation agreement.

5. It is my desire that my son and I remain named parties in this case as it appears that my interest may have become diverse from DLC at this time. As evidence of this, I note that DLC has negotiated with the Anchorage School District as to this matter without my involvement or consent and is unwilling to share said information. Further, it does not appear to me that DLC has any intent to represent N.S.'s interest. It is in N.S.'s interest that Anchorage School District not prevail in this litigation it may well have an adverse interest on N.S.'s interest in the future should I have other disputes with the school district concerning N.S.'s education.

6. Should DLC produce a representation agreement that I signed regarding the "fees on fees" and specific to this situation, I will reconsider my position.

Further, affiant saith not.

Dated this 20th day of November, 2007.

*Jill Simmons* (signature)

Jill Simmons

Subscribed and sworn to before me this 20th day of November, 2007.

*Teresa Holt* (signature)
Notary Public

[Notary Seal: TERESA HOLT, NOTARY PUBLIC, STATE OF ALASKA]

My commission expires:
8/1/2010

## Sonja Kerr

**From:** "David Fleurant" <dfleurant@dlcak.org>
**To:** "Sonja Kerr" <skerr@skerrlaw.com>; "Meg Allison" <mallison@dlcak.org>
**Cc:** "Jill Simmons" <rickjill@alaska.net>
**Sent:** Monday, November 19, 2007 8:56 AM
**Subject:** RE: Representation Agreement

Sonja,

Patti and I have each reviewed the 2+ boxes containing the Simmons material and could not locate a rep agreement for the 'fees on fees' case. I know Meg has also looked without finding such an agreement. She will be back on Wednesday and I can confirm this with her. It would appear that if such an agreement was necessary, you would have executed it with Jill. What is your recollection?

Dave Fleurant
Executive Director
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
907.565.1002
907.565.1000 (fax)
www.dlcak.org

*This e-mail message may contain confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are an addressee in either the "to" or "cc" lines, or have been given prior authorization. If you have received it in error, please call me immediately at 907-565-1002 and ask to speak with Dave Fleurant. You may call collect. Also, I will appreciate your forwarding the message back to me and deleting it from your system.*

---

**From:** Sonja Kerr [mailto:skerr@skerrlaw.com]
**Sent:** Sunday, November 18, 2007 3:11 PM
**To:** David Fleurant; Meg Allison
**Cc:** Jill Simmons
**Subject:** Re: Representation Agreement

Dave,

Thanks. Any idea when that might be? Brad has moved to substitute DLC for Jill in the 9th circuit and we need to respond by Tuesday. I will be sending out our reply by around noon on the 20th. If we don't have the representation agreement by then, I'll just indicate to the Court we are waiting on it. Again, our position is very simple: if Jill did sign a rep agreement for the "fees on fees" case that is one thing- but neither she nor I can find one. Thanks.

Sonja

> ----- Original Message -----
> **From:** David Fleurant
> **To:** Sonja Kerr ; Meg Allison
> **Cc:** Jill Simmons
> **Sent:** Thursday, November 15, 2007 11:55 AM
> **Subject:** RE: Representation Agreement
>
> Sonja,
>   You will be provided copies when the documents are retrieved.
> Dave
>
> **From:** Sonja Kerr [mailto:skerr@skerrlaw.com]


Ex. A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his parents, J.S. and R.S., <br><br> Plaintiff, <br><br> vs. <br><br> ANCHORAGE SCHOOL DISTRICT, <br><br> Defendant. | Case No. A05-0177 CV (TMB) <br><br> O R D E R |

    Plaintiffs filed this action on under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § § 1400 *et seq.*, against the Anchorage School District ("ASD"), and received a favorable ruling at the administrative level. ASD did not appeal the adverse decision of the hearing officer, and Plaintiffs filed this action seeking an award of attorney fees for fees incurred at the administrative level. On August 22, 2006, Judgment was entered in this matter, granting Plaintiff an award of $10,881.67.

    On September 1, 2006, Plaintiffs moved for an award of attorney fees incurred for bringing the action in *this* Court.[1]

    On September 15, 2006, ASD filed a Notice of Appeal, indicating that the underlying award had been appealed to the Ninth Circuit.

    On September 22, 2006, ASD moved this Court to Amend/Correct Judgment, requesting relief from the Judgment under Rule 60(b).

---

[1] This matter has been fully briefed by the parties, and will be addressed by the Court in a separate order.

1

On October 2, 2006, the Disability Law Center ("DLC") moved to intervene.[2] ASD did not oppose intervention, but asked that the involvement of the parents and their counsel be limited accordingly. Plaintiffs N.S. and his parents moved to strike ASD's request that their involvement be limited in any way. In February, 2007, the DLC was permitted to intervene as a plaintiff to protect its interest in any attorney fee awards.[3]

**Relief from Judgment**

ASD requests relief from the Judgment and Order of August 17, 2006, pursuant to F.R.C.P. 60(b), because of a change in law based on two new Ninth Circuit decisions. ASD argues that because both of these new decisions have specific bearing on how district courts are to decide fee disputes in IDEA case, and both were issued after the parties briefed the Court, there was a mistake in the law the Court applied to the decision in this matter.

A notice of appeal was filed in this case one week prior to the Rule 60(b) motion. The filing of an appeal typically strips the district court of jurisdiction over a case.[4] The Ninth Circuit has

---

[2] The DLC represented Plaintiffs in the administrative hearing and, until September 2006, in this proceeding for attorney fees. Attorney Sonja Kerr was employed by the DLC, and represented N.S. at the administrative hearing and before this Court. In September 2006, N.S. engaged Ms. Kerr as private counsel to continue representing N.S. in this proceeding in this Court and before the Ninth Circuit.

[3] The Court finds that it properly considered DLC's Motion to Intervene, because the Motion to Intervene directly related to the issue of attorney fees, over which this Court still has jurisdiction.

[4] *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.")

ORDER

C:\Temp\notes8317B7\305-cv-177.Order2.wpd   2

specifically explained that "[o]nce an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment."[5] *Davis v. Yageo Corp.* outlines the procedure which must be followed if a party wants a district court to entertain and decide a Rule 60(b) motion after notice of appeal is filed. Defendant has not followed this procedure. Accordingly, this Court lacks jurisdiction to consider ASD's Rule 60(b) motion.

### Motion to Strike

Plaintiffs have moved to strike portions of Docket nos. 73 & 74. Pursuant to the analysis above, the issue is moot as to Docket 74. Having previously ruled on the Motion to Intervene, the issue also is moot as to Docket 73.

**IT IS THEREFORE ORDERED:**

The Motion to Amend/Correct Judgment at **Docket 49**, and the Motion to Strike at **Docket 76** are **DENIED** as moot. An Order on the Motion for Attorney Fees at Docket 40 will issue separately.

Dated at Anchorage, Alaska, this 20th day of September, 2007.

                                              s/ Timothy Burgess
                                              Timothy M. Burgess
                                              District Court Judge

---

[5]*Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007), *citing Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir.1986).
ORDER

C:\Temp\notes8317B7\305-cv-177.Order2.wpd    3