# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| N.S., by and through his parents, J.S. and R.S., | ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| ANCHORAGE SCHOOL DISTRICT, | ) ) | |
| Defendant | ) | Case No. A05-0177 CV (JKS) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUESTS

The plaintiff, N.S., a minor, by and through his parents and legal guardians, J.S. and R.S. by counsel, hereby serve the attached answers to Defendants' First Discovery

## INITIAL OBJECTIONS

Plaintiffs object to this Discovery, as to form and substance, to the extent they impose obligations different or more burdensome than those imposed by the Federal Rules of Civil Procedure. Plaintiffs further object to the number of interrogatories in the manner because they actually far exceed the limit of 25 imposed by the Court and the FRCP. Notwithstanding this objection, plaintiffs have responded to the requests to the extent possible given the vagueness of the requests. Further, no attorney/client privilege or work documents shall be produced. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information/documentation. Plaintiffs reserve the right to object to the use of any answer produced to these Requests in any subsequent proceedings or in the trial of this

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

or any other action on any grounds. Plaintiffs reserve the right to object on any ground at any time to a demand for further responses to this Discovery or to further Discovery. Plaintiffs reserve the right at any time to revise, correct, supplement, or clarify any of these responses as discovery and investigation, to the extent necessary, proceeds.

Plaintiffs further object that absolutely contrary to the intent, and purpose of the Individuals with Disabilities Education Act, 20 USC 1400, Defendants are attempting to create a "second litigation."

## PLAINTIFFS' RESPONSE TO REQUESTS

### Request No. 1:

Produce any and all documents that describe any agreement or understanding between plaintiffs and DLC concerning attorney's fees and/or costs in this matter.

### Response No. 1:

Objection by Counsel. Plaintiffs, by counsel, object to this request, as phrased, for the reason that it is overly broad, irrelevant within the context of this particular lawsuit and seeks information outside the scope of Rule 26. Further, it seeks attorney-client privileged information. Further, it seeks discovery of work produce and the mental impressions of counsel in terms of identification of evidence believed to support plaintiffs' contentions. Subject to and without waiving this objection, plaintiffs respond as follows:

Plaintiffs object to said production and advise that a court order would be necessary to release such documents. Plaintiffs have provided as a sample a copy of the standard IDEA representation agreement utilized by DLC in IDEA cases. Ex. A.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002        Fax 907-565-1000
1-800-478-1234

EXHIBIT _B_
Page _2_ of _29_

2

**Request No. 2:**

Produce any and all documents between DLC and plaintiffs that discuss the rates or hours charged by DLC for work in this matter.

**Response No. 2:**

Plaintiffs object to this request on the basis that the request is overly broad, irrelevant and will infringe upon attorney client privilege. Subject to that objection, Plaintiffs advise that a court order would be necessary to release such documents. Plaintiffs have provided a copy of the standard IDEA representation agreement utilized by DLC in IDEA cases. Plaintiff has no knowledge of any other such documents and never received any such documents, other than the representation agreement already discussed in Request No. 1.

**Request No. 3:**

Produce any and all documents showing the daily records of hours of work and the specific work performed by DLC on this matter.

**Response No. 3:**

A copy of the billing records is enclosed and has been previously provided to defense counsel.

**Request No. 4:**

Produce any and all bills, invoices, or other materials sent by DLC to plaintiffs concerning any costs or charges for work performed on this matter.

**Response No. 4:**

Plaintiffs object to this request on the basis that the request is overly broad, irrelevant and will infringe upon attorney client privilege. Subject to that objection,

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Plaintiffs advise that they received copies of the letters to defense counsel indicating the fees and costs and requesting payment of same and that it is not the practice of DLC to "bill" clients.  Plaintiff has no knowledge of any other such documents and never received such documents, other than the final billing and statements as referenced above.

### Request No. 5:

Produce any and all documents sent by plaintiffs to DLC showing payment of any bills or invoices for costs and/or work performed by DLC on this matter.

### Response No. 5:

Plaintiffs object to this request on the basis that the request is overly broad, irrelevant and will infringe upon attorney client privilege. Subject to that objection, Plaintiffs advise that due to the non-profit Protection and Advocacy office nature of DLC, R.S. and J.S. have no knowledge of any such documents as none were sent to DLC.  Plaintiffs did not pay any fees or costs for work performed by DLC on this matter.

### Request No. 6:

Produce any and all documents sent by plaintiffs to DLC concerning or discussing any bills for or the work performed by DLC on this matter.

### Response No. 6:

Plaintiffs object to this request on the basis that the request is overly broad, irrelevant and will infringe upon attorney-client privilege. Subject to that objection, Plaintiffs advise that due to the unique nature of DLC as a nonprofit Protection and Advocacy office, Plaintiffs advise no such documents exist, other than the documents

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT _B_ 4
Page _4_ of _29_

referenced in Request No. 4, 5 and 6 and that Plaintiff otherwise has no knowledge of such documents.

**Request No. 7:**

Produce any and all documents that describe any agreement or understanding between DLC and other parents for legal assistance or representation concerning IDEA matters during the two years prior to the filing of this lawsuit.

**Response No. 7:**

Plaintiffs object to this request on the basis that this request is overly broad and unduly burdensome and would infringe upon the attorney-client relationship of individuals not parties to this suit. Subject to that objection, DLC Counsel advises that prior to August of 2004, DLC utilized a general representation agreement for all clients, including IDEA clients as well as an advocacy representation agreement. Copies of blank versions of those documents are enclosed. As of September 2004, a new IDEA representation agreement was developed and a copy of that blank agreement is enclosed. As of July 2005, given the reauthorization of the IDEA, a revised version of the IDEA representation agreement was developed and a copy of that blank agreement is enclosed. Ex. B.

Plaintiff is aware only of the representation agreement previously referenced and which Plaintiff objects to disclosing on the basis of attorney-client privilege.

**Request No. 8:**

Produce any and all documents provided by DLC to parents during the two years prior to the filing of this lawsuit that describe or provide information about the costs or charges by DLC for legal assistance or representation in any IDEA matters.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234 · Fax 907-565-1000

**Response No. 8:**

Counsel advises that no information is provided as to costs and charges by DLC for legal assistance. Plaintiff has no knowledge of any such documents and never received such documents.

**Request No. 9:**

Produce any and all documents prepared by DLC during the two years prior to the filing of this lawsuit requesting or demanding that a local education agency pay to DLC attorney's fees and/or costs incurred in any IDEA matter.

**Response No. 9:**

Plaintiffs object to this request on the basis of relevancy and infringement of attorney-client relationship of individuals not party to this suit. Subject to that objection, counsel Sonja Kerr is not aware of any specific written demands prior to summer 2004 although informal agreements may have been reached through settlement or mediation. Since summer 2004, written demands have been made to various school districts requesting payment for attorneys fees either in mediation or informal settlement arrangements which counsel believes are generally protected by confidentiality and attorney-client privilege of other clients. However, in response to Request No. 9, hearing numbers are provided for those cases involving attorney fees, however counsel objects to releasing these documents because the attorney fees were mediated and subject to confidentiality. Subject to those objections, attached are documents with names deleted regarding demands for attorneys fees which counsel believes may be provided without violating any specific mediation or confidentiality agreements.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002     Fax 907-565-1000
1-800-478-1234

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT $\mathcal{B}$    6

Page ___6___ of __25__

Defense counsel, Bradley Owens, should have copies of all pleadings in the matters listed below where the matter involved the Anchorage School District.

1. DEED Complaint No. 04-06.

2. DEED Hearing No. 05-09a.

3. DEED Hearing No. 05-20.

4. DEED Hearing No. 05-18.

5. DEED Hearing No. 05-10.

6. DEED Hearing No. 05-27.

7. DEED Hearing No. 05-08 (identifying information deleted).

8. Noon v. State of Alaska, 2005 WL 2414994 (D. Alaska 2005), which DLC is counsel of record.

**Request No. 10:**

Produce any and all documents received by DLC in response to the requests or demands described in Request No. 9 above.

**Response No. 10.**

Counsel maintains its objection as stated in Response No. 9. However, in response to Request No. 10, hearing numbers are provided for those cases involving attorney fees, however counsel objects to releasing these documents because the attorney fees were mediated and subject to confidentiality. Subject to those objections, attached are documents with names deleted regarding demands for attorneys fees which counsel believes may be provided without violating any specific mediation or confidentiality agreements. Defense counsel, Bradley Owens, should have copies of all pleadings in the matters listed below where the matter involved the Anchorage School District.

1. DEED Complaint No. 04-06.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

2. DEED Hearing No. 05-09a.

3. DEED Hearing No. 05-20.

4. DEED Hearing No. 05-18.

5. DEED Hearing No. 05-10.

6. DEED Hearing No. 05-27.

7. DEED Hearing No. 05-08 (identifying information deleted).

8. Noon v. State of Alaska, 2005 WL 2414994 (D. Alaska 2005), which DLC is counsel of record.

Plaintiff has no knowledge of such documents.

**Request No. 11:**

Produce any and all documents of any other lawsuits filed by DLC to recover attorney's fees and/or costs in any IDEA matter during the period beginning two years prior to the filing of this lawsuit through the present.

**Response No. 11:**

Counsel objects as overly broad and vague, but subject to that objection, DLC counsel has not filed any lawsuits solely for the express purpose of recovery of attorneys' fees and costs for representation of a student who prevailed in an IDEA proceeding during the period beginning July 2005, except this lawsuit. DLC counsel are awaiting determination of attorney fees award in *Noon v. Alaska*, 2005 WL 2414994 (D. Alaska 2005) as a result of a partial settlement in that class action case.

**Request No. 12.**

Produce any and all written policies, procedures, or practices followed by DLC concerning the recording, accrual, billing, and/or payment of attorney's fees and/or costs by parents in IDEA matters.

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT B    8

Page 8 of 29

**Response No. 12:**

Counsel advises that DLC does not charge parents attorneys fees or costs and thus has no written policy regarding same. Plaintiff has no knowledge about any attorney fees being charged other than in the instant matter.

**Request No. 13.**

Describe specifically the billing system used by DLC in IDEA matters, including how hours are recorded for work performed by DLC and when bills are sent to parents for that work.

**Response No. 13.**

Counsel advises that DLC utilizes the Timeslips billing system for tracking the time of attorneys, law clerks, paralegals, and advocates who work with parents of children with disabilities. Hours are generally recorded by computer by a running "clock" system. DLC does not send bills to parents of children entitled to IDEA services. Plaintiff has no specific knowledge of the billing system.

**Request No. 14.**

Describe specifically how each timekeeper records the hours of work performed on IDEA matters, how often that is done, and where the hours are recorded.

**Response No. 14.**

Counsel advises that each timekeeper is requested to record name, date, work performed, on the computer with identification of services performed. Timekeeping is done on a daily basis as much as feasible. A sample enclosed. Plaintiff has no knowledge of the timekeeping system.

**Request No. 15.**

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234   Fax 907-565-1000

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

Describe specifically how and where each timekeeper records the hours of work performed on IDEA matters and how they are stored or maintained after the hours are recorded.

**Response No. 15:**

Counsel objects to this request as irrelevant. Plaintiff has no knowledge.

**Request No. 16.**

Describe specifically when and how bills for the hours of work performed by DLC on IDEA matters are prepared and sent to parents.

**Response No. 16:**

Counsel objects to this request as irrelevant. Plaintiff has no knowledge of such documents and never received a bill, although Plaintiff was aware of and agreed to the instant fees petition and complaint.

**Request No. 17.**

Identify the person at DLC who is responsible for preparing and sending bills for attorney's fees and/or costs to parents in IDEA matters

**Response No. 17:**

Counsel objects to this request as irrelevant. Maintaining that objection, Counsel advises that bills are not sent to parents but parents are aware that a fees petition may follow a special education due process hearing based on the general IDEA representation agreement. Plaintiff has no knowledge of such documents and never received a bill, although Plaintiff was aware of the fees petition and complaint.

**Request No. 18.**

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

Describe whether DLC obtains approval from parents prior to incurring hours for attorney's fees and/or costs in IDEA matters and, if so, specifically describe the process used to obtain approval.

**Response No. 18.**

Counsel objects based upon attorney-client, and as irrelevant. Subject to that objection, Counsel advises that the representation agreement serves as approval.

**Request No. 19.**

Produce any and all documents that involve or show any prior approval as described in Request No. 18 above concerning the work performed by DLC for plaintiffs in this matter.

**Response No. 19:**

Plaintiff's approval was given through the representation agreement and Plaintiff has no knowledge of any other such documents.

**Request No. 20:**

If DLC has a procedure or practice that involves review of the amount or type of work performed in IDEA matters to determine whether such work is necessary or appropriate, describe specifically what the procedure or practice is and who is involved in such review.

**Response No. 20:**

Plaintiffs' response is that Plaintiff has no knowledge of any such procedure or practice. Counsel asserts that DLC does not have a specific procedure or practice to

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234.    Fax 907-565-1000

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT _B_    11

review the amount or type of work performed in IDEA matters to determine whether such work is necessary or appropriate.

**Request No. 21:**

If a review procedure or practice is used by DLC as described in response to Request No. 20 above, describe specifically whether and when it was utilized in this matter and why for each instance.

**Response No. 21:**

See No. 20.

**Request No. 22:**

Produce any and all documents that involve or show any review of the work performed in this matter as described in response to Request No. 21 above.

**Response No. 22:**

See No. 20.

**Request No. 23.**

Describe specifically whether any hours for attorney's fees and/or costs incurred in this matter were either not billed, were waived, or payment delayed or forgiven by DLC and, if so, explain the reasons for each and every instance.

**Response No. 23:**

Plaintiffs' response is that Plaintiffs did not receive a bill but did review the final billing as the matter was filed in this Court and otherwise claims attorney-client

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT $B$ 12

Page 12 of 29

privilege or lack of knowledge. Counsel's response is that DLC did not bill nor has

DLC demanded any specific costs for the following: paralegal time, copying, faxing,

courier.

**Request No. 24.**

Describe specifically all facts on which plaintiffs rely in contending that they

substantially prevailed in this matter.

**Response No. 24:**

Counsel objects as this calls for a legal conclusion. Subject to that objection,

Plaintiffs respond that Defendant should refer to the IHO's decision and enforcement

order of IHO after decision. Subject to same, Plaintiffs responds that N.S. received

compensatory services as well as transportation services as a result of the hearing

decision. Also, parents of N.S. received compensation in the amount of $1,012. This

would not have happened but for the hearing decision and the assistance of DLC as

Plaintiffs had tried to enforce the two earlier complaint decisions through writing DEED

without success. Plaintiffs substantially prevailed because the IHO issued an order

directing the school to provide services in accordance with the corrective action by

DEED and specifically ordered payment for transportation and aide time privately

provided by Plaintiff.

**Request No. 25:**

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
1-800-478-1234    907-565-1002    Fax 907-565-1000

Produce any and all documents showing any complaints that plaintiffs' counsel, Sonja Kerr, has filed in other jurisdictions during the five-year period prior to moving to Alaska.

**Response No. 25:**

Plaintiffs' response is that Plaintiffs do not know. Counsel's response and subject to objection is that this request as to the term "complaint" is overly broad and therefore counsel is unable to answer. Subject to that objection, attached is a list of IDELR published special education due process hearings and court cases filed since June of 1999.

Dated in Anchorage Alaska this 4th day of November, 2005.

Disability Law Center of Alaska

By: _Sonja DK_
Sonja D. Kerr
Alaska Bar #0409051

I, Sonja D. Kerr, as Counsel for Plaintiffs in this matter certify that the statements as to legal objections contained herein in response to Defendant's First Discovery Request are true and accurate to the best of my knowledge.

_Sonja D. Kerr_
Sonja D. Kerr

_Cynthia O. Coleman_
Scribed and sworn to before me
this 4th day of November, 2005.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234   Fax 907-565-1000

Plaintiffs' Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

EXHIBIT B
Page 14 of 29

14

I, Jill Simmons, a Plaintiff in this matter, certify that the statements contained herein in response to Defendant's First Discovery Request are true and accurate to the best of my knowledge.

Dated this 4th day of November, 2005.

_Jill Simmons_
Jill Simmons

Subscribed and sworn to before me
this 4th day of November, 2005.

Certificate of Service
The undersigned certifies that on the
4th day of November, 2005, a true and
correct copy of the foregoing was served
by ~~fax and first class mail~~ hand delivery on the following:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

_Meg Allison_
Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

Plaintiff's Response to Defendant's First Discovery Requests
Case No. A05-0177 CV (JKS)

15

EXHIBIT 3
Page 15 of 29



**ANCHORAGE**

3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

MEMBER·OF·THE
N A T I O N A L
ASSOCIATION·OF
P R O T E C T I O N · &
A D V O C A C Y
S Y S T E M S



# AGREEMENT FOR LEGAL REPRESENTATION
# IDEA CASES

## I. AUTHORIZATION

**[Insert: Student's Name, parents names]** (hereinafter "Client") and the Disability Law Center of Alaska, Inc. agree to the terms and conditions contained in this Agreement for Legal Representation. Client requests the Disability Law Center of Alaska to provide the following legal services:

> **[Insert claim and identify complaint or due process hearing or lawsuit ] and any related matters under federal laws consistent with same as determined by judgment of counsel.**

*This agreement does not cover appeals from administrative hearing decisions or court judgments unless specified as a service to be provided in this section. Legal services for appeals or any other matters not expressly indicated above are new matters. Client may apply for legal assistance for new matters, but the Disability Law Center of Alaska is not obligated to provide such additional services under this agreement.*

## II. DISABILITY LAW CENTER OF ALASKA'S DUTIES

### A.    Services

1.   The Disability Law Center of Alaska will provide legal services only on the matter indicated above.   The agency's obligations under this agreement terminate at the completion of the services indicated above or at the time of a termination of its representation as provided in Section VI below.

2.        The person handling Client's case will be an attorney, except for those instances where the attorney delegates duties as permitted by the rules of professional responsibility, to a non-attorney. In all cases, however, an attorney will supervise the handling of Client's case.

3.    The Disability Law Center of Alaska staff may review Client's case with advocates and attorneys from local and national support centers that provide information and/or co-counsel in relevant areas of law.  The Disability Law Center may also review Client's case with other knowledgeable special education attorneys without disclosure of identifying information in order to obtain information and assistance. By signing this agreement, Client consents to such consultation and co-counseling as may be needed in Client's case.

**B.    Communication**

1.    As required by Rule 1.4 of the Alaska Rules of Professional Conduct, Disability Law Center of Alaska staff will communicate with Client to the extent reasonably necessary to permit Client to make informed decisions regarding the representation and to alert Client to important developments.  Staff members will keep Client reasonably informed about the status of Client's case and will promptly comply with Client's reasonable requests for information.  In most cases, staff will attempt to respond to Client within 48 hours of a contact. If Client is awaiting a response from Staff and is contacted by the School District, Client agrees to simply advise School District that Client is attempting to reach counsel.

2.    All documents provided to the Disability Law Center of Alaska by Client or prepared on a Client's behalf will be returned to Client on request, but the agency may make and keep copies of all documents.

3.    All communications between the Disability Law Center of Alaska staff and Client will be kept confidential, consistent with agency policy and the Alaska Rules of Professional Conduct.

**C.    Client Trust Account**

All money transactions involved in Client's case will be processed through the Disability Law Center of Alaska's Client Trust Account.  Funds received from Client will be placed in an interest-bearing trust account.  At the close of Client's case, money remaining in the trust account, excluding any interest earned will be returned to Client.

### III.    CLIENT'S RIGHTS AND DUTIES

**A.    Client Rights**

I understand that I have the right to competent legal representation consistent with the Alaska Rules of Professional Conduct applicable to attorneys.  Among the rights I have are the following:

1. The right to determine the ultimate goal of the representation and to be consulted about the means of achieving that goal;

2. The right to be informed about settlement offers and to decide whether or not to accept an offer of settlement, within the terms outlined in Section IV.

3. The right to have information relating to my representation kept confidential (even after termination of this agreement) unless disclosure of such information by the Disability Law Center Of Alaska is implicitly authorized in order to carry out the representation or otherwise required by law or the Alaska Rules of Professional Conduct.

4. The right to be kept reasonably informed about the status of my case and to have my case explained to me in such a way as to enable me to make informed decisions with regard to it.

**B.    Cooperation**

Client will cooperate fully with the Disability Law Center of Alaska staff in the preparation and handling of Client's case.

For purposes of a due process hearing, cooperation includes:

1. Answering all questions asked by DLC staff.
2. Providing all information and papers requested by DLC staff.
3. Attending meetings, including school meetings, IEP meetings, resolution meetings, mediations.
4. Attending prehearings, hearings and testifying when requested by staff.

For purposes of a complaint with DEED, OCR, Alaska Human Rights Commission or other agencies, cooperation includes:

1. Answering all questions asked by DLC staff.
2. Providing all information and papers requested by DLC staff.
3. Responding to inquiries of the investigating agency.
4. Appearing at scheduled appointments, and meetings.
5. Consulting with DLC staff before accepting any settlement offer.

**C.    Communication**

1. Client will respond to phone calls and correspondence from staff members on a timely basis. Client will timely inform the Disability Law Center of Alaska staff of all changes of Client's address and telephone number and of where Client can be reached during normal business hours.

2. Client has requested the Disability Law Center of Alaska to be Client's representative and to act as an intermediary with opposing parties and their attorneys. Effective representation

EXHIBIT __B__
Page __18__ of __29__

requires that represented parties communicate through their attorneys unless direct communication has been authorized by opposing counsel. If an opposing party or attorney contacts Client in person without prior authorization by Disability Law Center of Alaska staff, Client will not communicate with them and will immediately notify the Disability Law Center of Alaska staff.

**D.     Payments**

1. Client is responsible for and is required to pay litigation costs [the costs of pursuing the matter that is the subject of this Agreement]. Such costs include but are not limited to:

> subpoenas, witness fees, expert witness fees and costs, costs for copies of documents charged by other agencies or organizations such as hospitals, doctors, state agencies, or schools.

Client may be requested to reimburse Disability Law Center of Alaska for any expenses it may have paid or may be required to pay.

2. If Disability Law Center of Alaska advances Client any litigation costs, such costs are to be deducted from any settlement or hearing officer decision received by Client. If Disability Law Center of Alaska advances Client any litigation costs and Client does not recover anything by settlement or hearing officer decision Disability Law Center of Alaska may waive Client's responsibility for all costs advanced.

3. Disability Law Center of Alaska will accept personal checks, cash or money orders. Disability Law Center of Alaska will always provide Client with a receipt for all money transactions.

## IV.     ATTORNEY FEES

**A.     Attorney Fees Claim**

1. Disability Law Center of Alaska does not charge any Client attorney fees. In some types of cases, however, the law provides that a client may make a claim against the opposing party - the person or business sued - for the client's attorney fees. It is a claim for additional money that a client has only if he is represented by an attorney. Client's case is one in which the law provides for an attorney's fee claim against the opposing party.

2. By signing this agreement, Client agrees to pay Disability Law Center of Alaska from any money Client recovers as a result of this Agreement, a reasonable fee of $225.00 per hour of attorney time for Sonja D. Kerr; $95.00 per hour of law clerk time, and, if appropriate, $65.00 per hour of legal advocate time and, $35.00 per hour of clerk time. Client also agrees that the reasonable fee for this matter is the reasonable hourly rate times the number of hours reasonably expended on Client's behalf. Disability Law Center of Alaska agrees that Client is not personally liable for the debt this agreement creates. Client is not required to pay any

money to Disability Law Center of Alaska from Client's personal funds or property, or from any funds Client obtains as compensatory relief in this matter. In satisfaction of the debt, Disability Law Center of Alaska may accept only monies received as attorney fees from an opposing party. By signing this agreement, Client assigns Client's claim for attorney fees to Disability Law Center of Alaska, Client also authorizes Disability Law Center of Alaska to apply for a fee award on Client's behalf, and to accept and keep any fee awarded by a court or paid by an opposing party in settlement of a Client's fee claim.

**B.    Formula for Determining Fees in Settlement**

1. Very often, a special education dispute is settled without ever going to a due process hearing. Damages are generally not recoverable through a due process hearing. However, parents may seek and recover reimbursement for costs incurred to educate their child. Reimbursement payments for education costs are separate from attorneys fees.

2. Sometimes the opposing party will attempt to offer a settlement amount that divides a flat amount of money between the amount that goes to Client and the amount that goes to Disability Law Center of Alaska. The opposing party may want to divide the settlement in a certain way for its own reasons. Neither Client nor Disability Law Center of Alaska is required to agree to the division the opposing party wants to make.

3. Nothing in this section or in this agreement affects the right of Client to decide whether to make or accept an offer of settlement. This section does, however, require Client to divide any settlement accepted in the manner described below.

4. By signing this agreement, Client and Disability Law Center of Alaska agree that any settlement agreement will cover and reimburse any litigation costs advanced by the Disability Law Center of Alaska and reasonable attorneys' fees .

**C.    Notification that Fees May Be Imposed For Frivolous Claims.**

Clients are hereby notified that the IDEA (effective July 1, 2005) now states:

"In any action or proceeding brought under the IDEA, the court, in its discretion, may award reasonable attorneys fees as part of the costs to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable or without foundation or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable or without foundation;

and

"to a prevailing State educational agency or local educational agency against the attorney of a parent or against the parent, if the parent's complaint or subsequent cause of

action was presented for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation."

Clients are hereby notified that due to the this new provision, DLC reserves the right to withdraw if the action would be frivolous or if the litigation becomes frivolous,unreasonable or without foundation.

Client Initial Here: _____

## V. SETTLEMENT OF THE CASE

The attorney may take all necessary and appropriate actions consistent with the Alaska Rules of Professional Conduct in providing legal services to Client, including, but not limited to, entering into settlement negotiations. Any settlement, however, must be approved by Client. Client authorizes Disability Law Center of Alaska to receive, on behalf of Client, checks or other forms of payment made in satisfaction of Client's claims, whether by settlement or judgment. Client agrees that approval of any IEP, in the context of settlement, will not be done without discussion with Disability Law Center.

## VI. TERMINATION OF REPRESENTATION

### A.    The Disability Law Center of Alaska's Right to Withdraw

The Disability Law Center of Alaska may close Client's case, withdraw from the case, or dismiss the case, as may be appropriate under the circumstances, and as may be consistent with the Alaska Rules of Professional Conduct and Alaska Rule of Civil Procedure 81 (d), if:

1.  The Disability Law Center of Alaska has completed the services it has agreed to provide or has reasonably determined that further representation would not benefit Client;

2.  Client violates any of the duties in Section III;

3.  The Disability Law Center of Alaska is not able to contact Client despite reasonable efforts;

4.  Client indicates an intention to give false testimony or is found to have misrepresented or concealed facts concerning the case;

5.  Client directs the Disability Law Center of Alaska staff to file any paper, or insists on advancing any claim or defense, which the Disability Law Center of Alaska attorney responsible for the case, directly or by supervision of an advocate, reasonably believes the action will subject the attorney to sanctions;

6.  Client refuses to obey a hearing officer order, which the Disability Law Center of Alaska staff has advised Client to obey;

7.  The circumstances upon which Client was accepted as a Client by the Disability Law Center of Alaska change significantly;

8.  The Disability Law Center of Alaska experiences a sharp decrease or termination of funding (Disability Law Center of Alaska funding is uncertain).

The Disability Law Center of Alaska agrees to take reasonable steps to ensure that Client's position is not prejudiced by any such withdrawal, but is not obligated to seek substitute counsel should Client wish to pursue the matter further.

**B.    Client's Right To Discharge The Disability Law Center Of Alaska**

Client may request that the Disability Law Center of Alaska stop all further legal assistance to Client and to withdraw from the case. It is appreciated if such a request is made in writing to the attorney assigned to the case, with a copy to the Executive Director. If Client so requests, Disability Law Center of Alaska will comply with Client's request in a manner consistent with the Alaska Rules of Professional Conduct.

## VII. GRIEVANCES

If Client has a complaint regarding the manner or quality of services being provided by a Disability Law Center of Alaska staff member, Client may ask for a grievance form and complain to the Executive Director. If Client is not satisfied with the disposition of the grievance by the Executive Director, Client may file a grievance to the Disability Law Center of Alaska Board of Directors.

## VIII. MISCELLANEOUS

1.    The mutual promises made in this Agreement by and between the Disability Law Center of Alaska and Client are made in consideration of one another. All parties have read and understand this Agreement.

2.    If any part of this Agreement is found invalid or unenforceable, that part of the Agreement shall be severed from the rest, and the rest shall be enforced.

3    By entering into this agreement, the Disability Law Center makes no representations about the likelihood of success in the matter.

_____
(Disability Law Center staff's signature)

_____(Client's Signature)

_____
DATE
E:\FORMS\ADVAGR2.DOC

_____
DATE



**DISABILITY
LAW CENTER
O · F · A L A S K A**

ANCHORAGE

3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

# AGREEMENT FOR LEGAL REPRESENTATION

## I. AUTHORIZATION

_____, (hereinafter "Client") and the Disability Law Center of Alaska, Inc. agree to the terms and conditions contained in this Agreement for Legal Representation. Client requests the Disability Law Center of Alaska to provide the following legal services:

_____

_____

_____

_____

_____

_____

*This agreement does not cover appeals from administrative hearing decisions or court judgments unless specified as a service to be provided in this section. Legal services for appeals or any other matters not expressly indicated above are new matters. Client may apply for legal assistance for new matters, but the Disability Law Center of Alaska is not obligated to provide such additional services under this agreement.*

## II. DISABILITY LAW CENTER OF ALASKA'S DUTIES

**A.    Services**

1. The Disability Law Center of Alaska will provide legal services only on the matter indicated above. The agency's obligations under this agreement terminate at the completion of the services indicated above or at the time of a termination of its representation as provided in Section VI below.

2. The person handling Client's case may or may not be an attorney. In all cases, however, an attorney will supervise the handling of Client's case.

3. The Disability Law Center of Alaska staff may review Client's case with advocates and attorneys from local and national support centers that provide information and/or co-counsel in relevant areas of law. By signing this agreement, Client consents to such consultation and co-counseling as may be needed in Client's case.



M E M B E R · O F · T H E
N A T I O N A L
A S S O C I A T I O N · O F
P R O T E C T I O N · &
A D V O C A C Y
S Y S T E M S

EXHIBIT _B_
Page _23_ of _29_

**B.    Communication**

1.    As required by Rule 1.4 of the Alaska Rules of Professional Conduct, Disability Law Center Of Alaska staff will communicate with Client to the extent reasonably necessary to permit Client to make informed decisions regarding the representation and to alert Client to important developments.    Staff members will keep Client reasonably informed about the status of Client's case and will promptly comply with Client's reasonable requests for information.

2.    All documents provided to the Disability Law Center of Alaska by Client or prepared on a Client's behalf will be returned to Client on request, but the agency may make and keep copies of all documents.

3.    All communications between the Disability Law Center of Alaska staff and Client will be kept confidential, consistent with agency policy and the Alaska Rules of Professional Conduct.

**C.    Client Trust Account**

All money transactions involved in Client's case will be processed through the Disability Law Center of Alaska's Client Trust Account.    Funds received from Client will be placed in an interest-bearing trust account.    At the close of Client's case, money remaining in the trust account, excluding any interest earned will be returned to Client.

### III.    CLIENT'S RIGHTS AND DUTIES

**A.    Client Rights**

I understand that I have the right to competent legal representation consistent with the Alaska Rules of Professional Conduct applicable to attorneys.    Among the rights I have are the following:

1.    The right to determine the ultimate goal of the representation and to be consulted about the means of achieving that goal;
2.    The right to be informed about settlement offers and to decide whether or not to accept an offer of settlement, within the terms outlined in Section IV.
3.    The right to have information relating to my representation kept confidential (even after termination of this agreement) unless disclosure of such information by the Disability Law Center Of Alaska is implicitly authorized in order to carry out the representation or otherwise required by law or the Alaska Rules of Professional Conduct.
4.    The right to be kept reasonably informed about the status of my case and to have my case explained to me in such a way as to enable me to make informed decisions with regard to it.

EXHIBIT  _B_

Page _24_ of _29_

**B.    Cooperation**

Client will cooperate fully with the Disability Law Center of Alaska staff in the preparation and handling of Client's case.  Cooperation includes:

- answering questions asked by the staff;
- providing all information and papers requested by the staff;
- attending scheduled appointments;
- answering interrogatories;
- appearing at depositions and hearings and testifying when requested by staff; and
- consulting with the staff before accepting a settlement offer.

**C.    Communication**

1.  Client will respond to phone calls and correspondence from staff members on a timely basis. Client will timely inform the Disability Law Center of Alaska staff of all changes of Client's address and telephone number and of where Client can be reached during normal business hours.

2.  Client has requested the Disability Law Center of Alaska to be Client's representative and to act as an intermediary with opposing parties and their attorneys.  Effective representation requires that represented parties communicate through their attorneys unless direct communication has been authorized by opposing counsel.  If an opposing party or attorney contacts Client in person without prior authorization by Disability Law Center of Alaska staff, Client will not communicate with them and will immediately notify the Disability Law Center of Alaska staff.

**D.    Payments**

1.  Client is responsible for and is required to pay litigation costs [the costs of pursuing the matter that is the subject of this Agreement].  Such costs include but are not limited to:

    filing fees, deposition costs, subpoenas, witness fees, court-ordered social studies, psychologicals, attorney ad litem fees, blood-test expenses, and costs for copies of documents charged by other agencies or organizations such as hospitals, doctors, state agencies, or schools.

    Client may be requested to reimburse Disability Law Center of Alaska for any expenses it may have paid or may be required to pay.

2.  If Disability Law Center of Alaska advances Client any litigation costs, such costs are to be deducted from any settlement or court judgment received by Client. If Disability Law Center of Alaska advances Client any litigation costs and Client does not recover anything by settlement or court judgment, Disability Law Center of Alaska will waive Client's responsibility for all costs advanced.

EXHIBIT _B_
Page _25_ of _29_

3. Disability Law Center of Alaska will determine whether to prepare and file the lawsuit with a request that the court waive the filing fee. If the court declines to waive the fee, Client will be responsible for the filing fee.

4. Disability Law Center of Alaska will accept personal checks, cash or money orders. Disability Law Center of Alaska will always provide Client with a receipt for all money transactions.

5. Client may be liable for costs, fees or expenses of the opposing party if Client is not the prevailing party.

## IV.    ATTORNEY FEES

### A.    Attorney Fees Claim

1. Disability Law Center of Alaska does not charge any Client attorney fees. In some types of cases, however, the law provides that a client may make a claim against the opposing party - the person or business sued - for the client's attorney fees. It is a claim for additional money that a client has only if he is represented by an attorney. Client's case is one in which the law provides for an attorney's fee claim against the opposing party.

2. By signing this agreement, Client agrees to pay Disability Law Center of Alaska from any money Client recovers as a result of this Agreement, a reasonable fee of $____ per hour of attorney time and, if appropriate, $____ per hour of legal advocate time and, $____ per hour of clerk time. Client also agrees that the reasonable fee for this matter is the reasonable hourly rate times the number of hours reasonably expended on Client's behalf. Disability Law Center of Alaska agrees that Client is not personally liable for the debt this agreement creates. Client is not required to pay any money to Disability Law Center of Alaska from Client's personal funds or property, or from any funds Client obtains as compensatory relief in this matter. In satisfaction of the debt, Disability Law Center of Alaska may accept only monies received as attorney fees from an opposing party. By signing this agreement, Client assigns Client's claim for attorney fees to Disability Law Center of Alaska, Client also authorizes Disability Law Center of Alaska to apply for a fee award on Client's behalf, and to accept and keep any fee awarded by a court or paid by an opposing party in settlement of a Client's fee claim.

### B.    Formula for Determining Fees in Settlement

1. Very often, a lawsuit is settled without ever going to trial in a court. If there is a settlement and Client's case is a type of case that has an attorney fees claim, part of the settlement money paid will result from the attorney fees claim which Client has assigned to Disability Law Center of Alaska.

4

2. Since, in most settlements, the court will not be involved, the court will not decide how much of the settlement should go to attorney fees. Sometimes the opposing party whom Client has sued will try to divide the settlement money between the amount that goes to Client and the amount that goes to Disability Law Center of Alaska. The opposing party may want to divide the settlement in a certain way for its own reasons. Neither Client nor Disability Law Center of Alaska is required to agree to the division the opposing party wants to make.

3. Nothing in this section or in this agreement affects the right of Client to decide whether to make or accept an offer of settlement. This section does, however, require Client to divide any settlement accepted in the manner described below.

4. By signing this agreement, Client and Disability Law Center of Alaska agree that any settlement offered or paid by the opposing party or parties, no matter how the opposing party or parties divide the money or make out the checks, will be treated as one lump-sum payment. After deducting litigation costs advanced by the Disability Law Center of Alaska, the lump sum will be divided between Client and Disability Law Center of Alaska as follows:

    (a) 33 1/3% (thirty-three and one-third percent) of the award, provided it is resolved prior to trial, after which the fee would be computed at 40% (forty percent) of the award; OR

    (b) the full amount of the reasonable attorneys' fees as described above in Section IV a 2.

## V. SETTLEMENT OF THE CASE

The attorney may take all necessary and appropriate actions consistent with the Alaska Rules of Professional Conduct in providing legal services to Client, including, but not limited to, entering into settlement negotiations. Any settlement, however, must be approved by Client. Client authorizes Disability Law Center of Alaska to receive, on behalf of Client, checks or other forms of payment made in satisfaction of Client's claims, whether by settlement or judgment.

## VI. TERMINATION OF REPRESENTATION

### A.    The Disability Law Center of Alaska's Right to Withdraw

The Disability Law Center of Alaska may close Client's case, withdraw from the case, or dismiss the case, as may be appropriate under the circumstances, and as may be consistent with the Alaska Rules of Professional Conduct and Alaska Rule of Civil Procedure 81 (d), if:

1. The Disability Law Center of Alaska has completed the services it has agreed to provide or has reasonably determined that further representation would not benefit Client;

2. Client violates any of the duties in Section III;

5

EXHIBIT B
Page 27 of 29

3.  The Disability Law Center of Alaska is not able to contact Client despite reasonable efforts;

4.  Client indicates an intention to give false testimony or is found to have misrepresented or concealed facts concerning the case;

5.  Client directs the Disability Law Center of Alaska staff to file any paper, or insists on advancing any claim or defense, which the Disability Law Center of Alaska attorney responsible for the case, directly or by supervision of an advocate, reasonably believes the action will subject the attorney to sanctions;

6.  Client refuses to obey a court order, which the Disability Law Center of Alaska staff has advised Client to obey;

7.  The circumstances upon which Client was accepted as a Client by the Disability Law Center of Alaska change significantly;

8.  The Disability Law Center of Alaska experiences a sharp decrease or termination of funding (Disability Law Center of Alaska funding is uncertain).

The Disability Law Center of Alaska agrees to take reasonable steps to ensure that Client's position is not prejudiced by any such withdrawal, but is not obligated to seek substitute counsel should Client wish to pursue the matter further.

**B.    Client's Right To Discharge The Disability Law Center Of Alaska**

Client may request that the Disability Law Center of Alaska stop all further legal assistance to Client and to withdraw from the case. If Client so requests, Disability Law Center of Alaska will comply with Client's request in a manner consistent with the Alaska Rules of Professional Conduct.

## VII. GRIEVANCES

If Client has a complaint regarding the manner or quality of services being provided by a Disability Law Center of Alaska staff member, Client may ask for a grievance form and complain to the Executive Director. If Client is not satisfied with the disposition of the grievance by the Executive Director, Client may file a grievance to the Disability Law Center of Alaska Board of Directors.

## VIII. MISCELLANEOUS

1.  The mutual promises made in this Agreement by and between the Disability Law Center of Alaska and Client are made in consideration of one another. All parties have read and understand this Agreement.

6

EXHIBIT 3 B
Page 28 of 29

2.  If any part of this Agreement is found invalid or unenforceable, that part of the Agreement
    shall be severed from the rest, and the rest shall be enforced.

_____            _____
(Disability Law Center staff's signature)        (Client's signature)

_____            _____
DATE                                        DATE

E:\FORMS\ADVAGR2.DOC

7