SONJA D. KERR (AK BAR No. 040951)
KERR LAW OFFICE
1205 E. International Airport Road, Suite 104
Anchorage, Alaska 99518
Tel: 907-561-2222
Email: skerr@skerrlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| N.S., by and through his Parents, J.S. and R.S., ) ) | |
| Plaintiffs ) | |
| ) | |
| Vs. ) | Case No. A05-0177 CV (TMB) |
| ) | |
| Anchorage School District, ) | |
| Defendant ) | |
| _____) | |

**PLAINTIFF N.S.' RESPONSE TO MOTION FOR INTERPLEADER BY ASD**

Anchorage School District (hereafter, "ASD") has filed a motion to interplead the fees in this matter and the Disability Law Center of Alaska, (hereafter, "DLC") supports the motion. The original plaintiffs in this matter, N.S., by and through his parents, J.S. and R.S., remain plaintiffs in this action. ASD appealed a fee award and a "fees on fee" award to the Ninth Circuit. Thereafter, ASD and DLC, without the permission of N.S., J.S. and R.S., settled the 'fee award' and apparently also the "fees on fee" award. N.S., by J.S. and R.S. requests the Court order clarify its determination of the award of fees at Doc. 89 to DLC, in light of Alaska law which provides that attorneys' fees and decisions about settlement of claims belong to the client, not the attorney.

I.  **FEES MUST BE AWARDED TO N.S. ABSENT EXPLICIT WAIVER.**

While this case was pending in the Ninth Circuit, the ASD moved, and DLC supported, a complete substitution of parties – that is completely substituting DLC for N.S., J.S. and R.S. The Ninth Circuit refused this motion, noting that substitution under

N.S. v. ASD, et al                                                                                                               1
Response to ASD Motion for Interpleader

Rule 43(b) is appropriate only where "necessary" and "just" and not appropriate where the parties' interests "may differ." *February 1, 2008 Order of the Ninth Circuit attached herein as Ex. A.* As the Ninth Circuit has found that the interests of DLC and N.S., J.S. and R.S. "may differ," the Court cannot presume an assignment of the "fees on fees" award by J.S. to DLC. DLC apparently concedes that there is no representation agreement that specifically addresses the "fees on fees" issue. DLC Memo at pg. 2.

Instead, DLC now claims that their former client, N.S., by J.S., has "waived" her right to any portion of the "fees on fees" award by a comment in Doc. No. 72. The quotation from Doc. No. 72 is taken out of context. The full quotation was with respect to DLC's unfounded claim at the time that J.S., through Ms. Kerr, would impair DLC's interests by settling the fees action with ASD for a "nominal sum." The full paragraph states:

"DLC's sole basis for assuming its interest will be impaired rests upon an unfounded assumption that the fees action would be settled for a nominal sum. No facts are put forth in support of this assumption. In reality, DLC has been assured in writing by both Plaintiff N.S. and Counsel Kerr that they intend to vigorously prosecute the claim. Aff. Simmons, Ex. 1, Ex. 2. Plaintiff N.S. and Counsel Kerr have also explicitly informed DLC that there is a recognition that DLC is wholly entitled to the underlying award of $10,800 as well as the "fees on fees" filed shortly after that award. Aff. Simmons, Par. 6, Ex. 2. " Doc. No. 72, pg. 4.

Clearly, N.S. was simply asserting here that the fees had been earned and that N.S. recognized that those fees had accrued. J.S.'s sworn affidavit submitted with Doc. No. 72 confirms she did not waive the "fees on fees" as between N.S., J.S., R.S. and DLC. J.S.'s affidavit explains that she was awaiting information from DLC as to whether they could locate any representation agreement in which she had given explicit assignment as to the "fees on fees." Doc. 94-2, J.S.'s affidavit states: "**Further, at this time, I am of the belief that I did not sign any representation agreement assigning all**

N.S. v. ASD, et al                                                                                                                         2
Response to ASD Motion for Interpleader

**fees to DLC as to the "fees on fees case**." Doc. 94-2, at Par. 4. J.S. then indicates she would await receiving any such document from DLC and, as DLC has conceded, no such document apparently exists.

This Court must follow Alaska law as to assignment of attorneys' fees. Under Alaska law fees are generally awarded to clients, not to attorneys. *Bliss v. Bobich*, 971 P.2d 141, 158-59 (1998) (fees are not awarded directly to the prevailing attorney, they are instead part of the judgment awarded to the prevailing party); *Childs v. Copper Valley Elec. Ass'n.*, 860 P.2d 1184, 1191, n.7 (1993) ("the attorneys' fee award is to [the client], not to any particular attorney. How [the client] might allocate this award is a matter for him and his attorneys to settle".)

DLC concedes that no such explicit assignment of the "fees on fees" (Doc. 89) can be found. J.S. does not believe she ever signed such an assignment. Under these circumstances, the Court should award the "fees on fees" to the original plaintiffs, N.S., J.S. and R.S. The Alaska Supreme Court has recently reviewed the law concerning representation agreements that burden clients in the event of termination or settlement. In *Compton v. Kittleson*, 171 P.3d 172 (Ak Supreme Court 2007), the Alaska Supreme Court found that a representation agreement that was a hybrid fee agreement that could convert to a contingency fee in the event of settlement violated the Alaska Rules of Professional Responsibility because of its potential to restrict a client's exclusive right to accept or reject an offer of judgment. In J.S.'s affidavit at Doc. 94-2, she asserts and explains that she was concerned because she was left out of the negotiations of the potential settlement. Thus, clearly, J.S. asserted her right to determine and be a part of the "fees on fees" claim and she explained, her interest may have become diverse from DLC

"at this time." It is inappropriate for the Court to award the "fees on fees" to only DLC at this juncture. As the *Childs* case explains and *Compton v. Kittleson* reiterates, the decision to conclude or proceed with litigation and fee awards are matters that clients (or former clients) have a right to be involved in and have a say so over unless they explicitly assigned the fees. The blank DLC representation proffered states that:

> "By signing this agreement, Client agrees to pay DLC from any money Client recovers as a result of this Agreement….By signing this agreement, Client assigns Client's claim for attorney fees to DLC, Client also authorizes DLC to apply for a fee award on Client's behalf and to accept and keep any fee awarded by a court or paid by an opposing party in settlement of a Client's fee claim." Aff. Allison, Ex. B, pg. 19-20.

J.S. simply did not sign this representation agreement with respect to the "fees on fees" case. Were there evidence that J.S. had signed this representation agreement as to the "fees on fees" award, it might be a closer question. But there is apparently no evidence that J.S. signed such a representation agreement as to the "fees on fees" case and thus, the fees should be awarded to N.S., J.S. and R.S.

Further, N.S. would not object to the award being made to both DLC and N.S., J.S. and R.S. The ASD is then out of the picture and N.S., J.S. and R.S. and DLC will have to resolve the matter.

Even if J.S. had signed a representation agreement (as DLC hints about but cannot locate) as to the "fees on fees" matter, the matter is not simple either. Interests may have diverged because, as J.S. noted in the November 2007 affidavit, she was being left out of any negotiations with ASD. J.S. states:

> "As evidence of this, I note that DLC has negotiated with the Anchorage School District as to this matter without my involvement or consent and is unwilling to share said information." Aff. Allison, Ex. A, pg. 8, J.S.'s affidavit, Par. 5

This action by DLC, if true, was contrary to the representation agreement itself which states: "Any settlement, however, must be approved by Client." Aff. Allison, Ex. B, pg. 21.

## II. KERR LAW OFFICE SEEKS NO AWARD OF FEES

DLC erroneously suggests that Kerr Law Office is seeking the "fees on fees" in order to compensate Ms. Kerr for work she has completed since being retained privately by J.S. DLC Memo, pg. 3-4. That is incorrect. Rather, N.S. merely believes and the evidence establishes that there is no specific assignment of the "fees on fees" award between N.S., J.S. and R.S., and DLC, their former counsel. The Court must award fees to N.S., J.S. and R.S., the original plaintiffs in this action.

Dated this 21st day of April, 2008.        _____s/Sonja D. Kerr_____

SONJA D. KERR (AK BAR NO. 0409051)
KERR LAW OFFICE
1205 E. International Airport Rd., #104
Anchorage, AK 99518
Tel: 907-561-2222
Email: skerr@skerrlaw.com

Attorney for Plaintiffs N.S., et al

Certificate of Service
I hereby certify that on the 21st day of April, 2008, a true and correct copy of this document was served electronically on:

Brad Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Meg Allison, for Intervenor
Disability Law Ctr. of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

    s/Sonja D. Kerr
Sonja D. Kerr

N.S. v. ASD, et al                                                                                          5
Response to ASD Motion for Interpleader