Meg K. Allison (Alaska Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org

Attorney for Intervener

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| N.S., by and through his parents J.S. and R.S., ) ) ) | |
| Plaintiffs, ) | Case No. 3:05-cv-0177 CV (TMB) |
| ) ) | |
| vs. ) ) | |
| Anchorage School District, ) ) | |
| Defendant. ) | |

**[PROPOSED] REPLY TO PLAINTIFF N.S.'S RESPONSE TO MOTION FOR INTERPLEADER BY THE ANCHORAGE SCHOOL DISTRICT**

**INTRODUCTION**

N.S., J.S. and R.S. (hereinafter "N.S.") oppose the Anchorage School District's motion to interplead the fees awarded by this Court at Docket No. 89 based on a claim of entitlement to those fees. N.S.'s present arguments are, however, without legal basis or merit.

**ARGUMENT**

**I. N.S. ASSIGNED THE FEES AT ISSUE TO THE DISABILITY LAW CENTER.**

In his opposition to the motion to interplead fees, N.S. contends that there was no assignment by N.S. of the "fees for fees" to the Disability Law Center. *See* Docket No. 95, *generally*. The Ninth Circuit has repeatedly held that attorney's fees awarded by motion after an original action

*N.S. et al. v. Anchorage School District*                                                          Page 1 of 4
[Proposed] Reply to Plaintiff N.S.'s Response to
Motion for Interpleader by the Anchorage School District

to recover statutory fees, i.e. fees-on-fees, are to "compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir. 1991); *see also Manhart v. City of Los Angeles, Dept. of Water and Power,* 652 F.2d 904, 909 (9th Cir.1981) *judgment vacated on other grounds,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983); *Rosenfeld v. Southern Pacific Co.,* 519 F.2d 527, 530-31 (9th Cir.1975). This approach makes sense since the Ninth Circuit has recognized that "fee-shifting statutes favor treating a case as an inclusive whole, rather than as atomized line-items." *Id*. at 693 (quoting *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Additionally, this Court has made clear that attorney's fees disputes should not result in a second major litigation. Docket No. 20, pg. 3 & 5.

    N.S. has turned payment of the attorney's fee award at Docket No. 89 into a second major litigation. N.S. contends that the "fees for fees" were not assigned. However, what N.S. fails to grasp is that the "fees for fees" at Docket No. 89 was not an original action. The award was pursuant to a motion N.S. filed after prevailing on the merits of the original action so that N.S.'s attorney at the time, the Disability Law Center, could be compensated for its work. *See* Docket No. 40; *see also Kinney*, *supra*. N.S. has turned the fee award at Docket No. 89 into its own "line-item" instead of taking the inclusive view of the attorney's fee award within the context of the entire action before this Court that the Ninth Circuit requires. Because the fees awarded at Docket No. 89 were the result of a motion, there would not be a separate agreement regarding the "fees for fees."[1] N.S.'s original assignment of attorney's fees, those that precipitated the

---

[1] If the Court finds that the issue of whether an agreement concerning the "fees for fees" exists is relevant to its decision of the Anchorage School District's motion to interplead fees, the Disability Law Center requests an evidentiary hearing on the issue. The Disability Law Center also believes that Sonja Kerr is a material witness regarding whether an agreement concerning the "fees for fees".

*N.S. et al. v. Anchorage School District*  Page 2 of 4
[Proposed] Reply to Plaintiff N.S.'s Response to
Motion for Interpleader by the Anchorage School District

original action, were assigned to the Disability Law Center[2] and as such the Court can find that no further assignment for any subsequent attorney's fees awarded as a part of that action was required.

### II. ENTITLEMENT TO THE FEES HAS ALREADY BEEN CONCEDED BY N.S. AND DECIDED BY THIS COURT.

N.S. argues that the Disability Law Center has taken out of context his statement regarding his right to the "fees on fees." Docket No. 95, pg. 2. However, the representation by N.S is unambiguous: "Plaintiff N.S. and Counsel Kerr have also explicitly informed DLC that there is a recognition that *DLC is wholly entitled to the underlying fee award of $10,800 as well as the 'fees on fees' filed shortly after that award*." Docket No. 72, pg. 4 (emphasis added). Based on that statement made over a year and a half ago, N.S.'s present claim is disingenuous and the parties should not be before this Court at this juncture.[3]

Moreover, in deciding the Disability Law Center's application to intervene following the briefing submitted by the all of parties regarding, this Court held that it is "undisputed that DLC has a significantly protectable interest in this litigation because it is entitled to any attorney's fees awarded in this action for the time period in which Ms. Kerr represented N.S. as an employee of DLC." Docket No. 84. It is clear from the Court's holding that it was relying on N.S.'s prior assertions that the Disability Law Center was entitled to all attorney's fees. N.S.'s belated arguments to the contrary are meritless and must be rejected.

---

[2] N.S. does not contest that the attorney's fees awarded at Docket No. 39, from the decision on the statutory fee claim that precipitated this action belong to the Disability Law Center.

[3] Likewise, N.S.'s assertions that the Disability Law Center was improper in any negotiations with the Anchorage School District concerning the original fee award at Docket No. 39 are baseless given N.S.'s prior explicit recognition that those attorney's fees belonged to the Disability Law Center. *Compare* Docket No. 72, pg. 4 with Docket No. 95, pg. 3.

*N.S. et al. v. Anchorage School District*  
[Proposed] Reply to Plaintiff N.S.'s Response to  
Motion for Interpleader by the Anchorage School District

Page 3 of 4

## CONCLUSION

The issue of which party is entitled to the attorney's fees at Docket No. 89 has been decided by this Court. The Court relying on the representations by all of the parties, including N.S., determined that those attorney's fees belong to the Disability Law Center. Accordingly, the Disability Law Center respectfully requests that the Court instruct the Anchorage School District to pay the attorney's fees awarded at Docket No. 89 to the Disability Law Center.

Date: April 29, 2008          Respectfully submitted,

/s/ Meg K. Allison
Meg K. Allison (Alaska Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org

Attorney for Intervener

Certificate of Service

I hereby certify that on the 29th day of April 2008, a true and correct copy of this document was served by ECF on:

Bradley Owens
Jermain Dunnagan & Owens, PC
bradowens@jdolaw.com

Sonja Kerr
Kerr Law Office
Nalaof608@yahoo.com

/s Meg K. Allison
Meg K. Allison

N.S. et al. v. Anchorage School District
[Proposed] Reply to Plaintiff N.S.'s Response to
Motion for Interpleader by the Anchorage School District

Page 4 of 4